IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOKA, LLC, | |
| Plaintiff, | Case No. 26-cv-414 |
| v. | |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TOKA, LLC ("Plaintiff") hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on **Schedule "A"** (collectively "Defendants"). All Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling knock-off and infringing versions of Plaintiff's patented EZ OUTLET® outlet extender (the "Infringing Products") and/or are making false claims regarding the products (the "Falsely Advertised Products") (collectively, the "Infringing and Falsely Advertised Products") they are promoting, advertising, distributing, offering for sale and selling on the Amazon.com, Temu.com, and Walmart.com online marketplaces ("Online Marketplaces"). Moreover, all Defendants are illegally doing so by operating under the seller identities and/or the online marketplace accounts as set forth on **Schedule "A"** hereto (the "Seller IDs" and collectively, the "Defendant Merchant Storefronts"). In support of its claims, Plaintiff alleges as follows:

### NATURE OF ACTION

1.    Plaintiff developed the EZ OUTLET® outlet extender ("Plaintiff's Product") and is the owner of the patent and all other intellectual property related thereto. Plaintiff is the owner of U.S. Patent Nos. D1,006,758 for OUTLET EXTENDER (issued Dec. 5, 2023) and 12,155,158

for WALL MOUNTING OUTLET EXTENDER (issued Nov. 26, 2024). Copies of Plaintiff's Patents are attached hereto as **Exhibit 1**.

2.      Plaintiff sells the EZ OUTLET® outlet extender through its own independent retail website (ezoutlet.com) and through its Amazon.com and Walmart.com storefronts. Plaintiff is the owner of various published photographs, videos, artwork, creative text and product instructions appearing on these webpages, screenshots of which are attached hereto **Exhibit 2**.

3.      Plaintiff's innovative rotatable and telescopic power outlet extender is intended to allow for relocation of a wall power outlet to a different, and more convenient, location without requiring electrical work or professional installation, without cluttering surrounding surfaces, and that can be repositioned or remounted to accommodate changing needs. Below are three images of Plaintiff's EZ OUTLET® outlet extender:



4.      Plaintiff's EZ OUTLET® outlet extender is listed by Intertek (a Nationally Recognized Testing Laboratory for the United States) as complying with UL Standard 498A for Current Taps and Adapters. Such compliance earned Plaintiff's Product the Electrical Testing Laboratories (ETL) certification which signifies to consumers that the approved products are safe for use and meet or exceed industry safety standards to minimize hazards such as electrical fires and/or shock.

5.      Defendants' sale, distribution and advertising of the Infringing and Falsely Advertised Products are highly likely to cause consumers to believe that Defendants are offering genuine versions of Plaintiffs' Products, or a product of equal quality thereto, when in fact they are not.

6.      Each Defendant has: (1) infringed Plaintiff's design patent; (2) unfairly competed with Plaintiff by using Plaintiff's images to advertise a product and delivering a different product to consumers that is not Plaintiff's product; (3) passing off fully assembled product as meeting applicable UL standards, when – at best – only a single component meets such standards; (4) unfairly competed with Plaintiff by falsely representing the product being sold is ETL certified as meeting applicable UL safety standards; and/or (5) unfairly competed with Plaintiff by falsely representing the product being sold is electrically grounded, when in fact the product is not electrically grounded.  An example of a Defendant who is unlawfully doing several of the preceding items is set forth below:

| Product is Advertised Using Images of Plaintiff's EZ OUTLET® | Product Sold is Different From Product Advertised and Falsely Represents Product is Grounded | | |
| --- | --- | --- | --- |
| | Outlet Side Showing Grounded Outlet | Blade Side of Plug Showing Grounded Plug | Plug Open Showing Two Wires (No Ground Wire) |



7.      Defendants' Infringing and Falsely Advertised Products are substantially inferior to the genuine product. As poorly designed and manufactured products, Defendants' Infringing and Falsely Advertised Products create serious risk of harm to users by exposing them to the risk of electrical fires or shock. The Infringing and Falsely Advertised Products threaten to destroy the reputation of high quality and safety that Plaintiff's Products have earned.

8.     On information and belief, Defendants' sale of Infringing and Falsely Advertised Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions. The Infringing Products and false advertisements share similar characteristics including, for example, colors, shapes, sizes, and the nature of the false claims set forth.

9.     Plaintiff therefore brings this action for federal unfair competition and false advertisement in violation of Section 43(a) of the Trademark Act of 1946, as amended, patent infringement of Plaintiff's federally registered patents in violation of the Patent Act, common law unfair competition pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 281, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over the federal claims in this action pursuant to the provisions of the Patent Act and the Lanham Act.  35 U.S.C. § 281, 15 U.S.C. § 1125(a), 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

11.     Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, (the "Pennsylvania Long Arm Statute") which provides in pertinent part:

> (a) **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> > (1) Transacting any business in this Commonwealth [including, but not limited to:]…

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth.

* * *

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

* * *

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

(b) **Exercise of full constitutional power over nonresidents.** In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. § 5322.

12.     The Pennsylvania Long Arm Statute confers personal jurisdiction over the Defendants because Defendants regularly conduct, transact, and/or solicit business in Pennsylvania and in this Judicial District and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this Judicial District. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Defendants should reasonably expect that their actions in and outside

of Pennsylvania would subject them to legal action in Pennsylvania and this Judicial District. For example:

a. Defendants have directed their business activities at consumers in Pennsylvania via Online Marketplaces, through which consumers in Pennsylvania can view Defendants' online storefronts, communicate with Defendants regarding Defendants' Infringing and Falsely Advertised Products, and place orders for, purchase, and receive delivery of Defendants' Infringing and Falsely Advertised Products in Pennsylvania.

b. Defendants are sophisticated sellers on Online Marketplaces, each operating one or more commercial businesses through which Defendants operate online storefronts to promote, advertise, distribute, offer for sale, and sell the Infringing and Falsely Advertised Products imported into the United States.

c. Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this Judicial District (and calculate, charge, and remit tax based on sales into Pennsylvania and this Judicial District).

d. Upon information and belief, Defendants have created an infringing and unfair marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying Plaintiff's patented inventions and which unfairly compete with Plaintiff, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (*e.g.*, search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's patented inventions. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's patented invention and Defendants' unfair competition, Defendants are causing

concurrent and irreparable harm to Plaintiff and the consuming public by: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's inventions in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's inventions; (3) causing overall degradation of the value of goodwill associated with Plaintiff's inventions; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's inventions.

e. Defendants are concurrently targeting their unlawful activities toward consumers in, and causing harm in, Pennsylvania.

f. Defendants reside and/or operate in foreign jurisdictions with intellectual property enforcement systems and are cooperating by creating an illegal stream of infringing goods. (*See, e.g.*, https://sellerdefense.cn/). Defendants regularly remove and add products from their online storefronts, making it extremely difficult to enforce Plaintiff's intellectual property under the laws of the United States.

g. Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's patented inventions and are aware that their infringement is likely to cause harm to Plaintiff in the United States, Pennsylvania, and this Judicial District.

h. Upon information and belief, Defendants are aware that they are making false claims by stating that their outlet extenders are electrically grounded and are aware that such false advertisements are likely to cause harm to Plaintiff, and consumers, in the United States, Pennsylvania, and this Judicial District.

i. Plaintiff is suffering irreparable and indivisible injury and has suffered

substantial damages as a result of Defendants' unauthorized sale of the Infringing and

Falsely Advertised Products and unfair competition in direct competition with Plaintiff.

13.    Alternatively, if Defendants contend that their use of the Online Marketplaces

should not be construed as contacts with the individual states and the Court accepts that

contention, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over

Defendants because the claims asserted herein arise under federal law, Defendants would not be

subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is

consistent with the United States Constitution and laws.  For example, exercising jurisdiction is

constitutionally permissible because:

a. Defendants have purposefully directed their activities at the United States. The

Defendants have voluntarily chosen to open accounts on the Online Marketplaces to

access the United States' market.  Upon information and belief, the Online Marketplaces

target the entire United States, and do not provide sellers like Defendants with the ability

to opt into or out of any particular jurisdiction (*e.g.*, state) within the United States. The

Online Marketplaces chosen by Defendants: (1) provide prices in U.S. dollars; (2)

advertise free shipping to U.S. buyers, including buyers in Pennsylvania, and (3) provide

testimonials of and reviews by U.S. buyers.

b. Upon information and belief, Defendants have each had sales of the Infringing

and/or Falsely Advertised Products in the United States.

c. The Plaintiff's injuries arise from Defendants' forum-related activities.

Defendants' offer to sell, sale, and distribution of the Infringing and Falsely Advertised

Products to U.S. residents is a but for cause of all of the infringement alleged in this

action.  Defendants know or should know that infringement of inventions patented by U.S. entities or persons and unfair competition on U.S. marketplaces is likely to injure U.S. residents.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## INTRODUCTION

15.    Plaintiff, TOKA, LLC, is the owner of the intellectual property protecting Plaintiff's EZ OUTLET® outlet extender.

16.    This action has been filed by Plaintiff to combat online sellers who trade upon Plaintiff's reputation, goodwill, and valuable intellectual property by selling and/or offering for sale knock-offs of Plaintiff's EZ OUTLET® outlet extender.  In addition, Defendants unfairly compete with Plaintiff by making false claims that the product being sold is electrically grounded when it is not.

17.    Plaintiff is the owner of U.S. Patent Nos. D1,006,758 for OUTLET EXTENDER (issued Dec. 5, 2023) and 12,155,158 for WALL MOUNTING OUTLET EXTENDER (issued Nov. 26, 2024) and the patents are attached hereto as **Exhibit 1**.  Upon information and belief, the patents were issued prior to the Defendants' acts of infringement.

18.    In an effort to illegally profit from the Plaintiff's EZ OUTLET® outlet extender, Defendants have created numerous Defendant Merchant Storefronts and designed them to unfairly compete with Plaintiff.

19.     The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale and false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

20.     Plaintiff is forced to file this action to combat Defendants' piracy of the EZ OUTLET® outlet extender design. Plaintiff has been and continues to be irreparably damaged through loss of control over the use of its intellectual property, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

21.     The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff because taking advantage of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. Sadly, a swarm of infringers have decided to trade upon Plaintiff's reputation, goodwill, and valuable patents by selling and/or offering for sale products that either do infringe upon or are falsely advertised as infringing upon Plaintiff's patent. The aggregated effect of the mass piracy that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the hundreds of anonymous defendants who are selling illegal infringing products at prices below an original.

22.     The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale and false claims made in

the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants use aliases to avoid liability by going to great lengths to conceal both their identities as well as the full scope and interworking of their illegal network.

23.     Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, goodwill, ability to license and the quality of Plaintiff's goods.

24.     Further, the consuming public is harmed by Defendants' deceptive advertising. Defendants deceive potential purchasers into believing that they are purchasing Plaintiff's product, a product of equal quality, or a similar product that is electrically grounded but are receiving a product that is substantially inferior to what is advertised.

25.     Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Merchant Storefronts that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Merchant Storefronts are using fake online storefronts designed to appear to be selling genuine EZ OUTLET® outlet extenders, while selling inferior imitations. The Defendant Merchant Storefronts also share unique identifiers, such as design elements and similarities of the infringing products offered for sale and the false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking

of their illegal piracy operation. Plaintiff is forced to file this action to combat Defendants'
infringement of Plaintiff's patented EZ OUTLET® outlet extender design, as well as to protect
unknowing consumers from purchasing unauthorized and unsafe imitations of the EZ OUTLET®
outlet extender.

### THE PLAINTIFF

26.    Plaintiff, TOKA, LLC, is a Connecticut corporation with its principal place of
business located at 351 Pemberwick Road, Ste 914, in Greenwich.

27.    Plaintiff developed and is engaged in the business of manufacturing and
distributing, throughout the world, including within this district, the EZ OUTLET® outlet
extender through its website, ezoutlet.com, and its amazon.com and walmart.com storefronts.
Plaintiff is the owner of the United States Design and Utility Patents that protect the EZ
OUTLET® outlet extender and all intellectual property relating thereto. Defendants, through the
sale and offer to sell Infringing Products are directly, and unfairly, competing with Plaintiff's
economic interest in the Commonwealth of Pennsylvania and causing Plaintiff harm within this
jurisdiction.

28.    Like many other brand owners, Plaintiff suffers ongoing daily and sustained
violations of their rights at the hands of infringers, such as Defendants herein, who wrongfully
compete with Plaintiff for the purposes of (i) duping and confusing the consuming public and (ii)
earning substantial profits. The natural and intended byproduct of Defendants' actions is the
erosion and destruction of the goodwill associated with Plaintiff's EZ OUTLET® outlet extender
and the destruction of the legitimate market sector in which Plaintiff operates.

29.    The recent explosion of counterfeiting and infringement over the Internet,
including through online marketplace platforms, has created an environment that requires brand

owners, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and Plaintiffs from the ill effects of confusion and the erosion of the goodwill associated with Plaintiff's brand.

30.    Plaintiff has expended substantial time, money, and other resources in developing, advertising, building up and developing consumer awareness, goodwill, and recognition of, and otherwise promoting the EZ OUTLET® outlet extender. As a result of Plaintiff's efforts and the quality of the product, consumers, the public, and the trade have become familiar with the EZ OUTLET® outlet extender and associate it exclusively with Plaintiff.

31.    The success of the EZ OUTLET® outlet extender is due, in large part, to Plaintiff's marketing, promotional, and distribution efforts.

32.    Plaintiff has made efforts to protect Plaintiff's interests in and to the EZ OUTLET® outlet extender. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative products, offer for sale, or sell products utilizing the teachings of Plaintiff's Patents and the EZ OUTLET® outlet extender without the express written permission of Plaintiff.

## THE DEFENDANTS

33.    Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Pennsylvania and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Merchant Storefronts. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and

continues to sell knockoffs of Plaintiff's product to consumers within the United States, including

Pennsylvania and in this judicial district.

## THE DEFENDANTS' UNLAWFUL CONDUCT

34.    The success of the EZ OUTLET® has resulted in significant knock offs of

Plaintiff's product.  Plaintiff has identified numerous fully interactive websites and marketplace

listings on various platforms. Each Defendant targets consumers in the United States, including

the Commonwealth of Pennsylvania, and has offered to sell and, on information and belief, has

sold and continues to sell products that unfairly compete with Plaintiff's EZ OUTLET® outlet

extender ("Infringing Products") and/or are making false claims regarding the products (the

"Falsely Advertised Products") (collectively, the "Infringing and Falsely Advertised Products")

they are promoting, advertising, distributing, offering for sale and selling to consumers within

the United States, including the Commonwealth of Pennsylvania.

35.     Upon information and belief, Defendants facilitate sales by designing the

Defendant Merchant Storefronts so that they appear to unknowing consumers to be authorized

online retailers, outlet stores, or wholesalers selling genuine EZ OUTLET® outlet extenders

and/or alternative outlet extenders that are electrically grounded.

36.    Defendants' use Plaintiff's patented EZ OUTLET® outlet extender design to

manufacture, advertise, and sell unauthorized knock-offs of the EZ OUTLET® outlet extender.

These Infringing Products are virtually identical in appearance to Plaintiff's authentic products,

making it so that prospective purchasers cannot distinguish between the products prior to the

point of sale, but upon receipt, Defendants' Infringing Products are of inferior quality.

37.    Defendants further unfairly compete with Plaintiff by using images of Plaintiff's

EZ OUTLET® outlet extender to advertise, offer for sale, and sell products that are different than

those shown in the images, and which are not authorized or legitimate uses of the EZ OUTLET®
outlet extender design.

38.    Defendants' unfairly compete with Plaintiff by making false representations as to
the origin of the Infringing Products as well as by making false claims as to the characteristics and
qualities of the Infringing Products.

39.    Defendants falsely claim the Infringing Products they are advertising, offering for
sale, and selling originate from Plaintiff and are authorized and legitimate goods. They do so by
using Plaintiff's patented EZ OUTLET® outlet extender design, images, and other intellectual
property related thereto to create the appearance that Plaintiff is the source of the Infringing
Products.

40.    Further, Defendants make false and misleading claims that their fully assembled
products are certified to comply with applicable UL safety standards, when – at best – only a
component is so certified.

41.     Further, Defendants make false and misleading claims that their products are safe
and are ETL certified, for example by saying the following in the product's Amazon listing:

- Safety Easy Installation: The extended outlet comes with damage-free velcro
  command strips, securely attaching to walls without mess or damage, and is
  ETL certified for indoor use

42.    Further, Defendants make implicit and explicit false claims that their products are
electrically grounded. Defendants implicitly claim that their products are electrically grounded
by mimicking the external appearance of the EZ OUTLET® outlet extender, which is known for
its safety and is electrically grounded. The images used by Defendants to advertise the Infringing
Products show grounded outlets and an additional blade on the plug indicating that it is
grounded. However, when the Defendants' products were opened, there were only two wires and
there was no ground wire present.

43.     Defendants make explicit false claims that their Infringing Products are electrically grounded in the product details and descriptions. By including such false claims, Defendants delude consumers into believing that their products of equal quality and safety as Plaintiff's, which is untrue.

44.     The Defendant Merchant Storefronts intentionally conceal their identities and the full scope of their piracy operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the Defendant Merchant Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing and Falsely Advertised Products.

45.     Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the EZ OUTLET® patents, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

46.     Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Merchant Storefronts. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in "**Schedule A**" to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

47.     The Infringing and Falsely Advertised Products for sale in the Defendant Merchant Storefronts bear similarities and indicia of being related to one another, suggesting that the

Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

48.    In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

49.    Further, infringers such as Defendants typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts, such as China-based bank accounts, outside the jurisdiction of this Court.

50.    Defendants, without any authorization or license, have knowingly and willfully pirated the EZ OUTLET® outlet extender in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Pennsylvania over the internet. Each Defendant Internet Store offers shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Pennsylvania.

51.    Each Defendant was, and is currently, offering for sale and selling the Infringing and Falsely Advertised Products to the consuming public via Defendants' online storefronts

using their Seller IDs. Defendants provide shipping, have actually shipped, and/or stand ready, willing, and able to ship the Infringing Products to customers located within this Judicial District.

## COUNT I
### FEDERAL UNFAIR COMPETITION
**(use of Plaintiff's images in advertisements and
delivering a product that differs from what is shown in the images)**

**Plaintiff vs. Defendant Nos. 5, 13, 14, 20, 23, 24, 28, 39, 40, 41, 55, 60, 74, 77, 79, 80, 83, 87,
92, 93, 94, 96, 105, 107, 117, 122, 129, 136**

52.     Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

53.     Upon information and belief, Defendants' Falsely Advertised Products have been widely advertised and offered for sale throughout the United States via at least one fully interactive Internet Marketplace.

54.     The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

55.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their lights in their online product listings and descriptions.

56.     These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

57.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their flashlight purchasing decisions.

58.    Defendants have caused their false statements to enter interstate trade or commerce.

59.    As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

60.    Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

61.    Because of Defendants' deliberate, willful, and/or bad daith conduct, Plaintiff is entitled to a determination that is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

62.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial, enhanced discretionary damages for willful infringement, and reasonable attorneys' fees and costs.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(passing off fully assembled product as meeting applicable UL standards)**

**Plaintiff vs. Defendant Nos. 1, 4, 6, 7, 8, 9, 11, 12, 16, 18, 19, 22, 26, 27, 29, 30, 31, 32, 33, 34, 38, 39, 42, 47, 49, 50, 51, 52, 53, 57, 58, 59, 60, 62, 65, 66, 69, 73, 75, 76, 78, 79, 85, 88, 89, 90, 94, 95, 98, 99, 103, 104, 105, 109, 110, 113, 114, 116, 117, 118, 119, 120, 123, 124, 126, 129, 130, 131, 134, 135, 137, 138, 139**

63.    Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

64.    The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

65.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their lights in their online product listings and descriptions.

66.     These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

67.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their flashlight purchasing decisions.

68.     Defendants have caused their false statements to enter interstate trade or commerce.

69.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

70.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

71.     Because of Defendants' deliberate, willful, and/or bad daith conduct, Plaintiff is entitled to a determination that is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

72.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial, enhanced discretionary damages for willful infringement, and reasonable attorneys' fees and costs.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### (falsely stating products are ETL certified)

**Plaintiff vs. Defendant Nos. 3, 5, 8, 9, 10, 15, 17, 18, 20, 25, 26, 29, 41, 43, 45, 49, 55, 56, 64, 66, 67, 69, 71, 79, 83, 84, 85, 89, 91, 93, 99, 104, 111, 112, 115**

73.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

74.     The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

75.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their outlet extenders in their online product listings and descriptions.

76.     These false statements are material because they pertain to the safety of the device and have and are likely to continue to influence consumers' purchasing decisions.

77.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their purchasing decisions.

78.     Defendants have caused their false statements to enter interstate trade or commerce.

79.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

80.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

81.     Because of Defendants' deliberate, willful, and/or bad faith conduct, Plaintiff is entitled to a determination that this is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

## COUNT IV
## FEDERAL UNFAIR COMPETITION
### (falsely representing products are grounded)

### Plaintiff vs. Defendants Nos. 43, 54, 69, 118, 127, 132

82.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

83.     The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

84.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their outlet extenders in their online product listings and descriptions.

85.     These false statements are material because they pertain to the safety of the device and have and are likely to continue to influence consumers' purchasing decisions.

86.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their purchasing decisions.

87.     Defendants have caused their false statements to enter interstate trade or commerce.

88.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

89.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

90.     Because of Defendants' deliberate, willful, and/or bad faith conduct, Plaintiff is entitled to a determination that this is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

### Plaintiff vs. All Defendants

91.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

92.     Pennsylvania's common law prohibition of unfair competition prohibits unfair competition by means of deceptive marketing and acts or practices that are actionable under federal or state statutes.

93.     Defendants have infringed upon Plaintiff's patented EZ OUTLET® outlet extender design by creating knock-off products and have engaged in deceptive marketing by making literally false representations about the characteristics and/or qualities of their products.

94.     As a result of Defendants' promoting, advertising, offering for sale, selling, and distribution of Infringing Products and goods which have been falsely represented as being electrically grounded, Defendants have and continue to violate Pennsylvania's common law of unfair competition.

95.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using infringements of the patented EZ OUTLET® outlet extender design and/or using false claims as to the product's characteristics to unfairly compete

with Plaintiff and others on Internet marketplaces, for space in search results across an array of search terms, and for visibility on the World Wide Web.

96.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of Plaintiff's patented EZ OUTLET® outlet extender design.

97.    Defendants' false advertisements are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the characteristics and/or qualities of Defendants' products by their use of literally false statements in their advertisements.

98.    Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

99.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)  That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Making, using, advertising, selling, offering to sell, or distributing any products that infringe upon Plaintiff's Patents and are not authorized EZ OUTLET® outlet extenders or is not authorized by Plaintiff to be sold in connection with the EZ OUTLET® brand;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the EZ OUTLET® outlet extender patent;

c. further infringing upon the patented EZ OUTLET® and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the EZ OUTLET® outlet extender intellectual property, which are falsely advertised as being grounded when they are not, and/or which are advertised using Plaintiff's copyrighted images despite the actual product that is delivered being different; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Merchant Storefronts, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's Patents protecting the EZ OUTLET® outlet extender;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Merchant Storefronts, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which infringe upon the EZ

OUTLET® design, use Plaintiff's copyrighted images of the EZ OUTLET® outlet extender to advertise competing products, or that advertise such products using false claims stating that the product is electrically grounded, including any accounts associated with the Defendants listed on Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the EZ OUTLET® outlet extender or that include false claims; and

c.  take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3)  For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered patents pursuant to 35 U.S.C. §271; b) knowingly and intentionally made false representations that their products were electrically grounded in violation of 15 U.S.C. § 1125(a); and c) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4)  For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 35 U.S.C. § 271 and 15 U.S.C. § 1117, at the election of Plaintiff, in an amount to be determined at trial;

5)  For Judgment in favor of Plaintiff against Defendants for and accounting and disgorgement of the profits Defendants have realized as a result of their unlawful conduct;

6)  That Plaintiff be awarded punitive damages;

7)  That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims.

Respectfully submitted,


Dated: March 13, 2026                    /s/ Stanley D. Ference III
                                         Stanley D. Ference III
                                         Pa. ID No. 59899
                                         courts@ferencelaw.com

                                         FERENCE & ASSOCIATES LLC
                                         409 Broad Street
                                         Pittsburgh, Pennsylvania 15143
                                         (412) 741-8400 - Telephone
                                         (412) 741-9292 - Facsimile

                                         Attorneys for Plaintiff

## Schedule "A"

## Defendants with Store Name and Seller ID

**[This page is the subject of Plaintiff's Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**