# EXHIBIT E

Case 2:25-cv-00593-CB   Document 65   Filed 06/09/25   Page 2 of 9

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOKA, LLC, <br><br> Plaintiff, <br><br> V. <br><br> MILESSTORE, *et al.*, <br><br> Defendants. | Civil Action No. 2 :25-cv-00593-CB |

**THIRD-PARTY RESPONDENTS GUANGZHOU KAIZICHEN TECHNOLOGY CO., LTD., BENGBU YUESHAO E-COMMERCE CO., LTD., AND SHENZHEN SHENGXIN TECHNOLOGY CO., LTD.'S JOINDER IN INTERVENOR MOOYE'S MOTION TO CLARIFY AND MODIFY PRELIMINARY INJUNCTION**

Third-Party Respondents Guangzhou Kaizichen Technology Co., Ltd., Bengbu YueShao E-Commerce Co., Ltd. and Shenzhen Shengxin Technology Co., Ltd. (collectively, "Respondents") respectfully submit this Joinder in Intervenor Mooye's Motion to Clarify and Modify the Preliminary Injunction Order (ECF No.58) (the "Mooye Motion"), and states as follows:

## I. INTRODUCTION

Respondents join only the portion of the Mooye Motion seeking clarification and modification of the Court's Preliminary Injunction Order ("PI"). Although the prior TRO has expired, the Preliminary Injunction remains in effect and continues to be applied by Amazon to suppress Respondents' product listings, despite Respondents not being originally listed on Schedule A, never having been adjudicated liable, and with no showing that Respondents acted "in active concert or participation" with any defendant under Rule 65(d)(2). Clarification is therefore necessary to prevent ongoing and irreparable harm from an injunction not directed at Respondents.

1

**II. FACTS SPECIFIC TO RESPONDENTS**

1. Third-Party Respondents Guangzhou Kaizichen Technology Co., Ltd. ("Kaizichen"), Bengbu YueShao E-Commerce Co., Ltd. ("YueShao"), and Shenzhen Shengxin Technology Co., Ltd. ("Shengxin") are Chinese companies that sell electrical outlet products as third-party sellers on Amazon.com. Kaizichen operates the storefront "Haodsso Direct," Seller ID: A2FQDMEDEJY78E; YueShao operates the storefront "Yueshao," Seller ID: A1MD9L71WI1Y0P; and Shengxin operates the storefront "Casesmile," Seller ID: A13X88IZ7T5G1S.

2. None of the Respondents was named as a defendant on Plaintiff's original Schedule A when this Court entered the Temporary Restraining Order or the subsequent Preliminary Injunction.

3. On October 8, 2025, Amazon notified Kaizichen by email that it had removed certain Kaizichen listings "in accordance with a Temporary Restraining Order issued by a federal court" in Case No. 25-cv-00593 in the United States District Court for the Western District of Pennsylvania. *See* Exhibit A.

4. Although Amazon's initial notice referred to the Temporary Restraining Order, that order has since expired and been superseded by the Court's Preliminary Injunction Order, which Amazon continues to treat as authority to keep Kaizichen's listings suppressed.

5. In the same manner, Amazon has removed additional listings for YueShao and Shengxin under the same case number and based on the same Temporary Restraining Order and Preliminary Injunction, even though neither YueShao nor Shengxin appears on any version of Plaintiff's Schedule A.

6. None of the Respondents has any ownership, corporate connection, or operational relationship with any listed defendant, and there is no evidence in the record that any of them has acted in concert or participation with any party.

7. As a result of Amazon's enforcement actions grounded in this case, Respondents, including Kaizichen, YueShao, and Shengxin, continue to suffer irreparable harm, including suppressed listings, loss of market access, damage to account health, and the risk of FBA inventory liquidation—injuries that cannot be fully remedied by money damages.

## III. BASIS FOR JOINDER

Respondents incorporate by reference the legal and Rule 65(d)(2) overbreadth arguments set out in Section III and Sections IV.B–IV.C of the Mooye Motion.

Injunctions cannot lawfully bind non-parties or operate as broad marketplace-wide directives. Any reading of the Preliminary Injunction that enables Amazon to continue removing listings of non-party sellers like Respondents conflict with Rule 65(d)(2) and basic due process principles. Because Respondents are now before the Court and prepared to litigate any properly raised claim, clarification is the least burdensome and most appropriate procedural remedy to prevent unintended over-enforcement.

### A. Rule 65(a) Notice Is a Prerequisite to Binding Respondents

In addition to the Rule 65(d)(2) overbreadth issues raised in the Mooye Motion, the Preliminary Injunction cannot lawfully be applied to Respondents because Respondents received no Rule 65(a) notice before the injunction was entered, nor were Respondents named defendants or served at that time. Federal Circuit authority directly holds that a preliminary injunction entered without Rule 65(a) notice must be vacated. *ABC Corporation I v. Partnership and Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1375–77 (Fed. Cir. 2022).

Here, as in *ABC Corp.*, the injunction was entered without notice to Respondents and is now being used to restrict non-party sellers' marketplace storefronts by suppressing their listings. The same due-process defect bars enforcement against Respondents.

**B. An Injunction Cannot Bypass Personal Jurisdiction**

Even apart from notice, a court cannot impose injunctive restrictions on a party before personal jurisdiction attaches through proper service of process. *ABC Corporation I.*, 51 F.4th at 1372. In *ABC Corporation I.*, the Federal Circuit vacated a preliminary injunction because it had been entered and enforced against defendants over whom the district court had not yet acquired personal jurisdiction. *Id*. The same defect exists here. When the Preliminary Injunction issued and when Amazon began enforcing it against Respondents' listings, Respondents had not been served, were not named on Schedule A, and had no opportunity to contest injunctive relief. On that basis alone, the Preliminary Injunction cannot be extended to bind Respondents consistent with Rule 65 and due process.

**C. The PI's Language Creates a Marketplace-Wide Enforcement Against Respondents**

As the Mooye Motion explains, certain provisions of the Preliminary Injunction use broad phrasing that, if read literally, could be construed to reach "other persons or entities" beyond the named Schedule A sellers. Respondents adopt that argument and do not repeat it here.

In addition, as applied to Respondents, the PI Order goes further by authorizing Amazon to restrain not only the listed Seller IDs but also "any other accounts of the same customer(s)" and "any other accounts tied to or used by any of the Seller IDs." PI Order at 5–7. Combined with Amazon's automated enforcement mechanism, under which Amazon suppresses any ASIN that Plaintiff identifies without individualized judicial findings, this structure allows the PI to function

4

in practice as a platform-level directive, resulting in suppression of Respondents' listings even though Respondents were not on Schedule A and had no notice of the PI hearing.

Federal courts have made clear that an injunction may not be extended to non-parties whose rights and interests were never adjudicated and who are not in privity or "legal identity" with the enjoined party. *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 840–41, 846–48 (7th Cir. 2010).

Here, Plaintiff has never litigated or adjudicated any claim against Respondents, and there is no allegation or evidence that Respondents are in privity or legal identity with any Schedule A defendant. Applying the PI to Respondents would therefore extend the injunction beyond the limits recognized by Rule 65(d)(2) and *Nat'l Spiritual Assembly*.

**D. Even If the PI Were Otherwise Valid, There Is No Record Basis to Apply It to Respondents**

Even assuming arguendo that the Preliminary Injunction is procedurally valid, Plaintiff has made no showing whatsoever as to Respondents. Respondents are not named as defendants in any complaint or amended pleading; Plaintiff has not sought preliminary injunctive relief directed specifically to Respondents; and Plaintiff has submitted no evidence that Respondents engaged in literally false advertising or acted in concert with any Schedule A defendant. The Court, in turn, has made no Rule 65 findings as to Respondents' products, advertising, or relationship (if any) to any party.

On this record, extending the Preliminary Injunction to Respondents would invert the usual burden of proof and effectively impose extraordinary relief on a non-party without any showing of likelihood of success on the merits or irreparable harm as to that seller. The PI therefore cannot, consistent with Rule 65 and due process, be enforced against Respondents.

## IV. REQUESTED RELIEF

WHEREFORE, Third-Party Respondents Guangzhou Kaizichen Technology Co., Ltd., Bengbu YueShao E-Commerce Co., Ltd. and Shenzhen Shengxin Technology Co., Ltd. respectfully request that the Court:

1. Clarify, and to the extent necessary modify, the Preliminary Injunction Order to confirm that it does not apply to Guangzhou Kaizichen Technology Co., Ltd., Bengbu YueShao E-Commerce Co., Ltd. and Shenzhen Shengxin Technology Co., Ltd., their Amazon storefronts "Haodsso Direct" (Seller ID A2FQDMEDEJY78E), "Yueshao" (Seller ID A1MD9L71WI1Y0P), and "Casesmile" (Seller ID A13X88IZ7T5G1S), or their listings, absent a further order of the Court entered on proper Rule 65(a) notice and an evidentiary showing that any Third-Party Respondent is a party or is acting in active concert or participation with a party within the meaning of Rule 65(d)(2);

2. Direct Plaintiff, within fourteen (14) days, to provide written notice to Amazon (and any other platform to which Plaintiff has invoked the Preliminary Injunction) stating that, on the present record, the Preliminary Injunction should not be enforced against Guangzhou Kaizichen Technology Co., Ltd., Bengbu YueShao E-Commerce Co., Ltd., or Shenzhen Shengxin Technology Co., Ltd., or relied upon to suppress their listings absent further order of this Court; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: December 9, 2025

By: /s/ Ruoting Men

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP

6

506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Third-Party Respondents
Guangzhou Kaizichen Technology Co.,
Ltd., Bengbu YueShao E-Commerce Co.,
Ltd., and Shenzhen Shengxin Technology
Co., Ltd.***

7

## CERTIFICATE OF SERVICE

The undersigned certifies that copy of the foregoing document was served on all parties who have appeared in this case on December 9, 2025, via the Court's CM/ECF system.

/s/ *Ruoting Men*
Ruoting Men, Esq.