# EXHIBIT F

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,                          )
                                    )
              Plaintiff,    )    Case No. 2:25-cv-00593-CB
                                    )
    v.                            )    Judge Cathy Bissoon
                                    )
MILESSTORE, *et al.*,               )
                                    )
              Defendants.   )

## <u>ORDER</u>

The Court hereby GRANTS Mooye's MOTION to Intervene (Doc. 58) and issues the below clarifying language.

Intervener Mooye filed a Motion to Intervene on December 3, 2025, alleging that Third-Party platform Amazon removed Mooye's product listing in reliance on the Temporary Restraining Order (TRO) and Preliminary Injunction (PI) issued in this case (Docs. 22 and 37), despite the fact that Mooye is not a Defendant in the present action. Mooye requested clarification and modification of the TRO and PI to confirm that these Orders do not bind non-parties, pursuant to the limitations of Rule 65(d)(2) of the Federal Rules of Civil Procedure. Three additional non-parties, Kaizichen, YueShao, and Shengxin,[1] filed a Motion for Joinder (Doc. 66) on December 9, 2025, in support of Mooye's request to clarify and modify the TRO and PI.

In Plaintiff's Response to both Motions, Plaintiff does not contest the scope of Rule

---

[1] The full names of these three non-parties are as follows: Guangzhou Kaizichen Technology Co., Ltd., d/b/a Haodsso Direct (Kaizichen); Bengbu YueShao E-Commerce Co., Ltd., d/b/a Yueshao (YueShao); and Shenzhen Shengxin Technology Co., d/b/a Casesmile (Shengxin).

1

65(d)(2) or contend that any of the filers here are connected in any way to any of the Defendants in this action or otherwise fall within the Rule's scope.  See Resp. to Mot. to Intervene and Mot. to Clarify and Modify the TRO and Prelim. Inj. Order (Doc. 70) at 2, 4.  As such, it is uncontested that the TRO and PI in this case do not bind Mooye, Kaizichen, YueShao, or Shengxin at this time.

The Court further clarifies that the language Mooye points to in Paragraphs I.C and I.D on page 11 of the TRO issued on May 23, 2025, and which was subsequently incorporated into the Court's June 17, 2025, PI, does not require Third-Party platforms to remove non-party listings.  Furthermore, this language neither authorizes nor requires: (1) a freezing of the accounts/assets of any unnamed putative infringer; or (2) the entry of judgment against any unnamed putative infringer.

This Court makes no determination as to whether any product listing by Mooye, Kaizichen, YueShao, or Shengxin constitutes patent infringement or otherwise qualifies for removal under Amazon's own policies and pursuant to Amazon's own enforcement authority. Should Plaintiff additionally wish to rely on this Court's authority to enforce her rights or otherwise require action by Third-Party platforms against these or any other non-party putative infringers, Plaintiff must first present a request for adjudication of such relief by motion or through other appropriate filing(s).

Finally, the Court finds that Mooye's request for Rule 11 sanctions in its Reply (Doc. 71) filed December 19, 2025, is not warranted, and the Court declines to impose them.

To the extent that the MOTION for Joinder filed by Kaizichen, YueShao, and Shengxin requests that the Court vacate the TRO and PI issued in this case, it is DENIED.  To the extent

that said Motion joins Mooye in seeking clarification of the TRO and PI, the Court points these

non-parties to the above clarifying language.

IT IS SO ORDERED.

December 22, 2025

Cathy Bissoon
Chief United States District Judge

cc: All counsel of record