**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOKA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:26-cv-00414-CB |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| Schedule A Defendants, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction**</u>

**NOW COMES** Little Tyrant ("Defendant"), by and through its undersigned counsel, and in opposition to Plaintiff's attempt to obtain a preliminary injunction argues as follows:

**I.    Introduction**

Plaintiff filed its Complaint on March 13, 2026, asserting claims against Defendant for (i) common law unfair competition and (ii) federal unfair competition due to Defendants' alleged use of Plaintiff's images in advertisements, false representations that its products met applicable UL and ETL standards, and false representations that the products are grounded.  [Dkt. 1].  Plaintiff's Complaint does not include a claim for design or utility patent infringement.

On the same day, Plaintiff filed its motion for entry of a temporary restraining order, which was granted on May 27, 2026, based on the Courts findings that Defendants "have advertised, promoted, sold, and offered for sale infringing products on the basis of literally false claims and Plaintiff has determined that the products each Defendant is offering for sale are falsely advertised as being UL certified, having a functional grounded plug, and/or are Plaintiff's products through the use of Plaintiff's images."  [Dkt, 23 at ¶ 4].  However, these findings are legibly false with respect to Defendant and Plaintiff has failed to submit any evidence showing that Defendant's accused product listings used Plaintiff's images in advertisements or made any claims whatsoever about the product

being ETL or UL certified, or being grounded.  Accordingly, Plaintiff has failed to satisfy its burden of showing that it has a likelihood of success on the merits of its claims and Plaintiff's motion for preliminary injunction should be denied for that reason alone.  QVC Inc. v. Your Vitamins Inc., 439 F. App'x 165, 169 (3d Cir. 2011) (affirming District Court's denial of preliminary injunction because Plaintiff "not shown on the record at the time that it was reasonably likely to prevail on the merits of this action and therefore that it was not entitled to a preliminary injunction."); Parks, LLC v. Tyson Foods, Inc., 2015 WL 4545408 at *16 (E.D. Pa. July 28, 2015) ("Since Plaintiff has failed to demonstrate a reasonable likelihood of succeeding on the merits of its false advertising claim, the Court need not address the question of whether Plaintiff could satisfy the other requirements necessary to support the entry of a preliminary injunction to conclude that this is not an appropriate circumstance for such relief."); Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element renders a preliminary injunction inappropriate.").

II.  <u>Argument</u>

a.  **Legal standard**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  Further, the preliminary injunction should also be tailored to the violation.  Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (holding that a court issuing a preliminary injunction must tailor it so that it is not overly broad).  In order to properly obtain a preliminary injunction, Plaintiff bears the burden of establishing that  (1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest.  Ferring Pharms., Inc. v.

Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014); Mader v. Union Twp., 2021 WL 1540517 at *3 (W.D. Pa. Apr. 20, 2021).  A Plaintiff's "failure to establish *any* element in its favor renders a preliminary injunction inappropriate."  Id., *citing*, NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999) (emphasis added).  Because "[p]reliminary injunctive relief is an extraordinary remedy" it "should be granted only in limited circumstances."  Rush v. Wetzel, 2022 WL 18927427 at *1 (W.D. Pa. Apr. 28, 2022).

    **b. Plaintiff cannot obtain injunctive relief based on claims not alleged in the Complaint.**

Plaintiff's brief supporting the entry of the TRO entered earlier in this case argued that Plaintiff will prevail on its "design patent infringement claim" because Defendants offer to sell their products using images of Plaintiff's product.  [Dkt. 3 pgs. 31-33].  In support of this argument, Plaintiff broadly alleged that "plaintiff's product is covered by plaintiff's design patent and defendants are using images of plaintiff's product in their advertisements (that is, offering to sell plaintiff's patented product)."  [Dkt.  3 pg. 32].  Based on these conclusory and unsupported assertions made by Plaintiff, this Court found that Plaintiff is likely to prevail on its "Patent Infringement claim" against Defendant.  [Dkt. 23 at ¶ 1].[1]  However, Plaintiff's evidence of Defendant's purported infringement utterly fails to show that Defendant used any images of Plaintiff's products or images of products infringing Plaintiff's design patent in Defendant's advertisements. *See*, [Dkt. 10-9 pgs. 217-223].  Rather, as shown in **Table 1**, the product images used in Defendant's product listing was for a retractable socket extender with a circular top which clearly

---

[1] Plaintiff's [PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY included "Plaintiff, TOKA, LLC, is likely to prevail on its Lanham Act false advertisement claim, Patent Infringement, and related state law claim at trial." This was subsequently entered by the Court.  [Dkt. 23 pg. 2].

differentiates it from the design claimed in the '758 Patent, and this substantial difference would prevent deception of an ordinary observer and prevent the product in the product images used in Defendant's product listing from being so similar to the claimed design that " "in the market and with purchasers they would pass for the same thing - so much alike that even persons in the trade would be in danger of being deceived."  Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008).



| Snippets of Figs. 2 and 5 of '758 Patent | Snippets from Defendant's product listing |
|---|---|

Table 1

Moreover, even if Plaintiff's allegations that "the products defendants are offering for sale have a deceptively similar if not identical overall visual effect that deceives purchasers and easily satisfies the ordinary observer test", [Dkt. 3 pg. 33], were true and/or supported by the evidence, that finding would still not support Plaintiff's request for entry of a preliminary injunction.  This is because **Plaintiff has not brought a claim for patent infringement in its Complaint** and while Plaintiff's Complaint alleges ownership of a design and utility patent, the Counts of Plaintiff's Complaint are only for federal and common law unfair competition claims.  *See*, [Dkt. 1 Counts 1-5]. While Plaintiff's prayer for relief requests that this Court find that Defendants have "willfully infringed Plaintiff's rights in Plaintiff's federally registered patents pursuant to 35 U.S.C. § 271" [Dkt. 1 pg, 27], **Plaintiff has not included any claim for patent infringement in the counts of the Complaint** and, for example, has not requested damages for patent infringement pursuant to 35 U.S.C. § 284 or 35 U.S.C. § 289. [Dkt. 1].  Because the Complaint does not allege a claim for patent infringement, the preliminary injunctive relief that Plaintiff seeks cannot be granted by showing a

likelihood of success on patent infringement claims which were not alleged in the complaint. M.V. Music v. V.P. Recs. Retail Outlet, Inc., 653 F. Supp. 3d 31, 43 (E.D.N.Y. 2023) ("preliminary relief cannot be granted on a claim not alleged in the [amended] complaint."); Nat'l Coal. of Prop. Owners & Managers, Inc. v. Reliance Ins. Co. of Illinois, 2001 WL 99873 at *1 (S.D.N.Y. Feb. 5, 2001) ("Defendants are correct in pointing out that preliminary relief cannot be granted on a claim not alleged in the complaint"); Vetter, Inc. v. Paratech Inc., 1980 WL 30309 at *2 (W.D. Pa. June 24, 1980) (denying motion for preliminary injunction and noting that the Court "make[s] no finding with respect to patent infringement, or unfair copying of the product under the Act or at law, because these claims are not alleged in the complaint."); Baldwin v. Fifth Third Bank, N.A., 2026 WL 542176 at *3 (E.D. Cal. Feb. 26, 2026) (noting that "plaintiff cannot obtain an injunction based on claims that are not alleged in his complaint[,]" and finding that "[b]ecause the current motions, like the earlier ones, seek injunctive relief based on claims that are not alleged, plaintiff again fails to demonstrate a likelihood of success on the merits of his claims."); Johnson v. Stine, 2023 WL 2631924 at *1 n. 1 (S.D. Ind. Mar. 23, 2023) ("To the extent Mr. Johnson seeks preliminary injunctive relief for a claim not alleged in his complaint in his case, the request is DENIED."); Perry v. Rousseau, 2019 WL 6121852 at *3 (E.D. Mich. Aug. 6, 2019) ("Plaintiff has no likelihood of succeeding on the merits of claims that he has not alleged in the Complaint.").

c. **Plaintiff cannot show a likelihood of success on the merits of its claims against Defendant because none are supported by the evidence.**

As Courts have long recognized, a preliminary injunction is an extraordinary remedy that should be granted only in limited circumstances and never awarded as a matter of right. Better Pennsylvania, Inc. v. Pennsylvania Manufacturers' Ass'n, 800 F. Supp. 3d 613, 617 (W.D. Pa. 2025); Winter v. NRDC, Inc., 555 U.S. 7, 24 (2008). The movant seeking the preliminary injunction has the evidentiary burden, and for a preliminary injunction to properly issue, the movant must establish

its "entitlement to relief by clear evidence." Doe by & through Doe v. Boyertown Area Sch. Dist., 897 F.3d 518, 526 (3d Cir. 2018) (noting that movants seeking preliminary injunctive relief "must establish [their] entitlement to relief by clear evidence."); Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec., 108 F.4th 194, 205 (3d Cir. 2024) (explaining that litigants requesting preliminary injunctive relief must support their requests with more than "scant evidence"); Miller v. Miller, 2026 WL 674863 at *5 (M.D. Pa. Mar. 10, 2026) ("In moving for injunctive relief, the plaintiff bears the burden to establish entitlement to relief by clear evidence."). Following, "[t]o establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." Scutella v. Erie Cnty. Prison, 2023 WL 8935252 at *1 (W.D. Pa. Dec. 1, 2023) (internal citations omitted); Mains v. Harper, 2022 WL 22914647 at *2 (W.D. Pa. Mar. 15, 2022); Rupert v. Range Res. - Appalachia, LLC, 2021 WL 11014044 at *1 (W.D. Pa. Dec. 10, 2021) (noting that to establish a likelihood of success on the merits, the movant must "demonstrate that they can win on the merits" and "must produce sufficient evidence to satisfy the essential elements of the underlying cause of action.").

Here, Plaintiff has utterly failed to meet this evidentiary burden with respect to its claims against Defendant, i.e., Count 2 and 5. To establish a false advertising claim under the Lanham Act, Plaintiff must prove: "1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241, 248 (3d Cir. 2011). Plaintiff's brief supporting the entry of the TRO entered earlier in this case argued that Plaintiff was likely to

succeed on its false advertising claims because Defendant's accused product listings claim that the products were certified to meet applicable UL standards. [Dkt. 3 pgs. 34-35].  However, this assertion is legibly false regarding Defendant's product listing and Defendant confirms that its storefront never represented that the accused retractable socket extender being sold complied with UL standards.  Declaration of Le Yang at ¶ 3.  In fact, Plaintiff's *own evidence* of Defendant's accused product listing does not show that Defendant represented the item as being ETL or UL certified. [Dkt. 10-9 pgs. 217-223].  Without any evidence that Defendant's product listing included any false or deceiving message, or statement about Defendant's product, Plaintiff has failed to satisfy its burden of producing sufficient evidence to satisfy the essential elements of their underlying false advertisement claim and Plaintiff's motion for preliminary injunction should be denied.  Scutella, 2023 WL 8935252 at *1 ("[t]o establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action.").  Moreover, Plaintiff cannot satisfy its evidentiary burden by simply pointing to the conclusive and unsubstantiated allegations made in the declarations supporting its motion.  Hill v. Baity, 2025 WL 2808919 at *2 (M.D. Pa. Oct. 2, at *3 2025) (denying motion for preliminary injunction and finding that movant failed to satisfy their burden of showing a reasonable probability of success on the merits where most of movant's allegations were "supported only by his own declaration" and noting that "such limited evidence does not generally justify the 'extraordinary remedy' of preliminary injunctive relief."); Doe v. L. Sch. Admission Council, Inc., 791 F. App'x 316, 321 (3d Cir. 2019) (plaintiff's "own self-serving affidavit" insufficient to justify preliminary injunction).

Moreover, even if Defendant had made a false or misleading statement about its product being ETL or UL certified, Plaintiff has presented no evidence beyond pure conclusory speculation that such a statement would have influenced purchasing decisions or that there was a likelihood of

injury to Plaintiff in terms of declining sales.  Accordingly, Plaintiff would not be entitled to any damages if it prevailed on its false advertising claim; thus, any equitable relief Plaintiff seeks for Defendant's alleged false advertising does not provide support for the asset restraint currently in place. *See,* Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767 (2d Cir. 1984) (affirming district court's ruling which found that plaintiff was not entitled to any damages for defendant's section 1125 violations and "rejected [plaintiff]'s claim for lost profits based on the theory that [defendant]'s misrepresentation of UL 486B compliance diverted to it sales which would otherwise have been made by [plaintiff]. Judge Dorsey found 'no evidence that even a reasonably identifiable percentage of defendant's allegedly ill-gotten sales would have gone to the plaintiff,' in view of the existence of other competitors and competing products in the market, or that buyers, if they had been informed of Teledyne's non-compliance as to certain sizes, would have bought all or any particular sizes from [plaintiff] instead of from [defendant].").

In sum, Plaintiff cannot show a likelihood of success on the merits because none of the claims asserted in the Complaint against Defendant are supported by the evidence.  In fact, it is entirely unclear from the evidence of what unlawful conduct Plaintiff is alleging Defendant is liable for, as Defendant's product listing includes pictures of products which are clearly different from the Type 1, 2, and 3 products complained of in the supporting declaration of Catherine Joynt, [Dkt. 10-2 at ¶ 16], and Defendant's product listings do not make claims about the product being ETL or UL certified or being grounded.  [Dkt. 10-9 pgs. 217-223].  Was Defendant mistakenly included in this lawsuit?  Plaintiff has utterly failed to provide evidence that satisfies the essential elements of any of the underlying causes of action alleged in the Complaint and Plaintiff's motion for entry of preliminary injunction should be denied for that reason alone.

**d.  At a minimum, the asset restraint should be limited to the amount that may possibly be recovered through an equitable accounting of Defendant's profits from the identified accused products.**

The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." Grupo Mexicano de Dessarrolo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999).  This has been affirmed in the Third Circuit, which noted that Grupo Mexicano held that "an injunction freezing assets cannot be entered in an action for damages where no lien or equitable interest in the assets is claimed." Karpov v. Karpov, 555 F. App'x 146, 147 n.2 (3d Cir. 2014); AFG Media Ltd. v. Poptrend-Off., 2023 WL 9023415 at *8 n. 6 (W.D. Pa. Dec. 29, 2023) ("While the Court has the authority to restrain assets that have a close nexus with its exercise of equitable powers, it cannot do so solely for the purpose of preserving assets upon which a plaintiff may execute in the future if it should prevail."); Akers v. Akers, 2015 WL 4601155 at *2 (E.D. Pa. July 31, 2015) ("A federal court has no authority generally to freeze a defendant's funds to help ensure satisfaction of a judgment should the plaintiff prevail on an underlying legal claim."); *see also*, Karaha Boda Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 11, 117 n.8 (2d Cir. 2007) ("federal courts lack power to issue…[i]njunctions that prohibit a party from transferring assets pending resolution of an action."); CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002); Micnerski v. Sheahan, 2002 WL 31415753, at *1 (N.D. Ill. Oct. 25 2002) ("federal district courts do not have the power to grant preliminary injunctions to  prevent a defendant from transferring assets in which no lien or equitable interest is claimed"). Prejudgment asset restraints, therefore, are limited to cases seeking equitable relief. Deckert v. Independence Shares Corp., 311 U.S. 282 (1940).  Following, "a plaintiff may obtain a prejudgment freeze on a defendant's assets only if he has asserted *a cognizable equitable claim*, *has demonstrated a*

**_sufficient nexus between that claim and specific assets of the defendant which are the target_**

**_of the injunctive relief_**_,_ and has shown that the requested interim relief is a reasonable measure to

preserve the status quo in aid of the ultimate equitable relief claimed." Akers, 2015 WL 4601155 at

\*2. (internal citations omitted) (emphasis added); In re Trustees of Conneaut Lake Park, Inc., 554

B.R. 100, 107 (Bankr. W.D. Pa. 2016) (same); AFG Media Ltd., 2023 WL 9023415 at \*8 n. 6

(holding that the blanket asset freeze of all funds in defendant's account "goes further than what is

permitted and beyond the close nexus required" and ordering that the asset freeze be reduced to

only funds from defendant's sales of the products infringing plaintiff's copyright – "but no more.");

_See also,_ Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on

Schedule A, 2013 WL 12314399 at \*2 (N.D. Ill. Oct. 31, 2013) ("even where equitable relief is

sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably

necessary to secure the (future) equitable relief.").

      To the extent that Plaintiff bases the prejudgment asset restraint currently in place on the

award of profits related to their unpled design patent infringement claim or Lanham Act claim, any

prejudgment asset restraint should still be limited to the amount that Plaintiff has sufficiently

demonstrated it is likely to recover pursuant to an equitable accounting of profits in this case, _i.e.,_

those which were earned through the sales of the accused products. _See_, AFG Media Ltd. (holding

that a blanket asset freeze of all funds in defendant's account that was "disproportionate to amounts

earned by Defendants relating to their sales of the allegedly [copyright] infringing Costumes" goes

"further than permitted and beyond the close nexus required. Therefore, the Court holds that **_all_**

**_funds allegedly arising from the sale of the allegedly infringing Costumes shall be frozen -_**

**_but no more_**.") (emphasis added); Labs, Inc. v. 4X PODS, 509 F. Supp. 3d 52 (D.N.J. 2020) ("Juul

is only entitled to an asset freeze of the amount of funds which Juul could reasonably expect to

recover via disgorgement based on its wordmark claim."); Hoxworth v. Blinder, Robinson & Co.,

903 F.2d 186, 198 (3d Cir. 1990) ("[T]he **court must make some attempt reasonably to relate the value of the assets encumbered to the likely value of the expected judgment**.") (emphasis added); *See also*, Deckers, 2013 WL 12314399, at *2 ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief.).

Critically, in the current case, Plaintiff has no equitable interest in assets which are not the profits from the sale of the accused products. Karpov, 555 F. App'x at 147 n.2 ("an injunction freezing assets cannot be entered in an action for damages where no lien or equitable interest in the assets is claimed."); AFG Media Ltd. ("While the Court has the authority to restrain assets that have a close nexus with its exercise of equitable powers, it cannot do so solely for the purpose of preserving assets upon which a plaintiff may execute in the future if it should prevail."); Micnerski, 2002 WL 31415753, at *1 ("federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed"); *see also*, Simport Plastiques, Ltd. v. Imprint Genetics Corp., 2008 WL 11470805 at *2 (S.D. Fla. July 30, 2008), *report and recommendation adopted*, 2008 WL 11470806 (S.D. Fla. July 30, 2008) ("A District Court can order an asset freeze as part of preliminary injunctive relief only with respect to assets in which an equitable interest is claimed and established.").

Defendant has provided sales records supported by the attached declaration of Le Yang showing that Defendant has more than $36,799.41 frozen in their account compared to a revenue of $46,561.45 from sales of the accused products for a profit and maximum equitable award of $2,450.96. Yang Decl. at ¶ 5-6, Exhibits C, D, and E. There is no basis for including amounts in Defendant's accounts beyond this profit amount, which represents the maximum equitable award to which Plaintiff might be entitled. Accordingly, the amount of any asset restraint on Defendant's account should be reduced to, at most, $2,450.96. *See*, AFG Media Ltd.; Shenzhen Dejiayun

Network Tech. Co., Ltd. v. The P'ships, 21-cv-06607, [Dkt. 56] (N.D. Ill. Mar. 28, 2022) (granting motion to modify the preliminary injunction in part and reducing asset restraint based on defendants submitting sales records of the accused products supported by declaration); Toho Co. Ltd. v. The P'ships, 23-cv-00720, [Dkt. 55] (N.D. Ill. Mar. 28, 2022) (issuing show cause order to plaintiff as to why the asset restraint should not be reduced to roughly the revenue of the accused products in response to defendant submitting sales records of the accused products supported by declaration); Awareness Avenue Jewelry LLC, et al v. The P'ships, 23-cv-00002, [Dkt. 75], (M.D. Fl. May 19, 2023) (modifying preliminary injunction to eliminate the asset restraint as a result of defendant submitting evidence that their profit from the allegedly infringing sales was minimal).

## III.    Conclusion

For the foregoing reasons, Plaintiff has failed to satisfy its burden of producing sufficient evidence to satisfy the essential elements of any of its underlying causes of actions.  Plaintiff's motion for preliminary injunction should thus be denied or, at a minimum, it accordant asset restraint be limited to just Defendant's profits from accused sales.

Dated this June 16, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
DC 1005729
*Counsel for Defendants*
*Pro Hac Vice Pending*

## Certificate of Service

I certify that on June 16, 2026, I electronically submitted the foregoing with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Dated:         June 16, 2026

/s/ Adam E. Urbanczyk
By: Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
DC 1005729
*Counsel for Defendants*
*Pro Hac Vice Pending*