IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,

           Plaintiff,

v.

SCHEDULE A DEFENDANTS,

           Defendants.

Civil Action No.

26-cv-414

(Judge Bissoon)

**RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

Toka, LLC ("Toka") hereby opposes the Motion for An Order to Show Cause and For Sanctions (ECF No. 34, the "Motion") filed by certain of the defendants.[1]  Toka requests in-person oral argument on the Motion.

The "primary" basis of the Motion is the Moving Defendants' contention that Toka deceived the Court when it sought and obtained an *ex parte* temporary restraining order without advising the Court that counsel for the Moving Defendants had contacted Toka's counsel after the lawsuit was filed and before the Court issued the temporary restraining order. (Brief in Support of Appearing Defendants' Motion for an Order to Show Cause and for Sanctions ("Brief") at 1.)  The Moving Defendants misunderstand the basis for Toka's application for a TRO. Toka never represented to the Court that it lacked the means to communicate with the defendants or that it had not been in communication with the defendants. To the contrary, the premise of Toka's motion was the risk that the defendants would abscond with all of their assets

---

[1] The defendants filing the Motion are Amazon store Haodsso Direct (Def. No. 27, identified in the Motion as Guangzhou Kaizichen Technology Co., Ltd), Amazon store Casesmile (Def. No. 11, identified in the Motion as Shenzhen Shengxin Technology Co., Ltd), and Amazon store Yueshao (Def. No. 76, identified in the Motion as Bengbu YueShao E Commerce Co., Ltd.)  (collectively, the "Moving Defendants").

if notified of Toka's request before the Court froze their accounts. (*See Declaration of Stanley D. Ference III*, ECF No. 10-3 at ¶¶ 8-9.)  Accordingly, the Court's TRO includes the finding that "There is … good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly … transfer assets … thereby thwarting Plaintiff's ability to obtain meaningful relief."  (ECF No. 23 at ¶ 7.)  In fact, in a traditional brick and mortar counterfeiting case where the risk of transfer of infringing product is less than the risk of a transfer of assets in the online world, the Second Circuit issued a writ of mandamus compelling the issuance of an *ex parte* temporary restraining order freezing the which the district court erroneously denied simply because notice could be given the defendants.  *In the Matter of Vuitton et Fils S.a.*, 606 F.2d 1 (2d Cir. 1979).

As Toka stated in its motion for a TRO, the purpose of the TRO was simply to preserve the status quo. (ECF No. 10 at p. 29 ("Absent a temporary restraining order without notice, Defendants can and … will significantly alter the status quo before the Court can determine the parties' respective rights."; ECF No. 10-3 at ¶ 8-10.) Toka also acknowledged that a defendant believing its assets were improperly restrained and that it had a meritorious defense to Toka's claims could promptly appear and present its defense. The Motion confirms the wisdom of the Court in granting Toka's request for a TRO—the Moving Defendants offer absolutely no defense on the merits; they do not deny that they are unfairly competing with Toka or identify any substantive defense to the claims Toka has asserted against them.  Nor do they offer any assurances that their assets would be available to satisfy any eventual judgment entered in Toka's favor. Accordingly, the Court's TRO was both proper and necessary and the Moving Defendants have not advanced any basis for dissolving or modifying it.

**PROCEDURAL HISTORY**

The present case (Docket No. 26-cv-414) is the second case that Toka has brought in this Court against defendants unfairly competing with it.  Toka filed the first case (Docket No. 25-cv-593, the "2025 Action") in 2025 against 151 sellers on various online marketplaces.  None of the defendants in the 2025 Action are defendants in the present case.  In December 2025, nonparty Mooye moved to intervene in the 2025 Action and sought clarification of the Court's temporary restraining order and preliminary injunction.  (25-cv-593, ECF No. 58.)  Shortly thereafter, the Moving Defendants filed paperwork joining in Mooye's motion, also seeking clarification of the Court's TRO but not seeking to intervene in the 2025 Action.  (25-cv-593, ECF No. 66.)  Toka did not oppose those motions, and on December 22, 2025, the Court entered an Order granting Mooye's Motion to Intervene and providing clarifying language.  (ECF No. 73.)

Toka filed the present case on March 13, 2026 (the "2026 Action").  (ECF No. 1.)  Contemporaneously with the filing of the 2026 Action, Toka filed a motion to file certain documents under seal and a motion for a temporary restraining order.  (ECF Nos. 2 and 3.)  The Court granted the motion to file under seal on April 24, 2026.  (ECF No. 9.)  The same day, Toka filed under seal the papers supporting the temporary restraining order.  (ECF Nos. 10 and 11.)  The Court granted the temporary restraining order on May 27, 2026.  (ECF No. 23.)  The defendants in the present case include the four intervenors in the 2025 Action.

On May 14, 2026, in the 2025 Action, the Moving Parties filed a Motion to Intervene and for Leave to File Complaint in Intervention to seek a declaratory judgment for non-infringement and invalidity of Toka's U.S. Patent Nos.12,155,158 and D1,006,758.  (ECF No. 75.)  On May 28, 2026, the Court issued an Order denying the Motion to Intervene.  (25-cv-593, ECF No. 79.)

The Moving Defendants then filed this Motion.

### ARGUMENT

I.      **TOKA Properly Obtained the Temporary Restraining Order**

The core of the Moving Defendants' argument is that Toka improperly obtained an *ex parte* temporary restraining order because Toka could have given them notice but choose not to. But this argument misunderstands the grounds for *ex parte* relief that Toka argued. Although *ex party* relief may be granted when the plaintiff cannot provide notice to the defendant, *ex parte* relief is also proper if the movant demonstrates that notice would "serve to render fruitless further prosecution of the action." *Vuitton v. White,* 945 F.2d 569, 571 (3rd Cir. 1991).

In this case, Toka's complaint alleges that "Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal piracy operations." (ECF No. 1 at ¶ 25.) Toka further alleges that the defendants use tactics to "conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down." *Id*. at ¶ 46. Toka contended that providing notice in these circumstances would only provide opportunity for the defendants to evade this Court's ability to grant relief. *Id.* at ¶ 48-49.

The Moving Defendants argue that Toka failed to meet its duty of candor because "Plaintiff's counsel was engaged in active email and telephone communications with counsel for the Appearing Defendants" yet sought *ex parte* relief.  (Brief at 7.) Toka acknowledges that it has been in contact with the Moving Defendants' counsel, but the Moving Defendants have failed to establish that Toka's communications with them was in any way material to Toka's motion for a TRO. Toka never asserted that it had no way of communicating with the defendants. Rather, Toka simply requested to defer notifying the defendants of its request to freeze their assets until

after the asset freeze was in place. (See ECF No. 29 at 3.) Thus, Toka has acted consistently and with full candor to the Court throughout.

The Moving Defendants also contend that Toka's assertions regarding the Moving Defendant's risk of flight amounted to a misrepresentation to this Court. (Brief at 7–8). They base this argument on the fact that Toka knew their Seller ID numbers and their listed addresses. However, as Toka has alleged, Chinese sellers often list fictitious addresses on their online storefronts, allowing them to disappear when caught. (ECF No. 1 at ¶ 46; ECF No. 10-3 at ¶ 4; ECF No. 13 at p. 6.) In the Motion, the Moving Defendants offer no evidence that their listed addresses are accurate, and certainly do not provide any assurances that they would maintain assets within the Court's jurisdictional reach.

The Moving Defendants then discuss some of the elements for interim injunctive relief (conspicuously omitting any discussion of the likelihood of success on the merits). (Brief at 11–12.)  With respect to irreparable harm, the Moving Defendants claim that Toka waited too long before seeking the TRO and that Toka's cannot "credibly claim that an injury is so urgent it must be redressed in secret." (Brief at 10.) But this assertion misstates the record; TOKA submitted declarations that expressly describe both the nature and imminency of non-compensable harm. (ECF No. 10-2, Joynt Declaration at ¶ 29-30.)

As the evidence of Toka's prefiling investigation shows, Toka became aware of the infringement under the ASINs included in this lawsuit in January and February 2026.  (Exhibit to *Declaration of Dee* Odell, ECF Nos. 10-8 to 10-18.)  Toka brought this lawsuit in March 2026 and promptly sought a TRO.  Toka supported its request with a declaration from Catherine Joynt, the CEO, Co-founder, and Managing Member of Toka. In her declaration, Joynt states that "Defendants' unlawful activities have deprived and continue to deprive Plaintiff of its rights to

- 5 -

control its IP" and that their ongoing activities is causing "ongoing irreparable harm." *Id.* at ¶ 29. Moreover, Joynt attests that the infringing "Defendants' products are indistinguishable to consumers, both at the point of sale and post-sale, and is causing and will continue to cause Plaintiff's irreparable harm and damage." *Id*. at ¶ 30. Also, Joynt says that ongoing infringement both devalues the patent and products by "associating it with inferior quality goods" and diminishes the value of the intellectual property by "creating the impression that infringement may be undertaken with impunity" that harms Joynt's future ability to monetize the intellectual property she owns. *Id*. at ¶ 31.

The risk of irreparable harm remains today. If the asset restraint is modified as the Moving Defendants request, they have every incentive to abandon this case. Given the inherently deceitful and secretive nature of online infringement, as well as the ease with which funds can be transferred internationally, Circuit Courts have routinely found that dissipation of assets is likely and have upheld asset restraints as a necessary safeguard. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 132-33 (2d Cir. 2014); *see also Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 Fed.Appx. 707, 709 (5th Cir. 2007); *Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1527 (S.D. Cal. 1990), *aff'd*, 970 F.2d at 561 (9th Cir. 1992); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987-88 (11th Cir. 1995); *In re Vuitton Et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979).

With respect to the balancing of harms, the Moving Defendants simply assert, in one paragraph with no factual support or legal authority, that the balancing of harms favors dissolving the TRO. (Brief at 12.) In short, it its moving papers, Toka demonstrated to the Court's satisfaction that the criteria for a TRO were satisfied. The only basis for revisiting that determination that the Moving Defendants advance is that they had been in contact with Toka's

counsel prior to the issuance of the TRO and that Toka did not disclose those communications to the Court. Because those communications were irrelevant to Toka's request for a TRO, the Moving Defendants have abjectly failed to provide any basis for dissolving the TRO or for opposing the preliminary injunction that is the next step in this process.

II.    **Sanctions are Not Warranted**

The Moving Defendants also seek sanctions based on Toka's failure to disclose its communications with them. (Brief at 12–13.)  For the reasons set forth above, those communications were not germane to Toka's motion and Toka was entirely candid with the Court at all times. Therefore, the Moving Defendants have failed to set forth ground warranting sanctions.

## CONCLUSION

Toka respectfully requests that this Court deny the Motion.

Respectfully submitted,

Dated: June 17, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff

- 7 -