UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,

Plaintiff,

v.

SCHEDULE A DEFENDANTS.,

Defendants.

_____/

Civil Action No. 2:26-cv-414-CB
Chief Judge Cathy Bissoon

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Maxsure Mall US (Doe 49, Amazon ID: ID:ATPRVWFNV6D6Y, "Opposing Defendant" hereafter), by and through undersigned counsel, respectfully hereby submits this Brief in Opposition to Plaintiff TOKA, LLC's Motion for Preliminary Injunction [DE 3].

## I. INTRODUCTION

Plaintiff cannot satisfy the four *Winter* factors required for the extraordinary remedy of a preliminary injunction. Most critically, Plaintiff is unlikely to succeed on the merits because the asserted design patents (U.S. Patent Nos. D1,006,758 and 12,155,158) protect primarily functional features and are invalid in light of prior art and prior public use/sales. Any alleged similarities between Opposing Defendant's products and Plaintiff's designs are dictated by function, not ornamentation.

## II. LEGAL STANDARD

Page 1 of 20

A preliminary injunction is an extraordinary remedy that requires Plaintiff to clearly show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff must make a "clear showing that the plaintiff is entitled to such relief." *Id.*, at 22.

**III. ARGUMENT**

**A.  Plaintiff Is Unlikely to Succeed on the Merits Regarding Design Patent US D1,006,758S**

**1. The Asserted Designs Are Primarily Functional and Not Protectable**

Design patents protect only the ornamental aspects of an article of manufacture. 35 U.S.C. § 171. Where the appearance of the claimed design is "dictated by" the use or purpose of the article, it is functional and unprotectable. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).

Plaintiff's outlet extender designs are driven by functional considerations: extendability for reach, rotatability for positioning, cord management, and wall engagement for stability. Once



these functional elements are filtered out, little (if any) ornamental design remains. Plaintiff's claims therefore fail as a matter of law. See Figure 1 on the left, which is a screenshot of `758 Patent's Fig. 1. Only the solid-line design is claimed for protection.

*Figure 1: `758 Patent (left)*



**2. The Patents Are Invalid Over Prior Art**

The asserted patents are invalid for anticipation and obviousness under 35 U.S.C. §§ 102 and 103. For example:

- U.S. Patent No. 7,220,128 (Hicks)("128 Patent", issued on May 22, 2007) disclose similar outlet extender designs with rotatable and telescopic features with an adjustable bar. *See* Ex. A for a copy of `128 Patent. In MPEP § 1504.02 & § 2125 (Design Patent Examination), the USPTO explicitly states that utility patents (and their drawings) can be used as prior art against design patent applications. A utility patent's figures can anticipate a design if they clearly depict the ornamental appearance.



*Figure 2: Comparison Between  `128 Patent (left) and `758 Patent (right)*

- U.S. Patent No. 6,004,138 (Harbertson)("`138 Patent", issue don Dec. 21, 1999) disclose similar outlet extender designs with rotatable and telescopic features with an adjustable bar. See Figure 3 below for comparison. A copy of `138 Patent is attached as Ex. B.

Page 3 of 20



*Figure 3: Comparison Between `138 Patent (up) and `758 Patent (down)*

- U.S. Patent No. D 461,774 S (Genicevitch)("`774 Patent", issued on Aug. 20, 2022) disclose similar outlet extender designs with rotatable and telescopic features with an adjustable bar. See Figure 3 below for comparison. A copy of `774 Patent is attached as Ex. C.



*Figure 4: Comparison Between  `774 Patent (left) and `758 Patent (right)*

**3. Invalidity Due to Prior Sales and Public Use**

Plaintiff's patents are also invalid under the on-sale and public use bars. Products substantially similar to the claimed designs were on sale and in public use on platforms such as Amazon, eBay, and Walmart more than one year before the filing dates of the asserted patents.

**4. No Likelihood of Infringement**

Even assuming validity, Opposing Defendant's products do not infringe. They lack key ornamental features and differ substantially in overall visual impression under the ordinary observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). See the product pictures of Opposing Defendant at:

- blueera store (Doe 6), Odell Declaration in Support of Plaintiff's *Ex Parte* Application, Part 1, p. 49-52;

- Huuip (Amazon Store ID: A1W1HA81KFPVDH, Doe 32), id., p. 256-59;

- huhui US (Amazon Store ID: A2UPW9XWUE2XSJ, Doe 30), id., p. 240-43;

- Home cleaning U (TEMU Store ID: 634418227328504, Doe 120), Odell Declaration in Support of Plaintiff's Ex Parte Application, Part 2, p. 182-85;

- NUTICT Direct (Amazon Store ID: AHPG2N45BS26Y, Doe 51), id., Part 1, p. 400-03;

- PINSHI Ecommerce (TEMU Store ID: 634418222073992, Doe 127), id., Part 2, p. 231-35;

- TECHY US (Amazon Store ID: A2G3LQI39QF9QI, Doe 65), id., Part 1, p. 517-20;

- MINOZOOS (Amazon Store ID: A3KAAUWPH74TOZ, Doe 50), id., p. 393-402;

- CloudValley-Direct (Amazon Store ID: A23O8WN1PWUXRO, Doe 12), id., p. 100-03;

- imluckies Direct (Amazon Store ID: ARLJL2CICFCU6, Doe 33), id., p. 263-66;

- Keway (Amazon Store ID: A25PS6QE2GUW5V, Doe 35), id., p. 277-80;

- DingYi Direct (Store ID: A3KP9F58G0XABW, Doe 16), id., p. 133-37.

**B. Plaintiff Is Not Likely to Succeed on the Merits of Its Utility Patent Infringement Claim (U.S. Patent No. 12,155,158)**

Plaintiff cannot establish a likelihood of success on the merits of its claim that Defendant infringed U.S. Patent No. 12,155,158 ("the '158 patent"). The asserted claims are neither infringed nor valid.

**1. The Accused Products Do Not Infringe the '158 Patent**

Plaintiff cannot demonstrate a likelihood of success on its claim that the Accused Products infringe U.S. Patent No. 12,155,158 ("the '158 patent"). The Accused Products lack multiple required limitations of every asserted claim.

- **Independent Claim 1**

Claim 1 of the '158 patent recites (in relevant part):

A wall outlet extender comprising:

a plug end configured to selectively plug into a wall outlet;

an outlet end configured to selectively receive one or more plugs;

**an extendable shaft positioned between the plug end and the outlet end, wherein the plug end is rotatable**;

an electrical cord portion positioned between the extendable shaft and the plug end, **wherein the extendable shaft comprises a bend collar configured to enable flexibility in the extendable shaft adjacent to the plug end**; and

an engagement portion…

*See* Claim 1,`158 Patent.

The Accused Product does not literally infringe Claim 1 because it is missing at least two critical limitations (see FIGS. 7–9 of the '158 patent for the patented structure):

- **No rotatable plug end**: In the Accused Product, the plug end is rigidly and fixedly connected to the first (internal) telescoping shaft using a fixed male-female (protruding-recessed) joint. The plug end and the internal shaft form a **single rigid assembly**. There is no hinge, swivel, bearing, or other mechanism that permits the plug end to rotate relative to the extendable shaft.

- **No bend collar**: The Accused Product does not include any bend collar or other flexible structure adjacent to the plug end. The connection between the plug end and the internal

shaft is entirely rigid, providing **no flexibility** in the extendable shaft adjacent to the plug end.



*Figure 6: Fig. 7 and 9 of `158 Patent in Comparison with Opposing Defendant's Product[1]*

- **No first cap / related structure (270)**: The '158 patent discloses element **270** (first cap in FIG. 9) as part of the specific assembly connecting the bend collar **274** and cord assembly to the extendable shaft. The Accused Product lacks this structural component (or any equivalent) that integrates the bend collar and cord portion with the shaft in the manner claimed. This element is part of the claimed "extendable shaft" assembly in Claim 1 and dependent claims that incorporate the shaft structure. *See* Figure 6 above.

These missing limitations are fatal to literal infringement. The Accused Product is a **rigid, fixed-connection telescoping assembly** that does not meet the express requirements of a

---

[1] The Opposing Defendant's products look different from that of Plaintiff. *See* Odell's Declaration, Part 1, p. 386.

rotatable plug end, bend collar for flexibility, or the associated structural elements (including **270**) recited in the claims.

Any doctrine of equivalents argument would impermissibly **vitiate** these express limitations. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). A rigid, non-rotatable plug-end assembly with no bend collar or corresponding cap structure (270/274) is not equivalent to the claimed rotatable and flexible design.

Plaintiff is further estopped under the doctrine of prosecution history estoppel from asserting that the Accused Products infringe under the doctrine of equivalents. During prosecution of the '158 patent, the Examiner rejected independent Claim 1 (and dependent claims) as anticipated by Fyock (US 2020/0313378 A1). *See* Ex. D for Mar. 27, 2023 non-Final Rejection from USPTO. In response, Applicant amended Claim 1 to add the critical limitation: "wherein the extendable shaft comprises a **bend collar** configured to enable flexibility in the extendable shaft adjacent to the plug end." *See* Ex. E, Applicant's Response to Non-Final Office Action dated September 27, 2023, p. 8, ¶ 2. Applicant expressly argued that "Fyock does not teach or disclose a bend collar," and that this amendment distinguished the claims over the prior art. *See id.*, at pp. 7–8 (amending Claim 1 and arguing patentability based on the added bend collar limitation).

This narrowing amendment was made to overcome a prior art rejection and therefore presumptively surrendered any equivalents that would read on the prior art or otherwise encompass a structure lacking a bend collar. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733–34 (2002); *see also Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1144 (Fed. Cir. 2004) (en banc). The Accused Product uses

two rigid telescoping shafts with a **fixed, non-rotatable, and non-flexible connection** and contains **no bend collar** (nor any equivalent flexible structure adjacent to the plug end). Because the patentee surrendered coverage of structures lacking this limitation to obtain allowance, Plaintiff is estopped from asserting infringement under the doctrine of equivalents. Any such argument would impermissibly recapture surrendered subject matter.

Because the Accused Product does not infringe independent **Claim 1**, it cannot infringe any dependent claims (2–18), all of which incorporate Claim 1's limitations.

### 2. Other Independent Claims (e.g., Claim 12)

Claim 12 similarly requires a telescopic and rotatable shaft with a **bend collar**. The same missing elements (**110** rotatable plug end, **274** bend collar, and related structure including **270**) apply with equal force.

### 3. Conclusion on Non-Infringement

The Accused Products are structurally distinct from the claimed invention. Plaintiff cannot show a likelihood of success on the merits. This defeats any request for preliminary injunctive relief. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001).

### 4. The '158 Patent Is Invalid Over Prior Art

Even if the Accused Products were arguably infringing, the '158 patent is invalid as anticipated and/or obvious.

- Anticipation / Obviousness Over U.S. Patent No. 7,220,128 (Hicks) and U.S. Patent No. 6,004,138 (Harbertson)

Both Hicks and Harbertson are prior art under 35 U.S.C. § 102(a) and disclose every limitation of at least Claim 1 of the '158 patent.

- Hicks (US 7,220,128) discloses an extendable power source device with a plug end, outlet end, and extendable/telescoping shaft (Figs. 1–3). The shaft includes flexible/adjustable portions enabling rotation and positioning.

Hicks does **not** disclose a rotatable plug end. In Hicks, the plug mechanism is fixed or mounted in a way that does not allow 360° rotation relative to the shaft. The '158 patent specifically claims a rotatable plug end to allow flexible positioning, with **"bend collar configured to enable flexibility in the extendable shaft adjacent to the plug end."** Hicks lacks any disclosure of a **bend collar** or equivalent flexible structure adjacent to the plug end. The connections in Hicks are generally rigid or use simple adjustable bars without the specific flexible collar described in the '158 specification for enabling rotation and telescoping without stress on the wiring.

However, if Plaintiff accused Defendant of infringement of its `158 Patent, since Defendant's product lack a bend collar and a rotatable plug end, either Plaintiff's `158 Patent is invalid in light of Hicks' patent, or Defendant does not infringe.

- Harbertson (US 6,004,138) discloses an electric outlet extender with male plug, female outlet, and adjustable/telescoping tubular members that allow extension and rotation while maintaining electrical connection (Figs. 1–2).

Same analysis as that for Hicks applies here.

Page 11 of 20

A person of ordinary skill in the art would have found it obvious to combine these references to achieve the claimed wall outlet extender with rotatable plug end and flexible bend collar features. See *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). The prior art teaches all structural and functional elements, and the combination yields predictable results in the field of adjustable electrical outlets.

## C. Plaintiff Is Not Entitled to Preliminary Injunction Relief on Unpleaded Patent infringement Claims

Plaintiff's Motion for Preliminary Injunction improperly seeks relief based on alleged patent infringement, which is not adequately pled in the Complaint. A motion for temporary restraining order or preliminary injunction is bounded by the scope of the claims actually asserted in the operative pleading. *See, e.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("A preliminary injunction cannot be issued based on claims not in the complaint."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (preliminary injunction must be tied to the causes of action in the complaint); *Pennsylvania v. President U.S.*, 930 F.3d 550, 563 (3d Cir. 2019) (injunctive relief must relate to the claims pled).

Here, while Paragraph 9 of the Complaint contains a passing, conclusory reference to "patent infringement of Plaintiff's federally registered patents," the Complaint as a whole does **not** assert a viable claim for patent infringement under 35 U.S.C. § 271.

- The Complaint is styled primarily as a **Lanham Act false advertising / unfair competition** action (Section 43(a)), with additional references to common law unfair competition.

- There are **no specific allegations** of literal infringement or infringement under the doctrine of equivalents of either U.S. Patent No. D1,006,758 or U.S. Patent No. 12,155,158.

- The Complaint contains no claim chart, no identification of which specific claim(s) of the patents are allegedly infringed, and no factual allegations showing how any Defendant's product meets each limitation of any asserted claim.

- The bulk of the Complaint focuses on false advertising, false ETL/UL certification claims, lack of grounding, and use of Plaintiff's product images — all of which sound in unfair competition/false advertising, **not** patent infringement.

Because patent infringement was not properly pled, Plaintiff cannot bootstrap unpled patent claims into its request for extraordinary preliminary injunctive relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (a complaint must contain sufficient factual matter to state a plausible claim for relief); *see also* Fed. R. Civ. P. 8(a). A preliminary injunction requires a showing of likelihood of success **on the merits of the claims actually asserted**. Plaintiff cannot demonstrate likelihood of success on a patent infringement theory that was never properly placed at issue in the Complaint.

Plaintiff's attempt to expand the scope of this expedited Schedule A proceeding through its Motion should be rejected. Any request for injunctive relief based on patent infringement must await amendment of the Complaint (with proper particularity under the local patent rules, if applicable) and full development of the record. The Court should limit its consideration of the Motion for Preliminary Injunction to the false advertising and unfair competition claims that are actually pled.

**D. Plaintiff Cannot Show Likelihood of Success on Its False Advertising / Unfair Competition Claims Against PAEWOK**

Plaintiff's Motion and supporting Memorandum broadly allege that Defendants make "explicit and implicit claims" that their products "originate from Plaintiff" and/or are "electrically grounded," and that they falsely claim UL/ETL certification. These allegations are unsupported as to Opposing Defendant.

The evidence (Odell Declaration) submitted by Plaintiff itself demonstrates that Opposing Defendant's; listings make **none** of these representations. Opposing Defendant's product pages and descriptions:

- Do not mention "EZ OUTLET," "TOKA," "Galazin," or any affiliation with Plaintiff's brand.

- Do not display or claim UL certification, ETL listing, or compliance with UL Standard 498A for the assembled product.

- Do not represent that the product is "electrically grounded" in the manner alleged.

- Do not use Plaintiff's any product images.

Plaintiff's general assertions about "Defendants" cannot substitute for specific evidence of false statements attributable to PAEWOK. *See, e.g., Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (false advertising claim under Lanham Act § 43(a) requires proof of a literally false or misleading statement of fact).

Because Opposing Defendant's listings contain no false claims regarding origin, UL/ETL certification, or grounding of the type alleged in Plaintiff's Memorandum, Plaintiff cannot establish a likelihood of success on the merits of its Lanham Act false advertising or related

unfair competition claims against Opposing Defendant. Any preliminary injunction based on these theories should be denied as to Opposing Defendant.

**E. Plaintiff's Pennsylvania Common Law Unfair Competition Claim Does Not Independently Justify Preliminary Injunctive Relief.**

Even assuming *arguendo* that Pennsylvania common law unfair competition parallels Lanham Act § 43(a), Plaintiff still bears the burden of demonstrating all elements required for the extraordinary remedy of a preliminary injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *KDH Elec. Sys.*, 826 F. Supp. 2d at 807 (recognizing parallelism but not altering the equitable injunction standard).

As detailed above regarding non-infringement, lack of false statements, and unpled patent claims sections, Plaintiff cannot establish a likelihood of success on the merits against Opposing Defendant. Because Opposing Defendant's listings contain no false claims of affiliation with Plaintiff, no UL/ETL certification assertions for the assembled product, and no explicit grounding misrepresentations of the type alleged, Plaintiff's common law claim fails for the same reasons its Lanham Act claim fails.

Moreover, Plaintiff has not shown **irreparable harm** specific to any cognizable common law unfair competition theory. Mere economic loss or speculative harm is insufficient. *See, e.g., Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (irreparable harm must be actual and imminent, not merely speculative).

Plaintiff's attempt to piggyback the state law claim onto an inadequately supported federal claim does not entitle it to preliminary relief against Opposing Defendant.

Page 15 of 20

**F. Even Assuming a False Advertising Violation, Any Injunctive Relief Must Be Narrowly Tailored and Cannot Include a Blanket Preliminary Injunction**

Assuming, *arguendo*, even if Plaintiff could establish a false advertising claim (which it cannot as to Opposing Defendant), the extraordinary remedy of a preliminary injunction shutting down Opposing Defendant's entire Amazon/TEMU storefront and freezing assets is not warranted. Injunctive relief under the Lanham Act and Pennsylvania common law must be **narrowly tailored** to the specific harm proven and no broader than necessary to prevent irreparable injury. *See, e.g., Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 206 (3d Cir. 2014) (*"*Moreover, because commercial speech is entitled to appropriate protection under the First Amendment, an injunction restraining allegedly false or misleading speech must be narrowly tailored to cover only the speech most likely to deceive consumers and harm [the plaintiff]."*). N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008) (false advertising injunctions should generally require corrective advertising or removal of the offending statements rather than a total ban on sales).

Here, the alleged false claims (origin from Plaintiff, UL/ETL certification of the full product, and grounding) are contained in specific product listings and descriptions. The appropriate remedy — if any — would be a narrowly tailored order requiring PAEWOK to **correct or remove the specific misleading statements**, not a broad injunction prohibiting all sales of non-infringing outlet extenders or freezing merchant accounts. A blanket preliminary injunction would constitute an impermissible prior restraint on lawful commercial speech and would impose far greater hardship on Opposing Defendant than any harm suffered by Plaintiff.

Plaintiff's request for overbroad relief far exceeds what is necessary or appropriate and should be denied. *See also Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 206 (3d Cir. 2014) (emphasizing that injunctive relief must be carefully tailored).

**G. Plaintiff Cannot Establish Personal Jurisdiction Over Opposing Defendant Based on a Manufactured or Unfulfilled "Test Buy"**

Plaintiff relies heavily on purported "test buys" and the Declaration of Dee Odell to establish specific personal jurisdiction over Opposing Defendant. However, as the evidence in the record demonstrates, Plaintiff **did not successfully place or complete an order** with PAEWOK (see Exhibit F provided by Plaintiff). Plaintiff's attempt to manufacture jurisdiction through an unfulfilled or simulated purchase is insufficient as a matter of law and is directly contrary to controlling Third Circuit precedent.

In *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003), the Third Circuit held that a plaintiff-initiated "test buy" — especially one that does not result in the defendant knowingly directing commercial activity toward the forum state — does not constitute purposeful availment sufficient for specific personal jurisdiction. The court emphasized that jurisdiction must be based on the *defendant's* intentional contacts with the forum, not unilateral actions manufactured by the plaintiff. *Id.* at 451–54.

Here, because Plaintiff failed to actually complete a purchase from the Opposing Defendant that resulted in shipment into Pennsylvania, there is no evidence of PAEWOK purposefully availing itself of the privileges of conducting business in this District.

Plaintiff's generalized allegations of "ongoing sales" into Pennsylvania, without specific evidence tied to Opposing Defendant, are likewise insufficient to establish specific jurisdiction,

particularly where Plaintiff's own test-buy evidence for this defendant failed. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (defendant's contacts with the forum must be intentional and not based solely on the plaintiff's connections); *see also Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245 (3d Cir. Dec. 5, 2024).

Because Plaintiff has not met its burden to establish personal jurisdiction over Opposing Defendant, all claims against it should be dismissed and the Motion for Preliminary Injunction denied as to Opposing Defendant.

As Plaintiff admitted and pleaded that Opposing Defendant has contact with other states and made sales to other states, it is evident that Rule 4(k)(2) does not apply.

**H. Plaintiff Cannot Show Irreparable Harm**

Plaintiff's delay in seeking relief, continued sales by numerous competitors, and the availability of monetary damages undermine any claim of irreparable harm.

Here, Plaintiff offers only generalized assertions of "loss of goodwill," "decreased market price," and "increased marketing costs." These are the type of compensable economic injuries that do not constitute irreparable harm. Plaintiff has presented no specific evidence that PAEWOK's listings have caused actual customer confusion, diverted specific sales from Plaintiff, or caused unquantifiable damage to its reputation. Mere possibility of harm is not enough. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *Ferring*, 765 F.3d at 210.

Moreover, any alleged false statements (none of which appear in PAEWOK's listings) could be fully remedied by a narrowly tailored corrective order requiring modification or

removal of specific language — not the drastic remedy of shutting down an entire merchant storefront. Because Plaintiff has not carried its burden of showing irreparable (as opposed to reparable monetary) harm, preliminary injunctive relief on the false advertising claim must be denied

Even if Plaintiff could identify any false advertising attributable to Opposing Defendant (which it cannot), it has failed to make the required "clear showing" of **likely irreparable harm** absent a preliminary injunction. In the Third Circuit, there is **no presumption** of irreparable harm in Lanham Act false advertising cases. *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (post-*eBay* and *Winter*, a plaintiff must demonstrate that irreparable harm is likely, not merely possible). Speculative or economic harm that can be remedied by money damages is insufficient. *See also Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 205–06 (3d Cir. 2014).

Assuming we take patent infringement into consideration, Plaintiff has failed to show a likelihood of success on the merits of its utility patent infringement claim. The Accused Products do not infringe the '158 patent, and the patent is invalid over Hicks and Harbertson. This alone defeats Plaintiff's request for a preliminary injunction. See *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001) (substantial questions of invalidity or non-infringement preclude PI).

## I. Balance of Equities and Public Interest Favor Denial

Enjoining small e-commerce sellers from selling functional, non-infringing products would cause substantial hardship, while Plaintiff faces no comparable harm. The public interest favors competition and access to affordable consumer products.

## IV. CONCLUSION

For the foregoing reasons, Opposing Defendant respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Opposing Defendant

Dated: June 18, 2026

### Certificate of Service

I certify that on the above date, a true copy was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu

Page 20 of 20