## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOKA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00414-CB |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| SCHEDULE A DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

The Court hereby **DENIES** Defendants YueShao, Kaizichen and Casesmile's[1] MOTION

for Order to Show Cause Why the Temporary Restraining Order Should Not Be Dissolved and

Why Plaintiff Should Not Be Sanctioned (Doc. 34).  Defendants' MOTION for Leave to File

Reply (Doc. 78) is **DENIED** as Moot.

Defendants are three online sellers who previously filed a motion to intervene in a

different patent infringement case by Plaintiff regarding the same product, which this Court

denied.  See <u>Toka, LLC v. Milesstore</u>, No. 2:25-cv-00593, Order (Doc. 79), at 1 (W.D. Pa. May

28, 2026).  The day before doing so, this Court entered a Temporary Restraining Order ("TRO")

in this case, authorizing the freezing of Defendants' online account assets due to likely violation

of unfair competition laws.  See Order (Doc. 23) at ¶¶ 7, 11, I.A.7–10.  Defendants do not

challenge the merits of the unfair competition allegations in the instant Motion; rather, they

contend that the TRO was unlawfully obtained without notice to Defendants because Plaintiff

failed to disclose that it knew Defendants' identities and had previously communicated with their

---

[1] The full names of these Defendants are: Bengbu YueShao E-Commerce Co., Ltd. ("YueShao"); Guangzhou Kaizichen Technology Co., Ltd. ("Kaizichen"); and Shenzhen Shengxin Technology Co., Ltd. ("Casesmile").

counsel, or that Defendants had attempted to intervene in Plaintiff's other suit.  See Defs.' Br. in

Supp. of Mot. to Dissolve TRO (Doc. 35) at 8–9; Fed. R. Civ. P. 65(b)(1) (permitting entry of a

TRO without notice only when the facts clearly show "immediate irreparable injury" will result

otherwise, and "the movant's attorney certifies in writing any effort made to give notice and the

reasons why it should not be required").  Defendants further argue that their prior appearance in

that suit and Plaintiff's several-month delay in initiating this one undermines the likelihood of

irreparable injury underlying the TRO.  See Doc. 35 at 8–9.

The Court does not agree that the TRO was improperly obtained or unjustified and will

not dissolve it.  Multiple courts of appeals have recognized the propriety of *ex parte* TROs not

only when notice is impossible, but also when notice would "serve only to render fruitless further

prosecution of the action," such as in intellectual property cases like the present action.  Vuitton

v. White, 945 F.2d 569, 571 (3rd Cir. 1991) (quoting In re Vuitton et Fils S.A., 606 F.2d 1, 3, 5

(2d Cir. 1979) (directing the District Judge to issue an *ex parte* TRO when the defendants would

likely remove counterfeit goods within hours of notice)); see, e.g., Am. Can Co. v. Mansukhani,

742 F.2d 314, 322–23 (7th Cir. 1984) (acknowledging the general availability of *ex parte* TROs

under Vuitton, but finding one unwarranted in this case because the record did not support that

the defendants would destroy evidence upon notice); Reno Air Racing Ass'n, Inc. v. McCord,

452 F.3d 1126, 1131 (9th Cir. 2006) ("In the trademark arena, such cases include situations

where an alleged infringer is likely to dispose of the infringing goods before the hearing."); Pl.'s

Resp. to Defs.' Mot. to Dissolve TRO (Doc. 66) at 4.  Defendants point to no case law

suggesting otherwise.

Here, entry of a TRO without notice to these Defendants was not, as Defendants suggest,

based on a "misrepresentation" that Plaintiff could not provide it.  Indeed, the Court already was

2

fully aware of Plaintiff's ability to contact these Defendants, due to their motion to intervene in Plaintiff's first suit.  Rather, Plaintiff demonstrated a likelihood that advance notice would prompt Defendants to move recoverable assets beyond the Court's jurisdictional reach and "render fruitless" Plaintiff's case, unless the Court took steps to preserve the status quo first.  See Decl. of Stanley D. Ference III (Doc. 10-3) at ¶¶ 6–10 (certifying under Rule 65(b)(1)(B) that Plaintiff made no efforts to provide notice to Defendants because they were likely to drain their financial accounts); Decl. of Dee Odell, Exs. (Docs. 10-8–11-3) (displaying the online product listing page for each Defendant); Decl. of Stanley D. Ference III (Doc. 13-3) at ¶ 8 (stating that Defendants appear to be located in foreign countries or redistributing products from foreign locations).

Defendants do not dispute that they are online sellers in foreign locations, making quick transfer of funds oversees extremely easy and the likelihood of irreparable harm high.  Their entries of appearance in Plaintiff's previous patent infringement case—where Third Party platforms already had shut down their online accounts—were insufficient to reassure the Court that they would keep their funds at issue in this suit within reach.  Nor does Plaintiff's delay in bringing this suit affect the likelihood of immediate irreparable harm, should Defendants disappear with their assets upon notice of this suit.  The Court, therefore, finds no reason to dissolve the TRO.

IT IS SO ORDERED.

June 20, 2026                                             s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         Chief United States District Judge

cc (via ECF email notification):

All counsel of record