**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TOKA, LLC, | |
| Plaintiff, | Civil Action No. 26-cv-00414 |
| v. | Chief Judge Cathy Bissoon |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

**PRELIMINARY INJUNCTION ORDER**

WHEREAS, on March 13, 2026, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts, as defined *infra*; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A", Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Walmart Inc. and Wal-Mart.com USA, LLC, Amazon Payments, Inc., Walmart Pay, and Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), ("Financial Institutions").

WHEREAS, on April 24, 2026, Plaintiff filed an *Ex Parte* Motion for an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, on May 27 and 28, 2026, the Court entered the following Orders:

(A) 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts, against all the Defendants identified on the attached **Schedule "A"**, the Third-Party Service Providers, and the Financial Institutions ("TRO") (May 27, 2026); and

(B) an Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (May 28, 2026); and

WHEREAS, on June 22, 2026, at 3:00 p.m., Plaintiff appeared for the Order to Show Cause Hearing; however, none of the Defendants on the attached "Schedule 'A' of Non-Appearing Defendants" appeared. Further, no Third-Party Service Providers or Financial Institutions appeared.

## I. Order Continuing Restraints

A.     IT IS HEREBY ORDERED, as sufficient cause has been shown, the injunctive relief previously granted on May 27, 2026, shall remain in place through the pendency of this litigation as to the Defendants identified on the attached "Schedule 'A' of Non-Appearing Defendants," and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under FRCP 65, Section 34 of the Lanham Act as to these Defendants.  The evidence establishes that Plaintiff has shown a sufficient likelihood of success on the merits of this action against these Defendants. The Court also concludes that Plaintiff has shown that immediate and irreparable injury, loss, and damage will likely result should the relief entered by this Order not be granted. Specifically, the Court finds that Defendants' products are likely to continue to cause Plaintiff to suffer lost profits, compromise the value of Plaintiff's brand, and negatively impact Plaintiff's relationships with its current customers and its ability to attract new customers. Defendants will not be harmed by the imposition of the injunctive relief requested, because the injunction only

prohibits Defendants from taking actions they are otherwise not entitled to perform under the law. And finally, the public interest favors the issuance of the requested injunction, and Plaintiff has no adequate remedy at law for the immediate and irreparable harms identified.

Accordingly, each Defendant identified in the attached "Schedule 'A' of Non-Appearing Defendants," its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall continue to be restrained as follows:

(1) from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that unfairly compete with Plaintiff's product;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[1] Merchant Storefronts[2] or

---

[1]    As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with at least one of the online marketplace platform(s), AliExpress.com, Amazon.com, eBay.com, Walmart.com, and Wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[2]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the unfairly competing products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"),  Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), ("Third Party Service Provider(s)'') and, Amazon Payments, Inc. d/b/a pay.amazon.com, and Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[3]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants

---

[3]   This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court; (in order to confirm compliance with this Order, the Plaintiff is permitted leave to serve a subpoena on such Third Party Service Provider(s) and Financial Institution(s) seeking the following information:  (a) Bank account and routing numbers registered and used with regard to each seller account; (b) Financial records and other documents identifying the use of third-party payment service providers such as Payoneer and Wise; (c) Dates when funds were last sent from the seller to their seller account and the respective amount transferred; (d) Dates when funds were last sent from the seller account to the seller and the respective amount transferred; (e) amount and location of the

seller's assets that are in Amazon's control; (f) copies any insurance policies owned by the Defendants; and (g) all documents identifying the Defendants.

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of falsely advertising their products;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order and the Alternative Service Order shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this Order in accordance with the Alternative Service Order.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third Party Service Providers and Financial Institutions, is hereby restrained

- 7 -

and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant identified on the attached "Schedule 'A' of Non-Appearing Defendants" or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within (5) days after receiving notice of this Order, providing services to Defendants identified on the attached Schedule "A", Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days,

(1) any Third Parties are ordered to suspend any listing of a product that is identified as originating outside of the United States and unfairly competing with Plaintiff's Product.[4]

---

[4] For the purposes of Paragraphs I.C above, relief against any putative unfair competitor (person or entity) who is not named as a Defendant in this action is expressly limited to the "taking-down" of unfairly competing product-listing(s), as provided in Paragraph I.C. This Order neither authorizes nor requires: (1) a freezing of the accounts/assets of any unnamed putative unfair competitor; or (2) the entry of judgment against any unnamed putative unfair competitor.

(2) all online marketplaces, including but not limited to, Amazon.com, Walmart.com, and Temu.com, shall, in the event a request for takedown or delisting of Plaintiff's Works occurs, upon receipt of this Order, immediately relist or otherwise reinstate Plaintiff's Works so that they may be purchased on the online marketplace.

## II. Order Authorizing Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown through Defendants' failure to appear at the show cause hearing, Plaintiff may propound discovery upon Defendants identified in the attached 'Schedule 'A' of Non-Appearing Defendants," their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service, to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants identified in the attached "Schedule 'A' of Non-Appearing Defendants" and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

---

Requests for additional relief against non-party putative unfair competitors must be presented for adjudication by motion or through other appropriate filing(s).

(1) all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, insurance policies, including any and all e-mail addresses of Defendants that were not previously provided; and

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts.

### III. Security Bond

IT IS FURTHER ORDERED, the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

### IV. Unsealing Order

WHEREAS, the reasons for keeping the documents in this case sealed no longer exist, it is FURTHER ORDERED that the Clerk of Court is hereby directed to unseal all the documents previously filed under seal in this case.

- 11 -

IT IS SO ORDERED.

SIGNED this 23rd day of June 2026
Pittsburgh, Pennsylvania

s/ Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

## Schedule "A" of Non-Appearing Defendants
## Defendants with Store Name and Seller ID and Counts

| Defendant Number | Store/Seller Name | Counts | Seller ID |
|---|---|---|---|
| ■ | ■ | | ■ |
| 2 | AAA-GRAND VISION COMPANY | V | A3T32GX2KP90OD |
| 3 | ALLGRIP | III, V | A9BD6NXNT5SGY |
| 4 | ANPOOL | II, V | A2HVQ44OHVMJSQ |
| 5 | BEIYIQINGSHU | I, III, V | A5EJUFSUMXGCF |
| ■ | ■ | | ■ |
| 7 | BOFENGSHANGMAO | II, V | A78Q8Q0E9U11J |
| 8 | BOYOUKEJI | II, III, V | A368059GKZO0L6 |
| 9 | BOYUNDIRECT | II, III, V | A166G3KEM2MI2S |
| 10 | C.JOY | III, V | A4Z8G2X5O043G |
| ■ | ■ | | ■ |
| ■ | ■ | | ■ |
| 13 | COMERCIALIZADORA CLICKLIFE | I, V | AADQUOW4A5071 |
| 14 | DALAOBAN-US | I, V | AMWXEQKTT37S7 |
| 15 | DAYLUME LIVING | III, V | A2NUUDCQ9PCJA9 |
| ■ | ■ | | ■ |
| 17 | DOUYAYIGOU | III, V | A1MY8OS2AIBYQB |
| 18 | DOXUANAI-US | II, III, V | AMIELKCFPN4WD |
| 19 | EJEX STORE | II, V | A1PJQT0UI8T98F |
| 20 | EL PEQUEN | I, III, V | A2DXQU1VNYFJ7V |
| 21 | EMITYMUTIC STORE | V | A2NLWOLG58WMC8 |
| 22 | GAWEAR STORE | II, V | A2MH91OV8Y059H |
| 23 | GUANGDONGSHENGLVJIEHENGXINHUANJINGKEJI | I, V | AQXPMYPK8QA8R |
| 24 | GUANGZHOUSHIWENQUEZHONGMAOYIYOUXIANGONGSI | I, V | A1GDDSCUJVVDDO |
| 25 | GUANGZHOUYIXIANGSHANGMAOYOUXIANGONGSIX | III, V | A2TFA3998JVVHT |
| 26 | GULLUOGLU . | II, III, V | A3P15LGXOTRVBC |
| ■ | ■ | | ■ |
| 28 | HAOXIANGLIU | I, V | A1SAI4UDPMOCQL |
| 29 | HAVEN HOUSEHOLD | II, III, V | A3DBKPDU8MYPDV |
| ■ | ■ | | ■ |
| 31 | HUJITA HOME US | II, V | A2YGFE3BD5MBZV |
| ■ | ■ | | ■ |
| ■ | ■ | | ■ |
| 34 | KANB0 | II, V | A35V74ELHL194L |
| ■ | ■ | | ■ |
| 36 | KOAXON SKY STORE | V | A2UWZGMUUER7L |

| 37 | KOMPSEN | V | A11G1P7T9844P9 |
|---|---|---|---|
| 38 | LATUO | II, V | A23NSV56H2LEG2 |
| 39 | LEKOME | I, II, V | AE6VEAMVPOLRU |
| 40 | LI SAID IT WAS ALL THE TIME AT THE DEPARTMENT STORE | I, V | A3DLFEPR2DHWRW |
| 41 | LIHUIYUSHANGMAO | I, III, V | A3B73EHOPC043C |
| 42 | LING JIEXING | II, V | AEAL0D0C57050 |
| 43 | LONGYANLIANGCHENGMAOYIYOUXIANGONGSI | III, IV, V | A3LM0O52X54EQK |
| 44 | LOPDJG4564 | V | ATV6XN8KY53D5 |
| 45 | LULUNI | III, V | A2JKRYUJ9DA87U |
| 46 | LUOHEXUYIWANGLUOKEJIYOUXIANGONGSI | V | A2IMP51BR1T5OK |
| 47 | LYLEI | II, V | A1T77O9NT4YO6E |
| 48 | MANGOBOB | V | A3V76L9M0Z349H |
| ▮ | ▮▮▮▮ | | ▮▮▮▮ |
| ▮ | ▮▮▮ | | ▮▮▮▮ |
| ▮ | ▮▮▮ | | ▮▮▮ |
| ▮ | ▮▮▮ | | ▮▮▮▮ |
| 53 | OSIDEN | II, V | A2G3MO6EOCONQV |
| ▮ | ▮▮▮ | | ▮▮▮ |
| 55 | QINGQINGXIAODIANA | I, III, V | A13GWG2NN198YH |
| 56 | QIXIANGUANZHIKAINONGCHANPINXIAOSHOUZHONGXIN | III, V | AN5DYY5MTEGJG |
| 57 | ROSEGURT | II, V | AFSF3DKYFE9NK |
| 58 | ROTATABLE OUTLET EXTENDER | II, V | A1IS4IAJ760YBQ |
| 59 | SHIYUNKEMAO | II, V | A2XZVCD4W28SRH |
| 60 | SHUANGFENGXIANHONGXISHANGMAOYOUXIANGONGSI | I, II, V | ALPOYHLZ744HL |
| 61 | SMART BASTEER LINK | V | A3O3IN781UK43J |
| 62 | SOMOSU-JP | II, V | A2CYJ25J4E860K |
| 63 | SRXBYWS-US | V | A30BXD8VUJZJLF |
| 64 | TANLONGPU | III, V | ADLV64AD37YFT |
| ▮ | ▮▮▮ | | ▮▮▮▮ |
| 66 | TENHONCE US | II, III, V | A3QN169M7RHQFD |
| 67 | WANGWW | III, V | A3FL5RN2SIFWID |
| 68 | WEI DAI SHOP | V | AZMYVO49U319X |
| 69 | WENZHOUXUFANGKUAITUSHIFANGGONGCHENGYOUXIAN GONGSI | II, III, IV, V | AP4QYYUS9DD4T |
| 70 | XINYANGMOCHEN | V | A1PPHO8LXJXGYD |
| 71 | XPCPEKT | III, V | A2M23AV7DMSVIU |
| 72 | XUZHOU CHANGLUO TRADING CO., LTD. | V | A16X4CFE3M92NL |
| ▮ | ▮▮▮ | | ▮▮▮ |
| 74 | YU XUNSHENG | I, V | A24KK1FKND5FV |
| 75 | YUELINLIN STORE | II, V | A1IHOM78SA1MW8 |
| ▮ | ▮▮▮ | | ▮▮▮ |
| 77 | YULUDIANZI | I, V | A2X4LMCZW59MU1 |

| 78 | YUPURSTYLE | II, V | A2HWX90N7QYT07 |
|---|---|---|---|
| 79 | YUSHANXIANSHUNNUOJIAJUYOUXIANGONGSI | I, II, III, V | A1JVGOUNDECGRO |
| 80 | YUXUNSHENG | I, V | A24KK1FKND5FVS |
| 81 | ZENITH DAY | V | A1CSCN6Y3M1I5O |
| 82 | ZHENGJUNSHOP | I, V | A2YFW7OC84NMSE |
| 83 | ZHOUKOUXIRANSHANGMAO | II, VI | A3H83FT7MEQ81O |
| 84 | ALILYY | III, V | 101641071 |
| 85 | AMYCOCO | II, III, V | 103047193 |
| 86 | AUSIGN INC | V | 102949143 |
| 87 | BIGCAN | I, V | 102715192 |
| 88 | BOYS-FASHION | II, V | 102778449 |
| 89 | EMPIRE ACCESSORIES LLC | II, III, V | 101602506 |
| 90 | FEIZEE | II, V | 102893726 |
| 91 | GETHOOTELL | III, V | 102760654 |
| 92 | GUOQING SHOP | I, V | 102929563 |
| 93 | JINGTUO STORE | I, III, V | 102905704 |
| 94 | LANLANLUO | I, II, V | 103031652 |
| 95 | MACRO SHOP | II, V | 102854752 |
| 96 | MENGJIANKEJI | I, V | 102842525 |
| 97 | NAN.US | V | 102736867 |
| 98 | PEAKBUD | II, V | 102635019 |
| 99 | POCKET-FRIENDLY MART | II, III, V | 102903659 |
| 100 | SACRED TRAVEL US STORE | V | 103051345 |
| 101 | SOLDIERHALL | V | 102762876 |
| 102 | STARCLOUD | V | 102753808 |
| 103 | TEMPERATURE | II, V | 102750675 |
| 104 | THINGAMABOBS CO | II, III, V | 102601533 |
| 105 | VRUELIA E-COMMERCE | I, II, V | 102762168 |
| 106 | WINTER RHYTHM TRADING | V | 102748649 |
| 107 | XINYUEFEID | I, V | 102635619 |
| 108 | YAO DONG HOME FURNISHING | V | 103041782 |
| 109 | YOGINOVA | II, V | 102841121 |
| 110 | YUANYUANHAN | II, V | 102842760 |
| 111 | YUGE LLC | III, V | 102823461 |
| 112 | YUJING SUPERLIFE | III, V | 102871285 |
| 113 | YUNWOO | II, V | 102895316 |
| 114 | ZY TECH | II, V | 102894117 |
| 115 | A BOOYOU | III, V | 634418219585194 |
| ▉ | ▉ | | ▉ |
| 117 | BRIGHT JOURNEY | I, II, V | 634418228136050 |
| 118 | DEPOW DIRECT | II, IV, V | 634418215163143 |
| 119 | GGGBB YAQEE | II, V | 634418226841234 |

- 15 -

| | | | |
|---|---|---|---|
| ███ | ████████████ | | ███████████ |
| 121 | HTOFFJ | V | 634418216614428 |
| 122 | JADE CAPITAL | I, V | 634418227010907 |
| 123 | LIDIOOO | II, V | 634418212828663 |
| 124 | LISHA ECOMMERCE | II, V | 634418222075362 |
| ███ | ███████ | | ██████████ |
| 126 | MISDLAR | II, V | 634418217798085 |
| ███ | ██████████ | | ██████████ |
| 128 | PNKSJP | V | 634418218047897 |
| 129 | SIXGO SHOP | I, II, V | 634418215457298 |
| 130 | SUNNYHUTLIFE | II, V | 634418226672142 |
| 131 | UNBANISH | II, V | 634418223949225 |
| 132 | XINWEIGUANG | IV, V | 634418227893730 |
| 133 | YOU01-02 | V | 741070852956024 |
| 134 | YUYUQ | II, V | 634418220174771 |
| 135 | ZBY10-02 | II, V | 741070853034945 |
| 136 | ZHONGNUOINTERNATIONALTECHNOLOGYCOLIMITED | I, V | 634418226689907 |