**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TOKA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:26-cv-00414 |
| v. | ) |
| | ) Chief Judge Cathy Bissoon |
| SCHEDULE A DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

---

**APPEARING DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM FOR FALSE ADVERTISING**

**PRELIMINARY STATEMENT**

Defendants **Casesmile** (No. 11; Seller ID A13X88IZ7T5G1S; Shenzhen Shengxin Technology Co., Ltd.), **Haodsso Direct** (No. 27; Seller ID A2FQDMEDEJY78E; Guangzhou Kaizichen Technology Co., Ltd.), **Yueshao** (No. 76; Seller ID A1MD9L71WI1Y0P; Bengbu YueShao E-Commerce Co., Ltd.), and **Beeyong** (No. 116; Seller ID 634418216098467; Shenzhen Andalian Tech Co., Ltd.) (collectively, the "Appearing Defendants"), by and through undersigned counsel, hereby answer the Complaint of Plaintiff Toka, LLC ("Plaintiff" or "Toka") and assert their affirmative defenses and counterclaim as follows. The Appearing Defendants answer only on their own behalf and not on behalf of any other defendant identified on Schedule "A." Any allegation not expressly admitted is denied.

To the extent the Complaint groups all Schedule "A" defendants together without distinguishing among them, the Appearing Defendants deny that they are properly grouped with, or jointly responsible for the conduct of, any other defendant, and deny any allegation that purports to attribute the acts of other defendants to them. The Appearing Defendants further note

1

that Plaintiff's Complaint asserts Count I against an enumerated list of defendant numbers that does not include the Appearing Defendants; asserts Count III against an enumerated list that does not include the Appearing Defendants; and asserts Count IV against an enumerated list that does not include the Appearing Defendants. Accordingly, allegations made exclusively in support of Counts I, III, and IV are not directed at the Appearing Defendants, and no response is required; to the extent a response is deemed required, the Appearing Defendants deny those allegations as to themselves. Each Appearing Defendant appears and answers solely on its own behalf, and nothing in this pleading is intended to suggest that the Appearing Defendants share any common factual circumstance beyond their separate, independent sale of competing outlet-extender products.

For the avoidance of doubt, and although they answer jointly in this single pleading for the convenience of the Court and the parties, the Appearing Defendants are not similarly situated in all respects. In particular, the Appearing Defendants understand that Plaintiff's pre-suit communications were directed to Casesmile, Haodsso Direct, and Yueshao but not to Beeyong. The Appearing Defendants assert and preserve all arguments arising from Plaintiff's pre-suit knowledge of the Appearing Defendants and their representation by counsel; those arguments are the subject of the Appearing Defendants' separately filed motion and are not re-argued here. Beeyong joins this Answer and the Counterclaim on its own behalf and does not rely on any allegation concerning Plaintiff's pre-suit communications.

The Appearing Defendants further note that, following the preliminary-injunction hearing held June 22, 2026, the Court declined to extend the temporary restraining order with respect to each of the Appearing Defendants -- Casesmile (No. 11), Haodsso Direct (No. 27), Yueshao (No. 76), and Beeyong (No. 116) -- as Plaintiff itself has acknowledged.

**ANSWER TO SPECIFIC ALLEGATIONS**

Responding to the unnumbered introductory paragraph of the Complaint, the Appearing Defendants deny that they are promoting, advertising, distributing, offering for sale, or selling knock-off or infringing versions of any patented product, deny that they are making any false claims regarding their products, and deny the remaining characterizations therein. The Appearing Defendants admit only that they offer outlet-extender products for sale through the seller identities set forth above.

*Nature of Action*

1. The Appearing Defendants admit that Plaintiff purports to be the owner of U.S. Patent No. D1,006,758 and U.S. Patent No. 12,155,158, and that copies of those patents are attached to the Complaint as Exhibit 1. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore deny them.

2. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's sales channels and its ownership of photographs, videos, artwork, text, and product instructions, and therefore deny them.

3. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations describing Plaintiff's product and its intended uses, and therefore deny them.

4. The Appearing Defendants admit that Plaintiff's product and packaging display an ETL mark and a reference to UL 498A. Except as so admitted, the allegations of paragraph 4 are denied, and the Appearing Defendants specifically deny that Plaintiff's fully assembled product, as marked and sold, complies with UL 498A, as set forth in the

Counterclaim below.

5.    Denied as to the Appearing Defendants.

6.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they have infringed any design patent, used Plaintiff's images, passed off any product as meeting UL standards, misrepresented ETL certification, or falsely represented any product as electrically grounded. To the extent the allegations of paragraph 6 concern other defendants, the Appearing Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

7.    Denied as to the Appearing Defendants.

8.    Denied. The Appearing Defendants specifically deny that their conduct arises out of the same transaction, occurrence, or series of transactions or occurrences as that of any other defendant, and deny that they share the characteristics alleged.

9.    Paragraph 9 states legal conclusions concerning the claims Plaintiff purports to bring, to which no response is required. To the extent a response is required, the Appearing Defendants deny that Plaintiff is entitled to any relief against them.

### Jurisdiction and Venue

10.    Paragraph 10 states legal conclusions regarding subject-matter jurisdiction to which no response is required. To the extent a response is required, the Appearing Defendants admit that Plaintiff purports to invoke the cited statutes but deny that Plaintiff is entitled to any relief.

11.    Paragraph 11 states legal conclusions regarding personal jurisdiction and quotes the Pennsylvania long-arm statute, to which no response is required. The Appearing Defendants do not contest personal jurisdiction for purposes of this action only and

reserve all other defenses.

12. Paragraph 12, including its subparts (a) through (i), states legal conclusions regarding personal jurisdiction to which no response is required. To the extent a response is required, the Appearing Defendants do not contest personal jurisdiction for purposes of this action only, deny the remaining factual allegations as to themselves, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and therefore deny them.

13. Paragraph 13, including its subparts (a) through (c), states legal conclusions regarding personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) to which no response is required. To the extent a response is required, the allegations are denied as to the Appearing Defendants.

14. Paragraph 14 states legal conclusions regarding venue to which no response is required. To the extent a response is required, the Appearing Defendants do not contest venue for purposes of this action only and deny the remaining allegations as to themselves.

### *Introduction*

15. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's ownership of intellectual property and therefore deny them.

16. Denied as to the Appearing Defendants. The Appearing Defendants deny that they sell knock-offs of Plaintiff's product or make any false claim that their products are electrically grounded.

17. The Appearing Defendants admit that Plaintiff purports to own U.S. Patent No. D1,006,758 and U.S. Patent No. 12,155,158. The Appearing Defendants deny the

remaining allegations of paragraph 17, including the allegation that the patents were issued prior to any act of infringement by the Appearing Defendants, and deny that they have committed any act of infringement.

18.    Denied as to the Appearing Defendants.

19.    Denied. The Appearing Defendants specifically deny that they share unique identifiers with, or have any logical relationship to, any other defendant, deny that their operations arise out of the same transaction or occurrence as those of any other defendant, and deny that they conceal their identities or operate any illegal operation.

20.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they have engaged in any piracy of Plaintiff's design or caused Plaintiff any harm.

21.    The allegations of paragraph 21 concern the general phenomenon of online retailing and are not directed at the Appearing Defendants; to the extent a response is required, they are denied as to the Appearing Defendants.

22.    Denied. The Appearing Defendants specifically deny that they share unique identifiers with, or have any logical relationship to, any other defendant, deny that their operations arise out of the same transaction or occurrence as those of any other defendant, and deny the use of aliases to avoid liability.

23.    Denied as to the Appearing Defendants.

24.    Denied as to the Appearing Defendants. The Appearing Defendants deny engaging in any deceptive advertising.

25.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they exhibit any "telltale signs of an illegal piracy ring," deny that they use fake storefronts or sell inferior imitations, and deny that they share unique identifiers with, or have any

6

logical relationship to, any other defendant.

### *The Plaintiff*

26. The Appearing Defendants admit that Plaintiff describes itself as a Connecticut limited liability company. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's principal place of business and therefore deny them.

27. The Appearing Defendants admit that Plaintiff purports to own the referenced patents and to sell an outlet-extender product online. The Appearing Defendants deny that they infringe, unfairly compete with, or cause harm to Plaintiff, and deny the remaining allegations of paragraph 27.

28. Denied as to the Appearing Defendants. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other brand owners or other defendants and therefore deny them.

29. The allegations of paragraph 29 concern the general phenomenon of online counterfeiting and are not directed at the Appearing Defendants; to the extent a response is required, the Appearing Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

30. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's expenditures and consumer recognition of its product, and therefore deny them.

31. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the reasons for Plaintiff's success, and therefore deny them.

32. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's protective efforts and its licensees, and therefore deny them. To the extent paragraph 32 alleges that the Appearing Defendants are not authorized to sell their products, it is denied.

### *The Defendants*

33. The Appearing Defendants admit only that they offer outlet-extender products for sale to consumers in the United States through online marketplaces. Except as so admitted, the allegations of paragraph 33 are denied as to the Appearing Defendants, including the allegation that they sell knockoffs of Plaintiff's product. To the extent the allegations concern other defendants, the Appearing Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

### *The Defendants' Unlawful Conduct*

34. Denied as to the Appearing Defendants. The Appearing Defendants admit only that they offer outlet-extender products for sale to consumers in the United States. To the extent the allegations concern other defendants, the Appearing Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

35. Denied as to the Appearing Defendants.

36. Denied as to the Appearing Defendants. The Appearing Defendants deny that they use Plaintiff's patented design or sell any product that is a knock-off of, or virtually identical to, Plaintiff's product.

37. Denied as to the Appearing Defendants. The Appearing Defendants do not use images of Plaintiff's product to advertise their goods.

38. Denied as to the Appearing Defendants.

39.    Denied as to the Appearing Defendants. The Appearing Defendants do not use Plaintiff's design, images, or other intellectual property and do not represent that their products originate from Plaintiff.

40.    Denied as to the Appearing Defendants. The Appearing Defendants further state that Plaintiff's own fully assembled product is marked as complying with UL 498A when, as alleged in the Counterclaim, it does not.

41.    Denied as to the Appearing Defendants.

42.    Denied as to the Appearing Defendants. The grounding allegations are the subject of Count IV, which is not pleaded against the Appearing Defendants.

43.    Denied as to the Appearing Defendants. The grounding allegations are the subject of Count IV, which is not pleaded against the Appearing Defendants.

44.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they conceal their identities or operate any piracy operation.

45.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they had knowledge of Plaintiff's patents as alleged.

46.    Denied as to the Appearing Defendants. The Appearing Defendants deny that they use fictitious names or addresses or create new accounts to conceal their identities or avoid being shut down.

47.    Denied. The Appearing Defendants specifically deny that their products were manufactured by, or come from a common source with, those of any other defendant, and deny that they are interrelated with any other defendant.

48.    Denied as to the Appearing Defendants. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other

defendants or other cases and therefore deny them.

49. Denied as to the Appearing Defendants. The Appearing Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants, other cases, or generalized payment-gateway and offshore-account practices and therefore deny them.

50. Denied as to the Appearing Defendants. The Appearing Defendants deny that they have pirated Plaintiff's product or sold any illegal product.

51. Denied as to the Appearing Defendants to the extent this paragraph alleges that the Appearing Defendants offer or sell infringing or falsely advertised products. The Appearing Defendants admit only that they offer outlet-extender products for sale through their respective seller identities.

### Count I -- Federal Unfair Competition (Use of Plaintiff's Images)

Count I is asserted only against an enumerated list of defendant numbers (Nos. 5, 13, 14, 20, 23, 24, 28, 39, 40, 41, 55, 60, 74, 77, 79, 80, 83, 87, 92, 93, 94, 96, 105, 107, 117, 122, 129, and 136) that does not include any Appearing Defendant. Count I is therefore not directed at the Appearing Defendants, and no response to its allegations (Complaint ¶¶ 52–62) is required of them. To the extent any allegation in Count I is deemed directed at the Appearing Defendants, it is denied.

### Count II -- Federal Unfair Competition (Passing Off Fully Assembled Product as Meeting Applicable UL Standards)

63. The Appearing Defendants incorporate their foregoing responses as if fully set forth herein.

64. Denied as to the Appearing Defendants.

65. Denied as to the Appearing Defendants. The Appearing Defendants deny that any statement concerning their products is materially false. The Appearing Defendants further note that paragraph 65 refers to "their lights," which appears to be an error carried over from an unrelated pleading and bears no relation to the products at issue.

66. Denied as to the Appearing Defendants.

67. Denied as to the Appearing Defendants. The Appearing Defendants further note that paragraph 67 refers to "flashlight purchasing decisions," which appears to be an error carried over from an unrelated pleading and bears no relation to the products at issue.

68. Denied as to the Appearing Defendants to the extent this paragraph alleges that the Appearing Defendants caused any false statement to enter interstate commerce.

69. Denied. The Appearing Defendants specifically deny that Plaintiff is suffering irreparable injury, and further deny that Plaintiff is entitled to any presumption of irreparable harm in a Lanham Act false-advertising action under controlling Third Circuit authority. The Court's refusal, following the June 22, 2026 hearing, to extend the temporary restraining order as to the Appearing Defendants is inconsistent with any finding that Plaintiff faces irreparable harm from the Appearing Defendants.

70. Denied as to the Appearing Defendants. The Appearing Defendants deny that any conduct on their part was knowing or willful.

71. Denied as to the Appearing Defendants. The Appearing Defendants deny that this is an exceptional case as to them.

72. Denied as to the Appearing Defendants. The Appearing Defendants deny that Plaintiff is entitled to any injunctive relief, damages, profits, enhanced damages, attorneys' fees, or costs against them.

### *Count III -- Federal Unfair Competition (Falsely Stating Products Are ETL Certified)*

Count III is asserted only against an enumerated list of defendant numbers (Nos. 3, 5, 8, 9, 10, 15, 17, 18, 20, 25, 26, 29, 41, 43, 45, 49, 55, 56, 64, 66, 67, 69, 71, 79, 83, 84, 85, 89, 91, 93, 99, 104, 111, 112, and 115) that does not include any Appearing Defendant. Count III is therefore not directed at the Appearing Defendants, and no response to its allegations (Complaint ¶¶ 73–81) is required of them. To the extent any allegation in Count III is deemed directed at the Appearing Defendants, it is denied.

### *Count IV -- Federal Unfair Competition (Falsely Representing Products Are Grounded)*

Count IV is asserted only against an enumerated list of defendant numbers (Nos. 43, 54, 69, 118, 127, and 132) that does not include any Appearing Defendant. Count IV is therefore not directed at the Appearing Defendants, and no response to its allegations (Complaint ¶¶ 82–90) is required of them. To the extent any allegation in Count IV is deemed directed at the Appearing Defendants, it is denied.

### *Count V -- Common Law Unfair Competition*

91. The Appearing Defendants incorporate their foregoing responses as if fully set forth herein.

92. Paragraph 92 states a legal conclusion concerning Pennsylvania common law to which no response is required. To the extent a response is required, the Appearing Defendants deny that they have engaged in any actionable unfair competition.

93. Denied as to the Appearing Defendants. The Appearing Defendants deny that they have infringed any patented design, created any knock-off product, or made any literally false representation concerning the characteristics or qualities of their products.

94. Denied as to the Appearing Defendants. To the extent paragraph 94 incorporates the

grounding theory pleaded in Count IV, that Count is not asserted against the Appearing Defendants, and no response is required.

95.     Denied as to the Appearing Defendants.

96.     Denied as to the Appearing Defendants. The Appearing Defendants deny that they use Plaintiff's patented design or cause any confusion as to the origin or quality of any product.

97.     Denied as to the Appearing Defendants. The Appearing Defendants deny making any literally false statement in their advertisements.

98.     Denied as to the Appearing Defendants. The Appearing Defendants deny that Plaintiff is suffering any irreparable injury or damages as a result of any conduct by the Appearing Defendants.

99.     Denied as to the Appearing Defendants. The Appearing Defendants deny that Plaintiff is entitled to injunctive relief, damages, profits, or punitive damages against them.

Responding to Plaintiff's Prayer for Relief (including all subparts and any request for injunctive relief, damages, an accounting, disgorgement, punitive damages, attorneys' fees, and costs), the Appearing Defendants deny that Plaintiff is entitled to any relief whatsoever against the Appearing Defendants and respectfully request that the Complaint be dismissed as to them with prejudice.

The Appearing Defendants deny each and every allegation of the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving the right to amend or supplement as discovery proceeds, the Appearing Defendants assert the

following defenses.

### First Defense -- Failure to State a Claim

The Complaint fails to state a claim against the Appearing Defendants upon which relief can be granted. Among other deficiencies, the Complaint groups the Appearing Defendants with scores of unrelated sellers and fails to allege any specific false statement made by any Appearing Defendant, as required to plead a Lanham Act false-advertising claim.

### Second Defense -- Counts I, III, and IV Are Not Pleaded Against the Appearing Defendants

By the express terms of the Complaint, Counts I, III, and IV are asserted only against enumerated defendant numbers that do not include the Appearing Defendants. The Appearing Defendants cannot be held liable under counts that are not pleaded against them, and any relief premised on those counts is unavailable as to the Appearing Defendants.

### Third Defense -- No Literally False or Misleading Statement

The Appearing Defendants made no statement of fact concerning their products that is literally false or that has a tendency to deceive. Any statement attributable to the Appearing Defendants was true, non-actionable puffery, or not material to consumers' purchasing decisions.

### Fourth Defense -- No Irreparable Harm; No Presumption

Plaintiff cannot establish irreparable harm. Under Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc., 765 F.3d 205 (3d Cir. 2014), there is no presumption of irreparable harm in a Lanham Act case, and Plaintiff must -- but cannot -- demonstrate actual irreparable injury caused by the Appearing Defendants.

### Fifth Defense -- Delay and Laches

Plaintiff's claims are barred or limited, in whole or in part, by its own delay. Plaintiff was aware of Casesmile, Haodsso Direct, and Yueshao and their counsel well before seeking ex parte

relief in this action, and its delay in asserting the claims now pressed negates any claim of urgency or irreparable harm. More generally, Plaintiff's delay in pursuing the conduct alleged is inconsistent with the urgency it asserts as to all Appearing Defendants.

### Sixth Defense -- Unclean Hands

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff itself markets the EZ OUTLET® as "Complies with UL 498A" and as ETL-certified when, as set forth in the Counterclaim, Plaintiff's own fully assembled product does not conform to UL 498A and bears materially inconsistent and inaccurate safety markings. A party that engages in the very conduct it accuses others of cannot obtain equitable relief premised on that conduct.

### Seventh Defense -- No Standing for Certain Relief / Lanham Act Zone of Interests

To the extent Plaintiff seeks relief unsupported by a cognizable commercial injury proximately caused by the Appearing Defendants, Plaintiff lacks standing under Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014).

### Eighth Defense -- Improper Joinder

The Appearing Defendants are improperly joined with unrelated sellers. The Complaint does not plausibly allege that the Appearing Defendants' conduct arises out of the same transaction, occurrence, or series of transactions or occurrences as that of the other Schedule "A" defendants, as required by Federal Rule of Civil Procedure 20.

### Ninth Defense -- Patent Non-Infringement and Invalidity (Reserved)

To the extent any patent claim is or may be asserted against the Appearing Defendants, the Appearing Defendants do not infringe any valid, enforceable claim of U.S. Patent No. D1,006,758 or U.S. Patent No. 12,155,158, literally or under the doctrine of equivalents, and

15

those patents are invalid and/or unenforceable. The Appearing Defendants reserve all such defenses, including those to be developed with the assistance of expert testimony.

## Tenth Defense -- Reservation of Rights

The Appearing Defendants reserve the right to assert additional defenses, including those revealed through discovery, and do not waive any defense not asserted herein.

## COUNTERCLAIM

### (False Advertising in Violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

Counterclaim-Plaintiffs Casesmile, Haodsso Direct, Yueshao, and Beeyong (for purposes of this Counterclaim, "Counterclaim-Plaintiffs"), by counsel, assert the following counterclaim against Counterclaim-Defendant Toka, LLC ("Toka"), and allege as follows on knowledge as to their own acts and on information and belief as to all other matters:

### Nature of the Counterclaim

1. This is a counterclaim for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Toka has built its competitive position, and the premise of this lawsuit, on the representation that its EZ OUTLET® product is a safe, independently certified electrical device that "Complies with UL 498A" and is ETL-certified. As set forth below, those representations are literally false or misleading because Toka's own fully assembled product, as marked and sold, does not conform to UL 498A and bears materially inconsistent and inaccurate safety markings.

### Parties, Jurisdiction, and Venue

2. Counterclaim-Plaintiff Casesmile operates under Amazon Seller ID A13X88IZ7T5G1S (Shenzhen Shengxin Technology Co., Ltd.). Counterclaim-Plaintiff Haodsso Direct

16

operates under Amazon Seller ID A2FQDMEDEJY78E (Guangzhou Kaizichen Technology Co., Ltd.). Counterclaim-Plaintiff Yueshao operates under Amazon Seller ID A1MD9L71WI1Y0P (Bengbu YueShao E-Commerce Co., Ltd.). Counterclaim-Plaintiff Beeyong operates under Seller ID 634418216098467 (Shenzhen Andalian Tech Co., Ltd.). Each offers outlet-extender products for sale to United States consumers and competes directly with Toka in the market for outlet extenders.

3. Counterclaim-Defendant Toka, LLC is, by its own allegation, a Connecticut limited liability company that manufactures, advertises, and sells the EZ OUTLET® outlet extender through its website and through the Amazon.com and Walmart.com marketplaces.

4. This Court has subject-matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121, because it arises under the Lanham Act. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any related state-law theory.

5. Venue is proper in this District, and this Court has personal jurisdiction over Toka, because Toka invoked this Court's jurisdiction by filing this action here. This Counterclaim is compulsory under Federal Rule of Civil Procedure 13(a) because it arises out of the same transaction or occurrence -- the parties' competing representations regarding the safety and certification of competing outlet-extender products -- that is the subject matter of Toka's Complaint.

### *Factual Allegations*

6. Toka advertises and sells the EZ OUTLET® outlet extender (model designations including QV1-100-001), a telescoping electrical outlet extender that connects to a wall

receptacle by a plug on one end and presents receptacles and USB ports at the other end of a flexible, extendable shaft, and that includes a phone-charging ledge.

7. In its commercial advertising and promotion, including its product packaging, the device itself, and its online product listings, Toka represents to consumers that the EZ OUTLET® "Complies with UL 498A" (the Standard for Current Taps and Adapters) and that the product is ETL-certified as meeting applicable UL safety standards. Toka has affirmatively placed the safety and certification of its product at the center of its marketing, alleging that its certifications "signif[y] to consumers that the approved products are safe for use and meet or exceed industry safety standards."

8. Toka's representation that the fully assembled EZ OUTLET® complies with UL 498A is literally false or misleading for, among others, the following independent reasons.

9. First, on information and belief, the EZ OUTLET®, as designed and sold, does not conform to UL 498A because UL 498A by its own scope provisions does not cover devices of this type. UL 498A states that current taps wired to flexible cord are covered by the Standard for Attachment Plugs and Receptacles, UL 498, and that cord-connected, relocatable power taps intended for the temporary indoor extension of a branch circuit are covered by the Standard for Relocatable Power Taps, UL 1363. The EZ OUTLET® -- a cord-connected, relocatable, telescoping extension device -- falls within these excluded categories, such that a representation of "compliance with UL 498A" for the fully assembled device is inaccurate.

10. Second, on information and belief, the EZ OUTLET® bears materially inconsistent and inaccurate electrical-rating markings. The product's packaging and instructions state a maximum load of 1,875 watts (15 amps at 125 volts), while markings on the device itself

instruct the consumer not to exceed a total of 2,500 watts. These conflicting figures on the same product are themselves false or misleading representations concerning a material safety characteristic of the device, and are inconsistent with conformance to the marking requirements of the very standard Toka invokes.

11. Toka's representations are not mere puffery. They are specific, measurable claims of conformance to a named industry safety standard and of third-party certification, and they concern the safety of an electrical device -- a quintessentially material characteristic that is likely to, and does, influence consumers' purchasing decisions.

12. Toka's own pleadings confirm the materiality and the standard of falsity it espouses. Toka alleges that a representation that a "fully assembled product" meets applicable UL standards is false and deceptive where only a component, rather than the complete assembly, is certified, and that displaying a certification mark on a component "deceives the consumer into believing the fully assembled product itself is certified." Under the very standard Toka asks this Court to apply to others, Toka's representation that its fully assembled EZ OUTLET® complies with UL 498A is actionable if the fully assembled device does not, in fact, so comply.

13. Toka has caused these false or misleading representations to enter interstate commerce through its nationwide online sales and advertising.

14. Counterclaim-Plaintiffs compete directly with Toka and have been and will be injured by Toka's false advertising, including through diversion of sales and reputational harm, because Toka's false claims of superior safety and certification cause consumers to favor Toka's product over competing products and have been used by Toka as the basis to obtain ex parte relief shutting down Counterclaim-Plaintiffs' storefronts and freezing

19

their assets.

### *Count I-- False Advertising Under 15 U.S.C. § 1125(a)(1)(B)*

15.    Counterclaim-Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

16.    In its commercial advertising and promotion, Toka has made false or misleading representations of fact concerning the nature, characteristics, and qualities of its EZ OUTLET® product -- specifically, that the fully assembled product complies with UL 498A and is certified as meeting applicable UL safety standards.

17.    These representations are literally false or, at minimum, are misleading and have a tendency to deceive a substantial segment of the consuming public.

18.    The representations are material because they concern the safety and independent certification of an electrical device and are likely to influence consumers' purchasing decisions.

19.    Toka caused the representations to enter interstate commerce, and Counterclaim-Plaintiffs have been and are likely to be injured as a direct and proximate result, including through lost sales and injury to their commercial reputation.

20.    Toka's conduct was undertaken knowingly and willfully, rendering this an exceptional case under 15 U.S.C. § 1117(a).

### PRAYER FOR RELIEF

WHEREFORE, the Appearing Defendants respectfully request that the Court:

   a.  Dismiss Plaintiff's Complaint against the Appearing Defendants with prejudice, and enter judgment in their favor;

b.  Enter judgment in favor of Counterclaim-Plaintiffs and against Toka on the Counterclaim for false advertising under 15 U.S.C. § 1125(a)(1)(B);

c.  Enjoin Toka from representing that the fully assembled EZ OUTLET® complies with UL 498A or is certified as meeting applicable UL safety standards unless and until such representations are true and substantiated;

d.  Award Counterclaim-Plaintiffs their damages, Toka's profits attributable to the false advertising, and any enhancement permitted by law, in amounts to be proven at trial;

e.  Declare this an exceptional case and award Counterclaim-Plaintiffs their reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a); and

f.  Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Appearing Defendants demand a trial by jury on all issues so triable.

.

Respectfully submitted,

/s/ Ruoting Men
Ruoting Men, Esq.
GLACIER LAW LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
Tel: (212) 729-5049
ruoting.men@glacier.law

Counsel for the Appearing Defendants

21

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2026, the foregoing was filed with the Clerk of Court via the

CM/ECF system, which will serve notice on all counsel of record.

/s/ Ruoting Men
Ruoting Men
