**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TOKA, LLC,

Plaintiff,

v.

MILESSTORE, et al.,

Defendants.

_____/

Civil Action No. 2:26-cv-00414-CB
Chief Judge Cathy Bissoon

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF
<u>APPEARED DEFENDANTS</u>**

Defendants PAEWOK, (Amazon Store ID: A76UEPJFI6S2D, Doe 54), YAN-D Official (Amazon Store ID: A3RG89XYXPS24, Doe 73), blueera store (Amazon Store ID: A1AKU80EOOBRT8, Doe 6); Huuip (Amazon Store ID: A1W1HA81KFPVDH, Doe 32); huhui US (Amazon Store ID: A2UPW9XWUE2XSJ, Doe 30); Home cleaning U (TEMU Store ID: 634418227328504, Doe 120); NUTICT Direct (Amazon Store ID: AHPG2N45BS26Y, Doe 51); PINSHI Ecommerce (TEMU Store ID: 634418222073992, Doe 127); TECHY US (Amazon Store ID: A2G3LQI39QF9QI, Doe 65); MINOZOOS (Amazon Store ID: A3KAAUWPH74TOZ, Doe 50); CloudValley-Direct (Amazon Store ID: A23O8WN1PWUXRO, Doe 12); imluckies Direct (Amazon Store ID: ARLJL2CICFCU6, Doe 33); Keway (Amazon Store ID: A25PS6QE2GUW5V, Doe 35); Doe 49, Maxsure Mall US (Store ID: ATPRVWFNV6D6, Doe 49), DingYi Direct (Amazon Store ID:

A3KP9F58G0XABW, Doe 16) (collectively, "Answering Defendants"), by and through undersigned counsel, hereby answer Plaintiff's Complaint as follows:

## GENERAL DENIAL

Answering Defendants deny all allegations in the Complaint except those expressly admitted below. To the extent any allegation is not specifically addressed, it is denied.

## SPECIFIC RESPONSES

## NATURE OF ACTION

1.      Plaintiff developed the EZ OUTLET® outlet extender ("Plaintiff's Product") and is the owner of the patent and all other intellectual property related thereto. Plaintiff is the owner of U.S. Patent Nos. D1,006,758 for OUTLET EXTENDER (issued Dec. 5, 2023) and 12,155,158 for WALL MOUNTING OUTLET EXTENDER (issued Nov. 26, 2024). Copies of Plaintiff's Patents are attached hereto as **Exhibit 1**.

Response: Lack of knowledge. Denied.

2.      Plaintiff sells the EZ OUTLET® outlet extender through its own independent retail website (ezoutlet.com) and through its Amazon.com and Walmart.com storefronts. Plaintiff is the owner of various published photographs, videos, artwork, creative text and product instructions appearing on these webpages, screenshots of

which are attached hereto **Exhibit 2**.

Response: Lack of knowledge. Denied.

3.      Plaintiff's innovative rotatable and telescopic power outlet extender is intended to allow for relocation of a wall power outlet to a different, and more convenient, location without requiring electrical work or professional installation, without cluttering surrounding surfaces, and that can be repositioned or remounted to accommodate changing needs. Below are three images of Plaintiff's EZ OUTLET® outlet extender:



Response: Lack of knowledge. Denied.

4.      Plaintiff's EZ OUTLET® outlet extender is listed by Intertek (a Nationally Recognized Testing Laboratory for the United States) as complying with UL Standard 498A for Current Taps and Adapters. Such compliance earned Plaintiff's Product the

Electrical Testing Laboratories (ETL) certification which signifies to consumers that the approved products are safe for use and meet or exceed industry safety standards to minimize hazards such as electrical fires and/or shock.

Response: Lack of knowledge. Denied.

5.      Defendants' sale, distribution and advertising of the Infringing and Falsely Advertised Products are highly likely to cause consumers to believe that Defendants are offering genuine versions of Plaintiffs' Products, or a product of equal quality thereto, when in fact they are not.

Response: Lack of knowledge. Denied.

6.      Each Defendant has: (1) infringed Plaintiff's design patent; (2) unfairly competed with Plaintiff by using Plaintiff's images to advertise a product and delivering a different product to consumers that is not Plaintiff's product; (3) passing off fully assembled product as meeting applicable UL standards, when – at best – only a single component meets such standards; (4) unfairly competed with Plaintiff by falsely representing the product being sold is ETL certified  as meeting applicable UL safety standards; and/or (5) unfairly competed with Plaintiff by falsely representing the product being sold is electrically grounded, when in fact the product is not electrically grounded.  An example of a Defendant who is unlawfully doing several of the preceding items is set forth below:

| Product is Advertised Using Images of Plaintiff's EZ OUTLET® | Product Sold is Different From Product Advertised and Falsely Represents Product is Grounded |
| --- | --- |

| | Outlet Side Showing Grounded Outlet | Blade Side of Plug Showing Grounded Plug | Plug Open Showing Two Wires (No Ground Wire) |
|---|---|---|---|
| | | | |

Response: Denied.

7.      Defendants' Infringing and Falsely Advertised Products are substantially

inferior to the genuine product. As poorly designed and manufactured products,

Defendants' Infringing and Falsely Advertised Products create serious risk of harm to

users by exposing them to the risk of electrical fires or shock. The Infringing and

Falsely Advertised Products threaten to destroy the reputation of high quality and safety that Plaintiff's Products have earned.

Response: Denied.

8.      On information and belief, Defendants' sale of Infringing and Falsely Advertised Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions. The Infringing Products and false advertisements share similar characteristics including, for example, colors, shapes, sizes, and the nature of the false claims set forth.

Response: Denied.

9.      Plaintiff therefore brings this action for federal unfair competition and false advertisement in violation of Section 43(a) of the Trademark Act of 1946, as amended, patent infringement of Plaintiff's federally registered patents in violation of the Patent Act, common law unfair competition pursuant to 15 U.S.C. § 1125(a), 35 U.S.C. § 281, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

Response: Denied.

## JURISDICTION AND VENUE

10.      This Court has original subject matter jurisdiction over the federal claims in this action pursuant to the provisions of the Patent Act and the Lanham Act. 35 U.S.C. § 281, 15 U.S.C. § 1125(a), 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

Response: Admitted.

11.     Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, (the "Pennsylvania Long Arm Statute") which provides in pertinent part:

(a) **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth [including, but not limited to:]…

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth.

* * *

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

* * *

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

(b) **Exercise of full constitutional power over nonresidents.** In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. § 5322.

Response: Denied.

12.     The Pennsylvania Long Arm Statute confers personal jurisdiction over the Defendants because Defendants regularly conduct, transact, and/or solicit business in Pennsylvania and in this Judicial District and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this Judicial District. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Defendants should reasonably expect that their actions in and outside of Pennsylvania would subject them to legal action in Pennsylvania and this Judicial District. For example:

a. Defendants have directed their business activities at consumers in Pennsylvania via Online Marketplaces, through which consumers in Pennsylvania can view Defendants' online storefronts, communicate with Defendants regarding Defendants' Infringing and Falsely Advertised Products, and place orders for, purchase, and receive delivery of Defendants' Infringing and Falsely Advertised

Products in Pennsylvania.

b. Defendants are sophisticated sellers on Online Marketplaces, each operating one or more commercial businesses through which Defendants operate online storefronts to promote, advertise, distribute, offer for sale, and sell the Infringing and Falsely Advertised Products imported into the United States.

c. Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this Judicial District (and calculate, charge, and remit tax based on sales into Pennsylvania and this Judicial District).

d. Upon information and belief, Defendants have created an infringing and unfair marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying Plaintiff's patented inventions and which unfairly compete with Plaintiff, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (*e.g.*, search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for products embodying Plaintiff's patented inventions. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's patented invention and Defendants' unfair competition, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's inventions in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's inventions;

(3) causing overall degradation of the value of goodwill associated with Plaintiff's inventions; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's inventions.

e. Defendants are concurrently targeting their unlawful activities toward consumers in, and causing harm in, Pennsylvania.

f. Defendants reside and/or operate in foreign jurisdictions with intellectual property enforcement systems and are cooperating by creating an illegal stream of infringing goods. (*See, e.g.*, https://sellerdefense.cn/). Defendants regularly remove and add products from their online storefronts, making it extremely difficult to enforce Plaintiff's intellectual property under the laws of the United States.

g. Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's patented inventions and are aware that their infringement is likely to cause harm to Plaintiff in the United States, Pennsylvania, and this Judicial District.

h. Upon information and belief, Defendants are aware that they are making false claims by stating that their outlet extenders are electrically grounded and are aware that such false advertisements are likely to cause harm to Plaintiff, and consumers, in the United States, Pennsylvania, and this Judicial District.

i. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the Infringing and Falsely Advertised Products and unfair competition in direct competition with Plaintiff.

Response: Denied.

13.     Alternatively, if Defendants contend that their use of the Online Marketplaces should not be construed as contacts with the individual states and the Court accepts that contention, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.  For example, exercising jurisdiction is constitutionally permissible because:

a. Defendants have purposefully directed their activities at the United States. The Defendants have voluntarily chosen to open accounts on the Online Marketplaces to access the United States' market.  Upon information and belief, the Online Marketplaces target the entire United States, and do not provide sellers like Defendants with the ability to opt into or out of any particular jurisdiction (*e.g.*, state) within the United States. The Online Marketplaces chosen by Defendants: (1) provide prices in U.S. dollars; (2) advertise free shipping to U.S. buyers, including buyers in Pennsylvania, and (3) provide testimonials of and reviews by U.S. buyers.

b. Upon information and belief, Defendants have each had sales of the Infringing and/or Falsely Advertised Products in the United States.

c. The Plaintiff's injuries arise from Defendants' forum-related activities. Defendants' offer to sell, sale, and distribution of the Infringing and Falsely Advertised Products to U.S. residents is a but for cause of all of the infringement

alleged in this action.  Defendants know or should know that infringement of inventions patented by U.S. entities or persons and unfair competition on U.S. marketplaces is likely to injure U.S. residents.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District. Response: Denied.

## INTRODUCTION

15.    Plaintiff, TOKA, LLC, is the owner of the intellectual property protecting Plaintiff's EZ OUTLET® outlet extender.

Response: Denied.

16.    This action has been filed by Plaintiff to combat online sellers who trade upon Plaintiff's reputation, goodwill, and valuable intellectual property by selling and/or offering for sale knock-offs of Plaintiff's EZ OUTLET® outlet extender.  In addition, Defendants unfairly compete with Plaintiff by making false claims that the product being sold is electrically grounded when it is not.

Response: Denied.

17.    Plaintiff is the owner of U.S. Patent Nos. D1,006,758 for OUTLET EXTENDER (issued Dec. 5, 2023) and 12,155,158 for WALL MOUNTING OUTLET EXTENDER (issued Nov. 26, 2024) and the patents are attached hereto as

**Exhibit 1**.  Upon information and belief, the patents were issued prior to the Defendants' acts of infringement.

Response: Denied.

18.    In an effort to illegally profit from the Plaintiff's EZ OUTLET® outlet extender, Defendants have created numerous Defendant Merchant Storefronts and designed them to unfairly compete with Plaintiff.

Response: Denied.

19.    The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale and false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

Response: Denied.

20.    Plaintiff is forced to file this action to combat Defendants' piracy of the EZ OUTLET® outlet extender design. Plaintiff has been and continues to be irreparably damaged through loss of control over the use of its intellectual property, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

Response: Denied.

21.    The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff because taking advantage of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. Sadly, a swarm of infringers have decided to trade upon Plaintiff's reputation, goodwill, and valuable patents by selling and/or offering for sale products that either do infringe upon or are falsely advertised as infringing upon Plaintiff's patent. The aggregated effect of the mass piracy that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the hundreds of anonymous defendants who are selling illegal infringing products at prices below an original.

Response: Denied.

22.    The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale and false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants use aliases to avoid liability by going to great lengths to conceal both their identities as well as the full scope and interworking of their illegal network.

Response: Denied.

23.    Plaintiff has been and continues to be irreparably harmed through loss of

control over Plaintiff's reputation, goodwill, ability to license and the quality of Plaintiff's goods.

Response: Denied.

24.     Further, the consuming public is harmed by Defendants' deceptive advertising. Defendants deceive potential purchasers into believing that they are purchasing Plaintiff's product, a product of equal quality, or a similar product that is electrically grounded but are receiving a product that is substantially inferior to what is advertised.

Response: Denied.

25.     Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Merchant Storefronts that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Merchant Storefronts are using fake online storefronts designed to appear to be selling genuine EZ OUTLET® outlet extenders, while selling inferior imitations. The Defendant Merchant Storefronts also share unique identifiers, such as design elements and similarities of the infringing products offered for sale and the false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal piracy operation. Plaintiff

is forced to file this action to combat Defendants' infringement of Plaintiff's patented

EZ OUTLET® outlet extender design, as well as to protect unknowing consumers

from purchasing unauthorized and unsafe imitations of the EZ OUTLET® outlet

extender.

Response: Denied.

## THE PLAINTIFF

26.     Plaintiff, TOKA, LLC, is a Connecticut corporation with its principal

place of business located at 351 Pemberwick Road, Ste 914, in Greenwich.

Response: Lack of knowledge. Denied.

27.     Plaintiff developed and is engaged in the business of manufacturing and

distributing, throughout the world, including within this district, the EZ OUTLET®

outlet extender through its website, ezoutlet.com, and its amazon.com and

walmart.com storefronts. Plaintiff is the owner of the United States Design and

Utility Patents that protect the EZ OUTLET® outlet extender and all intellectual

property relating thereto. Defendants, through the sale and offer to sell Infringing

Products are directly, and unfairly, competing with Plaintiff's economic interest in

the Commonwealth of Pennsylvania and causing Plaintiff harm within this

jurisdiction.

Response: Lack of knowledge. Denied.

28.     Like many other brand owners, Plaintiff suffers ongoing daily and sustained

violations of their rights at the hands of infringers, such as Defendants herein, who

wrongfully compete with Plaintiff for the purposes of (i) duping and confusing the

consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's EZ OUTLET® outlet extender and the destruction of the legitimate market sector in which Plaintiff operates.

Response: Lack of knowledge. Denied.

29. The recent explosion of counterfeiting and infringement over the Internet, including through online marketplace platforms, has created an environment that requires brand owners, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and Plaintiffs from the ill effects of confusion and the erosion of the goodwill associated with Plaintiff's brand.

Response: Lack of knowledge. Denied.

30. Plaintiff has expended substantial time, money, and other resources in developing, advertising, building up and developing consumer awareness, goodwill, and recognition of, and otherwise promoting the EZ OUTLET® outlet extender. As a result of Plaintiff's efforts and the quality of the product, consumers, the public, and the trade have become familiar with the EZ OUTLET® outlet extender and associate it exclusively with Plaintiff.

Response: Lack of knowledge. Denied.

31. The success of the EZ OUTLET® outlet extender is due, in large part, to Plaintiff's marketing, promotional, and distribution efforts.

Response: Lack of knowledge. Denied.

32.    Plaintiff has made efforts to protect Plaintiff's interests in and to the EZ OUTLET® outlet extender. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative products, offer for sale, or sell products utilizing the teachings of Plaintiff's Patents and the EZ OUTLET® outlet extender without the express written permission of Plaintiff. Response: Lack of knowledge. Denied.

### THE DEFENDANTS

33.    Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Pennsylvania and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Merchant Storefronts. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell knockoffs of Plaintiff's product to consumers within the United States, including Pennsylvania and in this judicial district. Response: Denied.

### THE DEFENDANTS' UNLAWFUL CONDUCT

34.    The success of the EZ OUTLET® has resulted in significant knock offs of Plaintiff's product.  Plaintiff has identified numerous fully interactive websites and marketplace listings on various platforms. Each Defendant targets consumers in the United

States, including the Commonwealth of Pennsylvania, and has offered to sell and, on

information and belief, has sold and continues to sell products that unfairly compete with

Plaintiff's EZ OUTLET® outlet extender ("Infringing Products") and/or are making false

claims regarding the products (the "Falsely Advertised Products") (collectively, the

"Infringing and Falsely Advertised Products") they are promoting, advertising, distributing,

offering for sale and selling to consumers within the United States, including the

Commonwealth of Pennsylvania.

Response: Denied.

35.    Upon information and belief, Defendants facilitate sales by designing the

Defendant Merchant Storefronts so that they appear to unknowing consumers to

be authorized online retailers, outlet stores, or wholesalers selling genuine EZ

OUTLET® outlet extenders and/or alternative outlet extenders that are

electrically grounded.

Response: Denied.

36.    Defendants' use Plaintiff's patented EZ OUTLET® outlet extender design to

manufacture, advertise, and sell unauthorized knock-offs of the EZ OUTLET®

outlet extender. These Infringing Products are virtually identical in appearance to

Plaintiff's authentic products, making it so that prospective purchasers cannot

distinguish between the products prior to the point of sale, but upon receipt,

Defendants' Infringing Products are of inferior quality.

Response: Denied.

37.     Defendants further unfairly compete with Plaintiff by using images of Plaintiff's EZ OUTLET® outlet extender to advertise, offer for sale, and sell products that are different than those shown in the images, and which are not authorized or legitimate uses of the EZ OUTLET® outlet extender design.

Response: Denied.

38.     Defendants' unfairly compete with Plaintiff by making false representations as to the origin of the Infringing Products as well as by making false claims as to the characteristics and qualities of the Infringing Products.

Response: Denied.

39.     Defendants falsely claim the Infringing Products they are advertising, offering for sale, and selling originate from Plaintiff and are authorized and legitimate goods. They do so by using Plaintiff's patented EZ OUTLET® outlet extender design, images, and other intellectual property related thereto to create the appearance that Plaintiff is the source of the Infringing Products.

Response: Denied.

40.     Further, Defendants make false and misleading claims that their fully assembled products are certified to comply with applicable UL safety standards, when – at best – only a component is so certified.

Response: Denied.

41.      Further, Defendants make false and misleading claims that their products are safe and are ETL certified, for example by saying the following in the product's Amazon listing:

- Safety Easy Installation: The extended outlet comes with damage-free velcro command strips, securely attaching to walls without mess or damage, and is ETL certified for indoor use

Response: Denied.

42.    Further, Defendants make implicit and explicit false claims that their products are electrically grounded. Defendants implicitly claim that their products are electrically grounded by mimicking the external appearance of the EZ OUTLET® outlet extender, which is known for its safety and is electrically grounded. The images used by Defendants to advertise the Infringing Products show grounded outlets and an additional blade on the plug indicating that it is grounded. However, when the Defendants' products were opened, there were only two wires and there was no ground wire present. Defendants make explicit false claims that their Infringing Products are electrically grounded in the product details and descriptions. By including such false claims, Defendants delude consumers into believing that their products of equal quality and safety as Plaintiff's, which is untrue.

Response: Denied.

43.    The Defendant Merchant Storefronts intentionally conceal their identities and the full scope of their piracy operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the Defendant Merchant Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing and Falsely Advertised Products.

Response: Denied.

44.    Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the EZ OUTLET®

patents, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

Response: Denied.

45.    Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Merchant Storefronts. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in "**Schedule A"** to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

Response: Denied.

46.    The Infringing and Falsely Advertised Products for sale in the Defendant Merchant Storefronts bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

Response: Denied.

48.    In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they

receive notice of a lawsuit.

Response: Denied.

49. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts, such as China-based bank accounts, outside the jurisdiction of this Court.

Response: Denied.

50. Defendants, without any authorization or license, have knowingly and willfully pirated the EZ OUTLET® outlet extender in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Pennsylvania over the internet. Each Defendant Internet Store offers shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Pennsylvania.

Response: Denied.

51. Each Defendant was, and is currently, offering for sale and selling the Infringing and Falsely Advertised Products to the consuming public via Defendants'

online storefronts using their Seller IDs. Defendants provide shipping, have actually

shipped, and/or stand ready, willing, and able to ship the Infringing Products to

customers located within this Judicial District.

Response: Denied.

## COUNT I
## FEDERAL UNFAIR COMPETITION
**(use of Plaintiff's images in advertisements and
delivering a product that differs from what is shown in the images)**

**Plaintiff vs. Defendant Nos. 5, 13, 14, 20, 23, 24, 28, 39, 40, 41, 55, 60, 74, 77, 79, 80, 83, 87,
92, 93, 94, 96, 105, 107, 117, 122, 129, 136**

52.     Plaintiff hereby adopts and re-alleges the allegations set forth in the

preceding paragraphs as if set forth herein.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

53.     Upon information and belief, Defendants' Falsely Advertised Products have

been widely advertised and offered for sale throughout the United States via at least

one fully interactive Internet Marketplace.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

54.     The foregoing acts of Defendants constitute false advertising and

false representations in violation of Section 43(a) of the Lanham Act.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

55.     Defendants have made and are continuing to make materially false

statements of fact about the characteristics and/or qualities of their lights in their

online product listings and descriptions.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

56.     These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

57.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their flashlight purchasing decisions.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

58.     Defendants have caused their false statements to enter interstate trade or commerce.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

59.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

60.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

61.     Because of Defendants' deliberate, willful, and/or bad daith conduct,

Plaintiff is entitled to a determination that is an exceptional case within the

meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

62.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive

relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven

at trial, enhanced discretionary damages for willful infringement, and reasonable

attorneys' fees and costs.

Response: Not accused here for Answering Defendants. If an answer is needed, denied.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(passing off fully assembled product as meeting applicable UL standards)**

**Plaintiff vs. Defendant Nos. 1, 4, 6, 7, 8, 9, 11, 12, 16, 18, 19, 22, 26, 27, 29, 30, 31, 32,**
**33, 34, 38, 39, 42, 47, 49, 50, 51, 52, 53, 57, 58, 59, 60, 62, 65, 66, 69, 73, 75, 76, 78, 79,**
**85, 88, 89, 90, 94, 95, 98, 99, 103, 104, 105, 109, 110, 113, 114, 116, 117, 118, 119, 120,**
**123, 124, 126, 129, 130, 131, 134, 135, 137, 138, 139**

63.     Plaintiff hereby adopts and re-alleges the allegations set forth in the

preceding paragraphs as if set forth herein.

Response: Denied.

64.     The foregoing acts of Defendants constitute false advertising and

false representations in violation of Section 43(a) of the Lanham Act.

Response: Denied.

65.     Defendants have made and are continuing to make materially false

statements of fact about the characteristics and/or qualities of their lights in their online product listings and descriptions.

Response: Denied.

66.     These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

Response: Denied.

67.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their flashlight purchasing decisions.

Response: Denied.

68.     Defendants have caused their false statements to enter interstate trade or commerce.

Response: Denied.

69.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

Response: Denied.

70.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

Response: Denied.

71.     Because of Defendants' deliberate, willful, and/or bad daith conduct, Plaintiff is entitled to a determination that is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

Response: Denied.

72.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial, enhanced discretionary damages for willful infringement, and reasonable attorneys' fees and costs.

Response: Denied.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### (falsely stating products are ETL certified)

**Plaintiff vs. Defendant Nos. 3, 5, 8, 9, 10, 15, 17, 18, 20, 25, 26, 29, 41, 43, 45, 49, 55, 56, 64, 66, 67, 69, 71, 79, 83, 84, 85, 89, 91, 93, 99, 104, 111, 112, 115**

73.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

74.     The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

Response: Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

75.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their outlet extenders in their online product listings and descriptions.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

76.     These false statements are material because they pertain to the safety of the device and have and are likely to continue to influence consumers' purchasing decisions.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

77.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their purchasing decisions.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

78.     Defendants have caused their false statements to enter interstate trade or commerce.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

79.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

80.    Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

81.    Because of Defendants' deliberate, willful, and/or bad faith conduct, Plaintiff is entitled to a determination that this is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

Response: Only Maxsure Mall US (Doe 49) is accused here. Denied as to Doe 49. If it applied to any other Answer Defendants, denied.

## COUNT IV
## FEDERAL UNFAIR COMPETITION
### (falsely representing products are grounded)

### Plaintiff vs. Defendants Nos. 43, 54, 69, 118, 127, 132

82.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

83.    The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to

any other Answer Defendants, denied.

84. Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their outlet extenders in their online product listings and descriptions.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

85. These false statements are material because they pertain to the safety of the device and have and are likely to continue to influence consumers' purchasing decisions.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

86. Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their purchasing decisions.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

87. Defendants have caused their false statements to enter interstate trade or commerce.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

88. As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for

which there is no adequate remedy at law.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

89.    Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

90.    Because of Defendants' deliberate, willful, and/or bad faith conduct, Plaintiff is entitled to a determination that this is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

Response: Only PAEWOK (Doe 54) is accused here. Denied as to Doe 54. If it applied to any other Answer Defendants, denied.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

### Plaintiff vs. All Defendants

91.    Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

Response: Denied.

92.    Pennsylvania's common law prohibition of unfair competition prohibits unfair competition by means of deceptive marketing and acts or practices that are actionable under federal or state statutes.

Response: Denied.

93.    Defendants have infringed upon Plaintiff's patented EZ OUTLET® outlet extender design by creating knock-off products and have engaged in deceptive marketing by making literally false representations about the characteristics and/or qualities of their products.

Response: Denied.

94.    As a result of Defendants' promoting, advertising, offering for sale, selling, and distribution of Infringing Products and goods which have been falsely represented as being electrically grounded, Defendants have and continue to violate Pennsylvania's common law of unfair competition.

Response: Denied.

95.    Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using infringements of the patented EZ OUTLET® outlet extender design and/or using false claims as to the product's characteristics to unfairly compete with Plaintiff and others on Internet marketplaces, for space in search results across an array of search terms, and for visibility on the World Wide Web.

Response: Denied.

96.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of Plaintiff's patented EZ OUTLET® outlet extender design.

Response: Denied.

97.    Defendants' false advertisements are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the characteristics and/or qualities of Defendants' products by their use of literally false statements in their advertisements.

Response: Denied.

98.    Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

Response: Denied.

99.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

Response: Denied.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a trial by jury on all claims.

## AFFIRMATIVE DEFENSES

1. Non-Infringement – The accused products do not infringe the asserted design patent.

2. Invalidity – The asserted patent is invalid for lack of ornamentality (primarily functional), obviousness, and/or anticipation. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015).

3. Functionality – The basic outlet extender structure is functional and not protectable by design patent. Answering Defendants incorporate their argument in the Briefs in Response to Motion for Preliminary Injunction [DE 69, 70, 76, 80] into this Affirmative Defense.

4. Prior Art – The design is anticipated or rendered obvious by extensive prior art.  Answering Defendants incorporate their argument in the Briefs in Response to Motion for Preliminary Injunction [DE 69, 70, 76, 80] into this Affirmative Defense.

5. De Minimis Use – Any alleged similarity is de minimis.

6. No Irreparable Harm / Inadequate Remedy at Law – Plaintiff has not suffered and will not suffer irreparable harm.  Answering Defendants incorporate their argument in the Briefs in Response to Motion for Preliminary Injunction [DE 69, 70, 76, 80] into this Affirmative Defense.

7. Unclean Hands / Laches / Estoppel – Reserved.

8. Reservation of Rights – Answering Defendants reserve the right to assert additional defenses as discovery proceeds.

Dated: June 29, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157

Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Answering Defendants

**Certificate of Service**

I certify that on June 29, 2026, a copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu

**COUNTERCLAIM**

***(False Advertising in Violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) and Declaratory Judgment of Non-Infringement and Invalidity – 28 U.S.C. § 2201)***

Counterclaim-Plaintiff PAEWOK, (Amazon Store ID: A76UEPJFI6S2D, Doe 54) ("Counterclaim-Plaintiff"), by counsel, asserts the following counterclaim against Counterclaim-Defendant Toka, LLC ("Toka"), and allege as follows on knowledge as to their own acts and on information and belief as to all other matters:

***Nature of the Counterclaim***

1.    This is a counterclaim for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Toka has built its competitive position, and the premise of this lawsuit, on the representation that its EZ OUTLET® product is a safe, independently certified electrical device that "Complies with UL 498A" and is ETL-certified. As set forth below, those representations are literally false or misleading because Toka's own fully assembled product, as marked and sold, does not conform to UL 498A and bears materially inconsistent and inaccurate safety markings.

***Parties, Jurisdiction, and Venue***

2.   Counterclaim-Plaintiff operates online stores in the United States, offering outlet-extender products for sale to United States consumers and competes directly with Toka in the market for outlet extenders.

3.   Counterclaim-Defendant Toka, LLC is, by its own allegation, a Connecticut limited liability company that manufactures, advertises, and sells the EZ OUTLET® outlet extender through its website and through the Amazon.com and Walmart.com marketplaces.

4.   This Court has subject-matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121, because it arises under the Lanham Act. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any related state-law theory.

5.   Venue is proper in this District, and this Court has personal jurisdiction over Toka, because Toka invoked this Court's jurisdiction by filing this action here. This Counterclaim is compulsory under Federal Rule of Civil Procedure 13(a) because it arises out of the same transaction or occurrence -- the parties' competing representations regarding the safety and certification of competing outlet-extender products -- that is the subject matter of Toka's Complaint.

### *Factual Allegations*

6.   Toka advertises and sells the EZ OUTLET® outlet extender (model designations including QV1-100-001), a telescoping electrical outlet extender that connects to a wall receptacle by a plug on one end and presents receptacles and USB ports at the other end of a flexible, extendable shaft, and that includes a phone-charging ledge.

7. In its commercial advertising and promotion, including its product packaging, the device itself, and its online product listings, Toka represents to consumers that the EZ OUTLET® "Complies with UL 498A" (the Standard for Current Taps and Adapters) and that the product is ETL-certified as meeting applicable UL safety standards. Toka has affirmatively placed the safety and certification of its product at the center of its marketing, alleging that its certifications "signif[y] to consumers that the approved products are safe for use and meet or exceed industry safety standards."

8. Toka's representation that the fully assembled EZ OUTLET® complies with UL 498A is literally false or misleading for, among others, the following independent reasons.

9. First, on information and belief, the EZ OUTLET®, as designed and sold, does not conform to UL 498A because UL 498A by its own scope provisions does not cover devices of this type. UL 498A states that current taps wired to flexible cord are covered by the Standard for Attachment Plugs and Receptacles, UL 498, and that cord-connected, relocatable power taps intended for the temporary indoor extension of a branch circuit are covered by the Standard for Relocatable Power Taps, UL 1363. The EZ OUTLET® -- a cord-connected, relocatable, telescoping extension device -- falls within these excluded categories, such that a representation of "compliance with UL 498A" for the fully assembled device is inaccurate.

10. Second, on information and belief, the EZ OUTLET® bears materially inconsistent and inaccurate electrical-rating markings. The product's packaging and instructions state a maximum load of 1,875 watts (15 amps at 125 volts), while markings on the

device itself instruct the consumer not to exceed a total of 2,500 watts. These conflicting figures on the same product are themselves false or misleading representations concerning a material safety characteristic of the device, and are inconsistent with conformance to the marking requirements of the very standard Toka invokes.

11. Toka's representations are not mere puffery. They are specific, measurable claims of conformance to a named industry safety standard and of third-party certification, and they concern the safety of an electrical device -- a quintessentially material characteristic that is likely to, and does, influence consumers' purchasing decisions.

12. Toka's own pleadings confirm the materiality and the standard of falsity it espouses. Toka alleges that a representation that a "fully assembled product" meets applicable UL standards is false and deceptive where only a component, rather than the complete assembly, is certified, and that displaying a certification mark on a component "deceives the consumer into believing the fully assembled product itself is certified." Under the very standard Toka asks this Court to apply to others, Toka's representation that its fully assembled EZ OUTLET® complies with UL 498A is actionable if the fully assembled device does not, in fact, so comply.

13. Toka has caused these false or misleading representations to enter interstate commerce through its nationwide online sales and advertising.

14. Counterclaim-Plaintiffs compete directly with Toka and have been and will be injured by Toka's false advertising, including through diversion of sales and reputational harm, because Toka's false claims of superior safety and certification cause

consumers to favor Toka's product over competing products and have been used by Toka as the basis to obtain ex parte relief shutting down Counterclaim-Plaintiffs' storefronts and freezing their assets.

### *Count I-- False Advertising Under 15 U.S.C. § 1125(a)(1)(B)*

15. Counterclaim-Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16. In its commercial advertising and promotion, Toka has made false or misleading representations of fact concerning the nature, characteristics, and qualities of its EZ OUTLET® product -- specifically, that the fully assembled product complies with UL 498A and is certified as meeting applicable UL safety standards.

17. These representations are literally false or, at minimum, are misleading and have a tendency to deceive a substantial segment of the consuming public.

18. The representations are material because they concern the safety and independent certification of an electrical device and are likely to influence consumers' purchasing decisions.

19. Toka caused the representations to enter interstate commerce, and Counterclaim-Plaintiff has been and is likely to be injured as a direct and proximate result, including through lost sales and injury to their commercial reputation.

20. Toka's conduct was undertaken knowingly and willfully, rendering this an exceptional case under 15 U.S.C. § 1117(a).

### COUNTERCLAIM II

**(Declaratory Judgment of Non-Infringement and Invalidity – 28 U.S.C. § 2201)**

21. Counterclaim-Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

22. There is an actual controversy between the parties regarding the validity and infringement of U.S. Patent Nos. D1,006,758 and 12,155,158.

23. Counterclaim-Plaintiff' products do not infringe either patent, literally or under the doctrine of equivalents. The accused products create a substantially different overall visual impression from the claimed designs under the ordinary observer test.

24. Additionally, both patents are invalid because:

- The asserted designs are primarily functional and not protectable ornamental designs (35 U.S.C. § 171).

- The designs are anticipated and/or obvious in light of extensive prior art (including U.S. Patent Nos. 7,220,128 (Hicks), 6,004,138 (Harbertson), D461,774 (Genicevitch), and others).

- The utility patent is invalid for additional reasons, including lack of enablement, written description, and non-infringement of key limitations (e.g., rotatable plug end and bend collar).

25. Counterclaim-Plaintiff is entitled to a declaratory judgment that it does not infringe the patents and that the patents are invalid.

**Prayer for Relief**

Counterclaim-Plaintiff respectfully requests:

- Declaratory judgment of non-infringement and invalidity.

- Dismissal of Toka's claims with prejudice.

- Attorney's fees and costs under 35 U.S.C. § 285 and 15 U.S.C. § 1117 (exceptional case).

- Such other relief as the Court deems just.


**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Counterclaim-Plaintiff demands a

trial by jury on all issues so triable.

.


Dated: June 29, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Answering Defendants

**Certificate of Service**

I certify that on June 29, 2026, a copy of the foregoing was served via CM/ECF on all
counsel of record.

/s/ Jianyin Liu