UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,

    *Plaintiff,*

                              **v.**

SCHEDULE A DEFENDANTS,

    *Defendants.*



Case No. 2:26-cv-00414-CB

Chief Judge Cathy Bissoon

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ANPOOL'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND DISMISS COMPLAINT

### I. INTRODUCTION

Defendant ANPOOL is a small business operator based in Hong Kong, China, selling on Amazon.com under the brand name ANPOOL sold a total of 207 units of ASIN B0G2S2KT3D (the "Product"), of which only 171 units generated revenue (the remainder being 30 Vine review units refunded by Amazon and 6 gift units generating no revenue). Total net revenue from the Product was $7,290.18, and the Product generated a net loss of $5,069.86. ANPOOL's Amazon seller account currently has a negative balance of -$224.60.

Defendant respectfully submits that the Preliminary Injunction entered against it on June 23,

2026 (Doc. 95) should be dissolved, and that the Complaint should be dismissed as to Defendant, because: (1) the record now before the Court establishes that there is no false statement in Defendant's product labeling or advertising, and therefore Plaintiff's Lanham Act false advertising claim fails as a matter of law; (2) Defendant has been actively attempting to resolve this matter through direct communication with Plaintiff's counsel; and (3) continued restraint imposes disproportionate hardship on a defendant with no ability to pay any monetary judgment.

## II. THE FALSE ADVERTISING CLAIM IS NOT SUPPORTED BY THE RECORD

### A. The Product Label States "Complies with UL 498A"—A True and Verifiable Statement

Plaintiff asserts that Defendant falsely advertised the Product as meeting UL safety standards. This allegation is not supported by the record. The Product is labeled "Complies with UL 498A," which is a statement of compliance with UL Standard 498A for Current Taps and Adapters. This statement is true. Independent testing by BANTEK Laboratory (Report No. BTEK250912067A01S01, attached as Exhibit A to the accompanying Declaration) confirms that the fully assembled Product, not merely a single component, meets the requirements of UL 498A.

Critically, the Product does not claim to be "UL certified" or "UL listed." The distinction between a product that has been independently tested to an applicable UL standard (and is labeled accordingly) and a product that bears a UL or ETL certification mark from a Nationally Recognized Testing Laboratory is significant. The former is a statement of compliance verified by testing; the latter is a specific certification process involving a listing mark. Defendant's label makes only the former claim.

B.  Defendant's Amazon Listing Contains No Claim of UL or ETL Certification

A review of Defendant's Amazon product listing for ASIN B0G2S2KT3D (attached as Exhibit F to the accompanying Declaration) confirms that the listing contains no statement regarding UL certification, ETL certification, or any safety certification mark whatsoever. The listing describes the Product's features ("fire-resistant housing," "overload protection") without claiming any certification status.

Plaintiff's Complaint (at ¶ 6) alleges that defendants engaged in "passing off fully assembled product as meeting applicable UL standards, when – at best – only a single component meets such standards." This allegation is specifically contradicted by the BANTEK Report, which tested the fully assembled Product—not a single component—to UL 498A. Plaintiff's allegation that defendants "falsely represent[ed] the product being sold is ETL certified" (Complaint ¶ 6(4)) simply does not apply to Defendant's listing, which makes no mention of ETL certification.

C.  The Product Has Undergone Additional Regulatory Testing

In addition to UL 498A testing, the Product has passed FCC compliance testing (report attached as Exhibit B). The Product is a standard current tap and adapter, not a complex electronic device, and the applicable safety standards are those for which it has been tested.

## III. DEFENDANT HAS BEEN ACTIVELY ENGAGED IN RESOLVING THIS MATTER

Defendant was incorrectly classified as a "non-appearing defendant" in the Preliminary Injunction Order. Defendant has been communicating with Plaintiff's counsel of Ference & Associates LLC, since on or about June 11, 2026, and has exchanged multiple rounds of

correspondence (attached as Exhibit E to the accompanying Declaration). Defendant's failure to file a formal appearance prior to the June 22, 2026 Show Cause Hearing resulted from unfamiliarity with United States federal court procedures as an overseas pro se litigant, not from any intent to default or disregard the Court's authority.

Defendant's direct communications with Plaintiff's counsel include full financial disclosures, sales data, and cost records—the same documentation now submitted to this Court. Defendant has consistently maintained a willingness to cooperate and resolve this matter.

## IV. THE COMPLAINT FAILS TO STATE A LANHAM ACT FALSE ADVERTISING CLAIM AGAINST THIS DEFENDANT

Plaintiff's Complaint asserts a claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false advertising. To prevail on this claim, Plaintiff must prove, among other elements, that Defendant made a "false or misleading statement of fact" in a commercial advertisement. See Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241, 248 (3d Cir. 2011).

The evidence now before the Court establishes that no such false statement exists as to Defendant ANPOOL:

(a) The Product label states "Complies with UL 498A." This is a true statement. The BANTEK Laboratory report (Exhibit A) confirms that the fully assembled Product was tested to UL 498A and passed. There is no falsehood in stating that a product "complies with" a standard when independent testing verifies that it does.

(b) The Amazon product listing (Exhibit F) contains no representation about UL certification, ETL certification, or any safety certification whatsoever. Plaintiff's allegation of false

advertising on the listing has no factual basis.

(c) Plaintiff's Complaint (at ¶ 6(3)) alleges that defendants falsely claimed "fully assembled product as meeting applicable UL standards, when – at best – only a single component meets such standards." This allegation is directly and completely contradicted by the BANTEK Report, which tested the fully assembled product — not a single component.

(d) Plaintiff's Complaint (at ¶ 6(4)) alleges that defendants "falsely represent[ed] the product being sold is ETL certified." Defendant's listing (Exhibit F) contains no mention of ETL certification. This allegation simply does not apply to Defendant.

Because the record establishes that there is no false statement in Defendant's advertising — the core element of a Lanham Act false advertising claim — the Complaint fails to state a claim upon which relief can be granted against this Defendant. Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, upon the Court's consideration of the evidence now in the record.

## V.  THE BALANCE OF EQUITIES FAVORS DISSOLUTION

A.  No Monetary Remedy Is Available

Defendant's financial records, sourced directly from Amazon Seller Central reports, establish that the Product generated a net loss of $5,069.86. Defendant's Amazon account balance is -$224.60. Over the past five weeks, Defendant has drawn $637.76 from a personal credit card to cover operating deficits. There is no source of funds—from the Product or otherwise—from which any monetary judgment could be satisfied. Maintaining the PI serves no legitimate purpose in securing a monetary remedy that does not exist.

B. The PI Imposes Disproportionate Hardship on Defendant

Defendant has 445 units of the Product stranded in Amazon FBA inventory. The Court's PI Order (Doc. 95, ¶ I.A(1)) prohibits Defendant from "shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of" these products. Amazon's FBA storage fees of approximately $200 per month continue to accumulate. If the PI is not dissolved, Defendant will continue to incur storage costs that it cannot afford—worsening a financial situation that is already unsustainable—while being prevented from selling a compliant, properly labeled product.

C. There Is No Risk of Ongoing Harm to Plaintiff

Defendant's Amazon listing for the Product has been suppressed as a result of this action. As demonstrated in Sections II and IV above, the Product bears a true and verified compliance statement ("Complies with UL 498A") and its listing makes no false or misleading claims. There is no ongoing or future harm to Plaintiff from Defendant's sale of a compliant, properly labeled product.

## VI. REQUESTED RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court:

- Accept Defendant's Notice of Appearance and recognize Defendant as an appearing party in this matter;
- Dismiss the Complaint with prejudice as to Defendant ANPOOL for failure to state a claim upon which relief can be granted, there being no false statement in Defendant's product labeling or advertising to support a Lanham Act false advertising claim;

- Alternatively, dissolve the Preliminary Injunction as to Defendant ANPOOL;

- In the alternative to dismissal and dissolution, modify the PI to permit Defendant to resume selling the 445 units of Product currently held in Amazon FBA inventory, which are generating approximately $200 per month in storage fees and representing approximately $6,586 in sunk product cost;

- Grant such other and further relief as the Court deems just and proper.

**Dated: June 25, 2026**

Respectfully submitted,

Yangyu Pi (Anpool, Amazon Seller ID: A2HVQ44OHVMJSQ), Pro Se

Email: anpool.one@gmail.com

Hong Kong, China