**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOKA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:26-cv-00414 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| SCHEDULE A DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

**APPEARING DEFENDANTS' MOTION TO CLARIFY THE CLERK'S ENTRY OF DEFAULT (ECF NO. 113)**

Defendants Casesmile (No. 11; Shenzhen Shengxin Technology Co., Ltd.), Haodsso Direct (No. 27; Guangzhou Kaizichen Technology Co., Ltd.), Yueshao (No. 76; Bengbu YueShao E-Commerce Co., Ltd.), and Beeyong (No. 116; Shenzhen Andalian Tech Co., Ltd.) (collectively, the "Appearing Defendants"), by and through undersigned counsel, respectfully move for an order clarifying that the Clerk's Entry of Default (ECF No. 113) does not apply to them and, to the extent necessary, setting it aside as to them under Federal Rule of Civil Procedure 55(c). In support, the Appearing Defendants state:

1. The Appearing Defendants appeared through undersigned counsel on June 3, 2026 (ECF Nos. 27, 28) and filed their Answer, Affirmative Defenses, and Counterclaim for False Advertising on June 26, 2026 (ECF No. 98)—weeks before Plaintiff's July 9, 2026 request for entry of default (ECF No. 112). Under Rule 55(a), a default may be entered only against a party that "has failed to plead or otherwise defend." Because the Appearing Defendants have pleaded, the entry of default does not properly reach them, and clarification (or, to the extent necessary, vacatur under Rule 55(c)) is warranted.

2. The Appearing Defendants further note that Plaintiff's request was supported by a declaration sworn "under penalty of perjury" (ECF No. 112-2) representing that "such Defendants have not answered or otherwise moved," even though the Appearing Defendants' Answer and Counterclaim had been on the docket at ECF No. 98 for thirteen days. This occurred notwithstanding the Court's July 7, 2026 directive that "Plaintiff's counsel is to be mindful of the need for clear communication between counsel going forward" (ECF No. 111), and has needlessly required the Appearing Defendants to incur the expense of this motion.

WHEREFORE, the Appearing Defendants respectfully request that the Court enter an order clarifying that the Clerk's Entry of Default (ECF No. 113) does not apply to Casesmile (No. 11), Haodsso Direct (No. 27), Yueshao (No. 76), and Beeyong (No. 116), and, to the extent necessary, setting it aside as to them, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ruoting Men
Ruoting Men, Esq.
GLACIER LAW LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
Tel: (212) 729-5049
ruoting.men@glacier.law

Counsel for the Appearing Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, the foregoing was filed and served upon all counsel of record through the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for Plaintiff.

Respectfully submitted,

/s/ Ruoting Men
Ruoting Men, Esq.
GLACIER LAW LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
Tel: (212) 729-5049
ruoting.men@glacier.law

Counsel for the Appearing Defendants