**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TOKA, LLC,<br>*Plaintiff,*<br>v.<br>SCHEDULE A DEFENDANTS,<br>*Defendants.* | Civil Action No. 26-cv-414<br><br>Chief Judge Cathy Bissoon |

**MEMORANDUM IN SUPPORT OF DEFENDANT OLCORIFE'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Defendant Guangzhou Hongzhu Information Technology Co., Ltd. d/b/a Olcorife ("Olcorife"), identified as Defendant No. 52 on Schedule A, by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 55(c), for an Order setting aside the Clerk's Entry of Default entered against Olcorife on July 10, 2026 (ECF No. 113). In support of this Motion, Olcorife states as follows:

## I. INTRODUCTION

Olcorife had already appeared in this action and substantively opposed Plaintiff's motion for preliminary injunctive relief weeks before default was sought. The Clerk's docket entry for Plaintiff's return of service recorded that Olcorife's answer was due on July 15, 2026. The Entry of Default was entered on July 10, 2026 — five days before that deadline. Under either of two independent grounds — (1) that the prerequisites for entry of default under Rule 55(a) were never satisfied, or (2) that good cause exists under Rule 55(c) — the Entry of Default must be set aside.

## II. STATEMENT OF FACTS

Plaintiff commenced this action on March 13, 2026 against numerous online sellers identified on Schedule A, including Olcorife as Defendant No. 52. (ECF No. 1.) Olcorife

appeared through counsel on June 16, 2026 and filed a substantive opposition to Plaintiff's request for preliminary injunctive relief. (ECF Nos. 56, 58.) On June 23, 2026, the Court dissolved the temporary restraining order as to Olcorife and declined to impose a preliminary injunction. (ECF No. 94. 95.)

On July 6, 2026, Plaintiff filed its return of service, which states on its face that all the Defendants were served as of June 24, 2026 and the Clerk's docket entry for that filing records that answers were due on July 15, 2026 for all defendants except certain defendants. Olcorife is not among those certain defendants and its responsive-pleading deadline is July 15, 2026. (ECF No. 110.) Notwithstanding the docketed July 15 deadline, Plaintiff requested entry of default on July 9, 2026, and its supporting declaration asserted — incorrectly — that the time to answer had already expired. (ECF Nos. 112, 112-2.)

On July 10, 2026, the Clerk entered default against the Schedule A Defendants, including Olcorife. (ECF No. 113.) The Entry of Default thus issued five days before Olcorife's own docketed deadline to respond, and after Olcorife had already appeared and actively litigated this case.

Olcorife is in the process of transitioning to new counsel. Additional time is needed to complete that transition, review the procedural record and substantive matters, coordinate with the client overseas, and collect supporting evidence. This Motion follows without unreasonable delay.

## III. LEGAL STANDARD

Rule 55(a) authorizes the Clerk to enter a default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). This Circuit has held that, "[b]y its very language, the 'or otherwise defend' clause is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 917

(3d Cir. 1992). The 2007 amendment to Rule 55 confirms the same point: "[a]cts that show an intent to defend have frequently prevented a default even though not connected to any particular rule." Fed. R. Civ. P. 55 advisory committee's note to 2007 amendment. A default entered against a party that has otherwise defended, or before that party's time to respond has expired, is improvidently entered.

Separately, Rule 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Good cause is not a rigid or mechanical test; it is applied flexibly in light of the circumstances of each case, and doubts are resolved in favor of the party seeking to set aside the default so that the action may proceed to a decision on the merits. In exercising its discretion, the Third Circuit considers three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. See *Farnese v. Bagnasco,* 687 F.2d 761 (3d Cir. 1982)*, United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984) . The Third Circuit has repeatedly emphasized that default judgments are not favored, and that in close cases, doubts should be resolved in favor of setting aside the default and reaching a decision on the merits. *Farnese*, 687 F.2d at 764; *$55,518.05*, 728 F.2d at 195. This policy applies with equal force to motions to set aside an entry of default, and the standard for obtaining such relief is less rigorous than that required to open a default judgment.

## IV. ARGUMENT

### A. The Prerequisites For Entry Of Default Under Rule 55(a) Were Never Satisfied.

First, Olcorife had already "otherwise defended" this action before Plaintiff sought default. Olcorife appeared through counsel and filed a substantive opposition to Plaintiff's motion for preliminary injunctive relief on June 16, 2026. That opposition succeeded in part: the Court dissolved the temporary restraining order against Olcorife. (ECF No. 94.) These are precisely the

kind of acts that satisfy the "otherwise defend" clause, which this Circuit has instructed is "broader than the mere failure to plead," *Hoxworth,* 980 F.2d at 917, and that Rule 55(a)'s advisory committee note recognizes as sufficient to preclude entry of default, regardless of whether a formal answer had yet been filed. Fed. R. Civ. P. 55 advisory committee's note to 2007 amendment.

Second, the Entry of Default was entered before Olcorife's time to respond had even expired. On July 6, 2026, Plaintiff filed its return of service, which states on its face that all the Defendants were served as of June 24, 2026 and the Clerk's docket entry for that filing records that answers were due on July 15, 2026 for all defendants except certain defendants. Olcorife is not among those certain defendants and its responsive-pleading deadline is July 15, 2026. (ECF No. 110.) Plaintiff nonetheless requested default on July 9, 2026, and the Clerk entered it on July 10, 2026 — five days before the docketed deadline. (ECF Nos. 112, 113.) A default entered before a defendant's responsive-pleading deadline has run cannot satisfy Rule 55(a)'s requirement that the defendant have "failed to plead or otherwise defend," because as of the date of entry, Olcorife had not yet failed to do anything. On this record alone, the Entry of Default appears to have been improvidently entered, and Olcorife respectfully submits that the Court should set it aside.

**B. Olcorife's Conduct Was Not Culpable.**

Olcorife's failure to respond within the time allowed was not willful, was not undertaken in bad faith, and did not reflect any disregard of these proceedings or of this Court's authority. "Culpable conduct" requires willfulness or bad faith, not mere negligence. *Farnese,* 687 F.2d at 764; *accord Hritz,* 732 F.2d at 1183. Olcorife appeared, actively opposed preliminary injunctive relief, and obtained dissolution of the temporary restraining order against it. The delay resulted from the transition from prior counsel and the transfer of case files. Undersigned counsel was

retained on July 13, 2026—just three days after entry of default—and this Motion followed promptly thereafter. Such prompt corrective action is the opposite of the culpable conduct that would justify denying relief.

**C. Olcorife Has Meritorious Defenses.**

Whether the defendant has asserted a meritorious defense—also weighs heavily in favor of setting aside the Entry of Default. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 244). Olcorife's meritorious defenses are detailed in its preliminary-injunction opposition (ECF No. 58) and will be set forth in full in Olcorife's Answer.

As demonstrated in its opposition to the preliminary injunction, the accused product does not infringe the '158 utility patent because it lacks the required flexible cord portion, bend collar, 360-degree rotation, interchangeable faceplate, and wireless charging cradle; nor does it infringe the '758 design patent because its overall appearance is plainly distinct from the patented design. (ECF No. 58 at 4–6.) Moreover, both patents are of dubious validity, as the '758 design is anticipated or rendered obvious by prior art, and the '158 utility patent is anticipated or rendered obvious by Greer in view of Rohmer. (ECF No. 58 at 7–13.) These defenses, if established at trial, would constitute a complete defense to Plaintiff's claims.

While these defenses were articulated by Olcorife's prior counsel in opposing the preliminary injunction, Olcorife, through undersigned counsel, will further develop and elaborate upon these defenses — including through additional invalidity and non-infringement contentions, and if necessary, expert analysis — in its forthcoming Answer and throughout the

course of this litigation.

**D . Plaintiff Will Suffer No Cognizable Prejudice.**

The Third Circuit has made clear that the "prejudice" required to deny relief under Rule 55(c) must be more substantial than the mere delay inherent in any litigation. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982). The same standard applies to motions to set aside entry of default. Prejudice is established only where the plaintiff identifies, for example, loss of evidence, increased opportunity for fraud, or other impairment of its ability to pursue the claim on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764–65 (3d Cir. 1982) (finding no prejudice where the record lacked supporting facts).

Here, Plaintiff cannot make that showing. The Entry of Default is not a default judgment; no final determination of liability has been entered. The case remains at a preliminary stage, and indeed, the temporary restraining order against Olcorife has already been dissolved. (ECF No. 94.) Setting aside the Entry of Default would not require relitigation of any settled issues or disturb any existing relief; it would simply permit the parties to proceed and present their positions on a full record. Plaintiff identifies no lost evidence, no unavailable witness, and no other impairment of its ability to litigate its claims. The only conceivable consequence of setting aside the Entry of Default is the delay that accompanies any litigation—precisely the type of harm that the Third Circuit has held insufficient to constitute prejudice. *Feliciano*, 691 F.2d at 656–57. Accordingly, this factor strongly favors granting the Motion.

## V. CONCLUSION

For the foregoing reasons, Olcorife respectfully requests that the Court grant this Motion, set aside the Clerk's Entry of Default entered on July 10, 2026 (ECF No. 113), extend Olcorife's time to answer the Complaint through and including the date 14 days after the Court's Order, and grant such other relief as the Court deems just and proper.

Dated: July 18, 2026

Respectfully submitted,

Xiaofu Huang (Pro Hac Vice)
NY Attorney Registration #5460555
DELTA IP LAW PLLC
20F Street NW, Suite 700,
Washington DC, 20001
Telephone: 213-887-0265
Email: floria@deltaiplaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2026, I caused a true and correct copy of the foregoing pleading to be filed electronically with the Clerk of Court using the CM/ECF system, which sent notification of the filing to all attorneys of record.

*/s/ Xiaofu Huang*
Xiaofu Huang