IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOKA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00414 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| MOOYE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 77) as to the twenty-one (21) Defendants identified in the Court's June 23, 2026, Order (Doc. 94) who appeared and contested Plaintiff's entitlement to relief at the June 22, 2026, hearing on the matter.[1] All but six (6) of these Defendants[2] currently are bound by the injunctive relief initially awarded in the temporary restraining order (Doc. 23) issued on May 27, 2026, and extended after the June 22, 2026, hearing, pending supplemental briefing and final resolution of Plaintiff's Motion. See Doc. 94.

Despite requesting and receiving an extension, Plaintiff has filed no supplemental briefing or additional evidence in support of its Motion. See Mot. to Extend Deadline (Doc 105); Order (Doc. 111). In contrast, all fifteen (15) Defendants currently bound by said injunctive

[1] The Court granted Plaintiff's Motion and entered a Preliminary Injunction as to all 114 non-appearing Defendants in this case on June 23, 2026, but held in abeyance its ruling regarding the appearing Defendants. See Prelim. Inj. (Doc. 95); Order (Doc. 94). Defendant 125 ("Little Tyrant") settled prior to the hearing on June 22, 2026, and was not included in the injunction. See Notice of Settlement (Doc. 92) at 1; Doc. 95 at 15.

[2] These six Defendants are (as identified by number on the Schedule A attached to the temporary restraining order at Docket Number 23) Defendants: 11 ("Casesmile"); 16 ("DingYi Direct"); 27 ("Haodsso Direct"); 52 ("olcorife"); 76 ("Yueshao"); and 116 ("Beeyong"). See Doc. 94.

relief have filed supplemental papers in opposition. See Paewok's Suppl. Br. in Opp. (Doc. 100) (filed by Defendant 54, "PAEWOK"); Mooye's Suppl. Br. in Opp. (Doc. 104) (filed by Defendant 1, "Mooye"); Suppl. Br. in Opp. (Doc. 106) (filed by the remaining thirteen (13) Defendants). The Court has reviewed all evidence filed on the docket or offered at the June 22 hearing and makes the following findings.

## I. A Preliminary Injunction Should Issue Under Counts II and V Against Six Defendants

For preliminary injunctive relief, Plaintiff "must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Plaintiff alleges unfair competition under the Lanham Act or common law. See Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B) (providing a private right of action for, among other things, any "false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of [the person's] or another person's goods, services, or commercial activities"); Flynn v. Health Advoc., Inc., 169 F. App'x 99, 100 n.3 (3d Cir. Feb. 22, 2006) (unpublished) ("'[T]he test for common law . . . unfair competition is essentially the same test as the test for . . . unfair competition under the Lanham Act' with the exception being that the goods need to have had an effect on interstate commerce to establish the federal claim." (quoting Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994))).

The Court finds that Plaintiff has established a likelihood of success in showing that the following six (6) Defendants have engaged in false advertising regarding Underwriters Laboratories ("UL") and Federal Communications Commission ("FCC") safety standards, as

alleged under Count II (for violation of the Lanham Act) and Count V (for common law unfair competition): Defendants 6 ("blueera store"); 12 ("CloudValley-Direct"); 32 ("Huuip"); 33 ("imluckies Direct"); 35 ("Keway");[3] and 73 ("YAN-D Official").

The online product listings of blueera store, CloudValley-Direct, imluckies Direct and Keway all claim FCC certification. See Doc. 10-8 at 46 (stating "FCC Safety Certified" on blueera store's listing); Doc. 10-8 at 97 (stating "FCC Safety Certified" on CloudValley-Direct's listing); Doc. 10-10 at 31–32 (stating "FCC Certified" and "FCC Safety Certified" on imluckies Direct's listing); Doc. 10-10 at 47 (stating "CE/FCC Safety Certified" on Keway's listing). Yet each of these Defendants filed only a Chinese test report purporting to show compliance with "47 CFR Part 15, Subpart B, Class B." Doc. 106-1 at 1 (displaying a test report for model numbers L0069 and L0069-S01 by testing company Shenzhen Huaxia Testing Technology Co., Ltd.); Doc. 106-2 at 1 (displaying the product supplier's declaration that model numbers L0069 and L0069-S01 comply with "Part 15 of the FCC Rules").[4] None of these documents demonstrate FCC certification. Additionally, CloudValley-Direct filed no report at all for one of the two model numbers it purports to sell, 10069. See Doc. 106-13 at 2. The Court finds that Plaintiff is likely to succeed in showing that these Defendants falsely advertised their products.

Huuip and YAN-D Official both represent on their online listings that their products meet the requirements of UL 498A. See Doc. 10-10 at 24 (claiming on Huuip's listing that its product was "tested by a third-party laboratory according to UL/FCC standards, and the test report shows that it meets the safety requirements of UL 498A"); Doc. 11 at 5–6 (claiming on both of YAN-D

[3] Keway is included only under Count V; however, this does not change the Court's analysis.
[4] Blueera store and Keway report that they sell model number L0069, see Doc. 106 at 2–3, while CloudValley-Direct appears to sell L0069-S01 and 10069, see id. at 3; Doc. 106-13 at 2, and imluckies Direct sells L0069-S01 and L0069, see Doc. 106 at 3; Doc. 106-14 at 2.

Official's listings that its products "passed rigorous UL and FCC standard testing, with certification reports confirming compliance with UL 498A safety requirements"). Plaintiff additionally showed at the June 22 hearing that Huuip's product itself bears an FCC mark and a statement that it complies with UL 498A, despite being rated only 10 amps, which fails to meet UL 498A standards. Plaintiff also testified that the product appears to use 18-gauge wire, which would not comply with UL 498A's heat requirements. Although Plaintiff did not present YAN-D Official's product at the hearing, it bears the the same model number as Huuip's, see Doc. 106 at 2 (reporting only model number L0069 for both), and Plaintiff's examination of other Defendants' products with this same model number[5] also revealed a 10-amp rating and apparent use of 18-guage wire. Plaintiff, therefore, is likely to succeed in showing that these Defendants' advertising statements are false.

The Court additionally finds that Plaintiff has shown it will suffer irreparable harm without a preliminary injunction, for the reasons outlined by Plaintiff. See Pl.'s Mem. in Supp. of Mot. for TRO (Doc. 10) at 49–50. Plaintiff testified at the June 22 hearing that the company's Amazon rankings have fallen below at least one appearing Defendant because Defendants have artificially deflated their prices by avoiding the cost of actual UL 498A and FCC certification while (falsely) advertising equal safety. The balance of equities likewise weighs in Plaintiff's favor, and entry of a preliminary injunction would be in the public interest for the reasons articulated by Plaintiff. See id. at 51–53.

[5] These include the products of Keway, NUTICT Direct and blueera store, all of whom identified that they sell only model number L0069. See Doc. 106 at 2–3.

An appropriate order granting Plaintiff's Motion (Doc. 77) as to these six Defendants will follow.[6]

## II. There Is No Likelihood of Success on the Merits Under Counts II and V as to Twelve Defendants

Conversely, the Court finds that Plaintiff is unlikely to succeed in showing that the following twelve (12) Defendants are liable for making false statements regarding UL or FCC standards on their online product listings, as alleged under Count II (for violation of the Lanham Act) or Count V (for common law unfair competition): Defendants 1 ("Mooye"); 11 ("Casesmile"); 16 ("DingYi Direct"); 27 ("Haodsso Direct"); 30 ("huhui US"); 49 ("Maxsure Mall US");[7] 50 ("MINOZOOS"); 51 ("NUTICT Direct"); 52 ("olcorife"); 65 ("TECHY US"); 76 ("Yueshao"); and 120 ("Home cleaning U").

Regarding the latter eleven (11) Defendants in this group, Plaintiff has provided no evidence of any online or public market-facing representation made by these Defendants relevant to the charged Counts. See Doc. 10-8 at 86–94 (displaying no such relevant representation in Casesmile's listings); Doc. 10-9 at 14–22, 96–104 (same, in the listings of DingYi Direct and

---

[6] The Court rejects Defendants' challenges to personal jurisdiction for the reasons stated on the record at the hearing on June 22, 2026. See, e.g., Br. in Opp. (Doc. 70) at 17–18; YAN-D Official's Br. in Opp. (Doc. 80) at 17–18. Plaintiff has shown proof of purchase and shipment into Pennsylvania of at least one product from each Defendant, which the Court views as sufficient to establish personal jurisdiction. See Doc. 10-8 at 50, 102 (confirming shipment into Pennsylvania of blueera store's and CloudValley-Direct's products); Doc. 10-10 at 29, 36, 51 (same, for Huuip's, imluckies Direct's and Keway's products); Doc. 11 at 12 (same, for YAN-D Official's product); Decl. of Dee Odell (Doc. 10-7) at ¶¶ 5–6 (confirming that a product from each Defendant was purchased, shipped to and received in Pennsylvania); Wood v. Eiazuiks, No. 25-cv-2340, 2026 WL 1397312, at *3 (3d Cir. May 19, 2026) (unreported).

[7] Maxsure Mall US is also included under Count III for falsely stating its product is Electrical Testing Laboratories ("ELT") certified in violation of the Lanham Act. Plaintiff has offered no evidence of any such statement by this Defendant and is unlikely to succeed on the merits of this claim. See Doc. 10-11 at 42–49 (displaying no reference to ETL standards on Maxsure Mall US's listing).

Haodsso Direct); Doc. 10-10 at 7–15 (same, in huhui US's listings); Doc. 10-11 at 42–71 (same, in the listings of Maxsure Mall US, MINOZOOS, NUTICT Direct and olcorife); Doc. 10-12 at 49–56 (same, in TECHY US's listings); Doc. 11-1 at 21–27 (same, in Home cleaning U's listing). Plaintiff showed at the hearing on June 22 that the products of Haodsso Direct, MINOZOOS and Yueshao incorrectly state that they comply with UL 498A, the products of DingYi Direct, NUTICT Direct and olcorife bear an "FCC" symbol, and the products of huhui US, Maxsure Mall US, TECHY US and Home cleaning U do both; however, Plaintiff has failed to show that these representations appear on any public-facing advertising materials, as opposed to the products themselves. Though Plaintiff's counsel purported to read at the hearing a product listing by MINOZOOS claiming FCC and UL certification, Plaintiff never filed this listing with the Court, and this statement does not appear in the listing Plaintiff previously filed for this Defendant. See Doc. 10-11 at 50–56. Without more, statements on the products alone cannot influence consumers' purchasing choices before acquisition of the product and give these Defendants an unfair competitive advantage, as proscribed by law.

Regarding Defendant 1 ("Mooye"), the only relevant advertising statement on Mooye's product listing—that it "has [a] UL and FCC [r]eport," Doc. 10-8 at 2–4—appears to be literally true. Mooye's storefront owner and operator attested to having an FCC report, see Decl. of Wenqi Yao (Doc. 54-1) at ¶ 4, and it has filed a copy of a test report regarding its product's compliance with the standards of UL 498, see Doc. 54-2 at 2. Although the relevant UL section is UL 498A (not UL 498), although no evidence suggests that the testing company used (Tanac) is a UL-authorized testing company, although, from the evidence presented at the hearing, Mooye's product does not appear to comply with UL 498A and although Mooye has produced no actual FCC report, the Court cannot conclude that its statement is literally false. Nor has

Plaintiff provided any competent evidence showing that consumers would understand Mooye's statements to imply (falsely) that its product complies with UL 498A and FCC standards. See Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc., 19 F.3d 125, 129–30 (3d Cir. 1994) ("If a plaintiff [under the Lanham Act] does not prove the claim to be literally false, [they] must prove that it is deceptive or misleading . . . . [T]he success of the claim usually turns on the persuasiveness of a consumer survey." (citations omitted)). Plaintiff therefore has not met its burden of showing that Mooye has engaged in false advertising.

An appropriate order denying Plaintiff's Motion (Doc. 77) as to these twelve Defendants will follow.

## III. There Is No Likelihood of Success on the Merits Under Counts IV and V as to Two Defendants

Next, the Court similarly finds that Plaintiff is unlikely to succeed in showing that Defendants 54 ("PAEWOK") and 127 ("PINSHI Ecommerce") falsely advertised that their products are grounded, as alleged under Count IV (for violation of the Lanham Act) and Count V (common law unfair competition). The product listings for both Defendants display images of three-prong plugs, communicating that the products are grounded. See Doc. 10-11 at 81–83 (displaying three-prong plugs and sockets in PAEWOK's listings); Doc. 11-1 at 72 (same, in the listing for PINSHI Ecommerce). However, Plaintiff has not provided any evidence proving that this representation is false. Plaintiff did not test the resistance of either of these Defendants' products or any product bearing the same model number at the show cause hearing on June 22.[8]

[8] PAEWOK identifies the model numbers of its accused products as SI460-CU and ECS-US036, see Doc. 100 at 1–2, and PINSHI Ecommerce states that it sells model numbers L0056 and SPU:8439704571, see Doc. 106 at 3. The only products whose resistance was tested at the hearing and that were shown to be ungrounded were sold by Casesmile and Haodsso Direct, both of whom identify the model number of the product they sell as 0056. See Doc. 60 at 4. The Court cannot assume this is the same model number as PINSHI Ecommerce's product.

The only evidence Plaintiff filed bearing on the question is a general declaration by a member of the "team of researchers" for its counsel's firm that a "significant majority" of all Defendants' products proved ungrounded when ordered and tested, and that these Defendants subsequently were included under Count IV. See Decl. of Dee Odell (Doc. 10-7) at ¶¶ 2, 8. Plaintiff has submitted no individualized evidence specific to either PAEWOK or PINSHI Ecommerce to show that their products are ungrounded. Accordingly, the Court cannot conclude that either Defendant has falsely advertised its products as charged.[9]

An appropriate order denying Plaintiff's Motion (Doc. 77) as to these two Defendants will follow.

## IV. An Order to Show Cause Will Issue Against Defendant 116 ("Beeyong")

Finally, the Court notes that the online product listing of Defendant 116 ("Beeyong") includes the letters "FCC" in small print. Doc. 11 at 100. This Defendant was released from the injunctive relief previously ordered and did not file supplemental briefing. Consequently, the Court will issue an order to show cause why Plaintiff's Motion for Preliminary Injunction should not be granted against Beeyong, given the advertising content noted above. The Court will hold its ruling on Plaintiff's Motion (Doc. 77) in abeyance pending Beeyong's response to the Court's order, which will issue separately.

Appropriate orders to follow.

September 28, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

[9] The Court notes that the photo PAEWOK submitted of the interior of one of its products is insufficient to prove that the product is grounded. See Doc. 100 at 3. However, it is Plaintiff's burden to show that the product is not grounded as advertised, and Plaintiff has not met that burden.